IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| **BRENDA F. CAMPBELL**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-4217-CV-C-NKL |
| | ) | |
| v. | ) | Judge Nanette K. Laughrey |
| | ) | |
| **EXPERIAN INFORMATION SOLUTIONS, INC., et al.**, | ) ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE REGARDING INTERNAL RECORDS NOT PRODUCED

Plaintiff moves the Court for an order instructing Defendant and its counsel, not to mention or bring before the jury, either directly or indirectly, any evidence by documentation and/or testimony, attempting to explain or justify specific gaps in Experian's internal records, specifically including, but not limited to, any Disclosure Logs, D/R Logs or any other internal document(s) or report(s) that contains the personal identification numbers (PINs) for Plaintiff or either of the "other" individuals named Brenda Campbell that were not produced to Plaintiff in the discovery process.

A Disclosure Log is an internal Experian report that logs "when a consumer requests a disclosure from Experian. Each time that a disclosure is generated it is logged, and it's logged in the disclosure log. So all the identifying information as well as the report number that was generated for the consumer is housed within that system area." Deposition of Teresa Iwanski ("Iwanski Depo.") at 40-41. A D/R Log is "the response log. So anytime that a consumer requests any kind of investigation that information is also logged. It houses anything,

any kind of paragraphs that are mailed to the consumer as well as any kind of investigations either that were initiated with Experian or that were sent to a furnisher." *Id.* at 41. The D/R Log contains the information "[w]ithing that personal identification number[.]" *Id.*

In the early stages of discovery, Experian produced to Plaintiff a Disclosure Log, a D/R Log and two (2) Admin reports "relating" to Plaintiff, and reflecting her PIN. Each of these documents – except the one Admin report that was run post-litigation and after Experian finally corrected the mixed file – contains the personal identifying information of not only Plaintiff but also two other individuals named Brenda Campbell. As such, Plaintiff requested any internal records Experian had under the other two individuals' PINs. Experian refused.

On June 11, 2009, this Court ordered Experian "to retrieve and produce to Plaintiff reports for the PINs associated with the two individuals also named Brenda Campbell whose social security numbers and other information appeared in Plaintiff Brenda Campbell's credit file by June 18, 2009."

In response, Experian produced two (2) Admin reports, one under each of the "other" Brenda Campbells' PINs. No Disclosure Logs or D/R Logs were produced in connection with either of those PINs.

Experian's Rule 30(b)(6) witness indicated that she had no knowledge that any such reports had ever been generated; she personally had never seen such documents if, in fact, they had been generated. *See* Iwanski Depo. at 209-210. Certainly no such logs have been produced to Plaintiff. However, Ms. Iwanski was also unable to explain why certain disclosures received by Plaintiff do not appear on Plaintiff's Disclosure Log:

> Q. … I'm looking for an explanation as to why the September 26th, 2007 disclosure [received by Plaintiff] would not also be on [Plaintiff's] disclosure log?
> A. Based on this information I have in front of me I don't know why.

2

> Q. The same question as to October 7th, 2007, [disclosure received by Plaintiff] which carries the same report number. Do you have an explanation for why that one is not on the disclosure log?
>
> A. Based on this information, I don't know why.

*See* Iwanski Depo. at 238-239.

Subsequent to Experian's Rule 30(b)(6) Deposition, no additional documents were produced to Plaintiff. However, because of Ms. Iwanski's careful qualification that her answers were "based on this information I have in front of me," Plaintiff has reason to believe that Experian may, at trial, attempt to prejudice the jury by sandbagging Plaintiff with an explanation to these asked, but specifically unanswered, questions through the use of Disclosure Logs, D/R Logs or some other documentation that has not been produced to Plaintiff. To allow introduction of such materials or testimony related thereto at trial without Plaintiff being afforded the opportunity to review such information in advance, would be highly unfair and prejudicial to Plaintiff.

Moreover, Paragraphs 1, 2, 3, and 5 of the Subjects of Examination included in Plaintiff's Notice of Rule 30(b)(6) Deposition include a request for all possible information relating to Plaintiff and her mixed credit file. See, *e.g.*, Paragraph 1 ("any current, historical and/or archived information" in Plaintiff's file), Paragraph 5 ("any and all documents … relating to Plaintiff, Plaintiff's file or any reinvestigation of any information contained in Plaintiff's file."). Experian elected to put forth Ms. Iwanski and no other witness as its corporate designee to answer Plaintiff's questions.[1] As such, Experian empowered Ms. Iwanski to "testify about information known or reasonably available to the organization" as required by Rule 30(b)(6). Experian should not now be permitted to bring another corporate representative to trial to

---
[1] Ms. Iwanski is a "consumer affairs specialist consultant" who is specifically trained to "work with outside counsel" once litigation is filed. *See* Iwanski Depo. at 12-13. She had no personal knowledge or involvement with Plaintiff's credit file until after service of the Complaint in this matter.

3

suddenly craft answers that were previously not provided to Plaintiff, or to have Ms. Iwanski suddenly testify to knowledge she did not previously have.

For the reasons stated above, Experian should not be allowed to produce any documents, alternate witnesses, or previously undisclosed information at trial to explain certain gaps in Experian's internal records. Sustaining objections to questions, comments or evidence on point would not cure the unfair prejudice to Plaintiff. Therefore, an Order in Limine is necessary to prohibit such evidence from being introduced in any manner before the jury.

Dated this 24th day of November, 2009.

Respectfully submitted,

 /s/ Sylvia A. Goldsmith
Sylvia A. Goldsmith, Esq. (#0064871)
LAW OFFICE OF SYLVIA A. GOLDSMITH
Gemini Towers
1991 Crocker Road, Suite 600
Westlake, Ohio 44145
Telephone: (440) 934-3025
Facsimile: (440) 934-3026
**SGoldsmithLaw@aol.com**

Dale K. Irwin (Mo. Bar No. 24928)
SLOUGH, CONNEALY, IRWIN
 & MADDEN, LLC
1627 Main Street, Suite 900
Kansas City, Missouri 64108
Telephone: (816) 531-2224
Facsimile: (816) 531-2147
**dirwin@scimlaw.com**

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing is being filed electronically with the United States District Court for the Western District of Missouri, on this 24th day of November 2009. Notice of this filing will be transmitted to counsel of record by operation of the Court's electronic filing system.

      /s/ Sylvia A. Goldsmith
Sylvia A. Goldsmith (#0064871)
LAW OFFICE OF SYLVIA A. GOLDSMITH
Attorney for Plaintiff