IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| **BRENDA F. CAMPBELL**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-4217-CV-C-NKL |
| | ) | |
| v. | ) | Judge Nanette K. Laughrey |
| | ) | |
| **EXPERIAN INFORMATION SOLUTIONS, INC., et al.**, | ) ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE REGARDING SETTLEMENTS WITH OTHER DEFENDANTS

Plaintiff moves the Court for an order instructing Defendant and its counsel, not to mention or bring before the jury, either directly or indirectly, any evidence or reference to the fact that Plaintiff has settled some of her claims against other entities in this or any related case.[1]

Settlements, compromises, and even offers to compromise, are generally not admissible under the Federal Rule of Evidence 408. The policy behind this rule is "promotion of the public policy favoring the compromise and settlement of disputes." Notes of Advisory Committee on Rules, citing, McCormick on Evidence §§ 76, 251. The Advisory committee specifically noted that "[w]hile the rule is ordinarily phrased in terms of offers of compromise, it is apparent that a similar attitude must be taken with respect to completed compromises when offered against a party thereto. This latter situation will not, of course, ordinarily occur except when a party to the present litigation has compromised with a third person." *Id.* See *Affiliated Mfrs., Inc. v. AlumCo. of Am.*, 56 F.3d 521, 526-30 (3d Cir. 1995).

---

[1] Between the two related cases, Plaintiff has settled her claims against three defendants: Equifax Information Services, Inc., Midland Funding, LLC, and Midland Credit Management, Inc.

The evidence is also not relevant. Evidence is relevant only if it provides "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401. The only issues for the jury here are whether Experian violated the Fair Credit Reporting Act (FCRA), and the amount of damages caused by Experian. Since Experian is not entitled to any offset or credit for settlements with other defendants, the information is not relevant. *See*, *e.g.*, *McMillan v. Equifax Credit Information Services*, 153 F.Supp.2d 129 (D. Conn. 2000); *Kay v. First Continental Trading*, 966 F.Supp. 753 (N.D. Ill. 1997).

In *Kay*, *supra*, the Court held that there is no right to contribution for a defendant that has violated the FCRA. Specifically, the plaintiff sued his former employer and credit reporting agency as a result of a false credit report attributing a felony conviction to the plaintiff. *See Kay*, *supra*, 966 F.Supp. at 753-54. The credit bureau filed a cross claim against the employer for contribution. The employer moved for summary judgment on the cross claim. In granting the motion, the Court stated that "[a]s for the [FCRA] itself, the short answer is that it contains no express provision for contribution . . . ." *Id.* at 754.

In *McMillan*, supra, the plaintiff asserted claims against credit reporting agencies and furnishers of credit information under the FCRA. *See McMillan*, *supra*, 153 F.Supp.2d at 130. The plaintiff settled with all of the defendants except for one furnisher, Associates. *Id.* at n. 2. Associates attempted to implead the impostor. *Id.* at 130. The court denied the motion to join the impostor, noting that "Courts have found that the FCRA does not provide a right to indemnification." *Id.*

This issue also was addressed by the court in *Anderson v. Equifax Information Services, LLC*, Case 3:05-cv-1741 (D. Or. August 2, 2007). In that case, the plaintiffs sued

Trans Union, Experian, Equifax and US Bank for violation of the FCRA. After plaintiffs settled with all the defendants except Trans Union, Trans Union moved to compel production of the settlement agreements. The court denied the motion, holding that the settlement agreements "are not relevant, given the inability of Trans Union to obtain indemnity or contribution under the FCRA from those defendants."

Experian may argue that the settlement amounts are relevant as a setoff against Plaintiff's damages. That is not correct. First, as noted above, setoff does not apply in FCRA cases. Second, any damages specifically caused by another party will not be presented to the jury or considered by it as part of the trial. In fact, Experian moved and was granted summary judgment on several specific items of damage, *e.g.*, the 2007 writ of sequestration and identity theft by Brenda Faye Campbell, the Discover Card denial, the Auto Loan and the 2008 home equity loan, because those damages were caused solely by other entities. *See* Order dated November 13, 2009 at 15 – 17. Because the case is against Experian alone, the jury instructions and the verdict form will ask the jury to determine only those damages that were caused by Experian. Plaintiff will not recover any damages caused by any other party.

Even if the settlements were relevant under FRE 401, they should be excluded pursuant to FRE 403. Under that rule, relevant evidence may be excluded where its probative value is outweighed by prejudice, confusion or waste of time. Allowing evidence concerning claims or settlements with other defendants will produce all three. If Experian is allowed to introduce such evidence, Plaintiff will have to respond by discussing the details of the claims against each of those Defendants. She will have to discuss the legal basis for each claim, the facts supporting each claim, and the reason for settling each claim for the amount agreed to. Moreover, the amount of each settlement does not even represent the amount of damages the

3

other Defendant may have caused. Settlements are based on many factors, specifically including Plaintiff's attorneys' fees and costs. If one even hoped to figure out the damages included in each settlement, there would have to be an allocation for the respective attorneys' fees and costs attributable to each Defendant.

Of course, Experian will attempt to refute all the evidence regarding the other claims that Plaintiff offers. The result will be a series of "mini-trials" regarding the claims Plaintiff made against Equifax and the Midland Defendants right in the middle of the trial on Plaintiff's claims against Experian. The jury will become confused. Much time will be wasted. And Plaintiff will be unfairly prejudiced because the jury will hear about settlements received by Plaintiff for claims and damages attributable to other parties.

Finally, the claims against Equifax and Midland are based on different facts, and for Midland – different law too – than the claims against Experian. Equifax is separate credit reporting agency that competes with Experian. Equifax issued its own credit reports on Plaintiff that were very different in form and substance than those issued by Experian and were provided to different people. Plaintiff's claims against Equifax were based on the reports prepared by Equifax and had nothing to do with reports by Experian since each company had no role in the contents of the other company's report.

As for the Midland Defendants, Midland is a collection agency. The primary claims against Midland were for unlawful debt collection in connection with attempts to collect money from Plaintiff that she did not owe. Plaintiff claimed Midland violated the federal Fair Debt Collection Practices Act and numerous state laws. A much smaller part of that particular case involved a claim for violation of the FCRA. Yet, even the FCRA claim is based on different law than the claim against Experian. Midland is a "furnisher" of information to the

4

credit reporting agencies, such as Experian. The FCRA places different obligations on furnishers than it places on credit reporting agencies, and Plaintiff's claims against Midland were based on those different obligations. If Experian presents evidence regarding the Midland settlement, Plaintiff will need to inform the jury about these differences. Again, this will almost surely confuse the jury as to which facts and which law applies to the claims against Experian.

For the reasons stated above, Experian should not be allowed to mention, comment or otherwise refer to the fact that Plaintiff has settled some of her claims with other entities. Sustaining objections to questions, comments or evidence on point would not cure the confusion and resulting unfair prejudice to Plaintiff. Therefore, an Order in Limine is necessary to prohibit such evidence from being introduced in any manner before the jury.

Dated this 24th day of November, 2009.

                                          Respectfully submitted,

                                          /s/ Sylvia A. Goldsmith
Sylvia A. Goldsmith, Esq. (#0064871)
LAW OFFICE OF SYLVIA A. GOLDSMITH
Gemini Towers
1991 Crocker Road, Suite 600
Westlake, Ohio 44145
Telephone: (440) 934-3025
Facsimile: (440) 934-3026
**SGoldsmithLaw@aol.com**

Dale K. Irwin (Mo. Bar No. 24928)
SLOUGH, CONNEALY, IRWIN
 & MADDEN, LLC
1627 Main Street, Suite 900
Kansas City, Missouri 64108
Telephone: (816) 531-2224
Facsimile: (816) 531-2147
**dirwin@scimlaw.com**

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing is being filed electronically with the United States District Court for the Western District of Missouri, on this 24th day of November 2009. Notice of this filing will be transmitted to counsel of record by operation of the Court's electronic filing system.

    /s/ Sylvia A. Goldsmith
Sylvia A. Goldsmith (#0064871)
LAW OFFICE OF SYLVIA A. GOLDSMITH
Attorney for Plaintiff