# TRIAL TESTIMONY ON INTANGIBLE DAMAGES BY STAN V. SMITH ALLOWED IN THE FOLLOWING CASES As of November 19, 2009

I have testified at trial (or my testimony was ruled admissible or a motion to exclude my testimony was denied prior to the settling of a case) as to loss of enjoyment of life in the following states:

|  | Death | Injury | Total Cases |
|---|---|---|---|
| District of Columbia |  | 1 | 1 |
| Alaska |  | 3 | 3 |
| Arizona | 2 | 2 | 4 |
| Arkansas | 11 |  | 10 |
| California** | 4 | 2 | **5 |
| Connecticut | 1 |  | 1 |
| Florida | 3 | 2 | 4 |
| Georgia | 9 | 1 | 10 |
| Hawaii | 2 |  | 2 |
| Idaho | 1 | 3 | 4 |
| Illinois | 8 | 7 | 15 |
| Indiana |  | 1 | 1 |
| Iowa | 1 | 1 | 1 |
| Louisiana | 1 | 15 | 16 |
| Massachusetts |  | 1 | 1 |
| Michigan | 5 | 13 | 18 |
| Mississippi** | 16 | 9 | **24 |
| Missouri | 1 |  | 1 |
| Montana | 4 | 3 | 7 |
| Nevada |  | 11 | 11 |
| New Jersey | 1 | 7 | 8 |
| New Mexico** | 2 | 4 | **5 |
| New York | 1 |  |  |
| North Dakota | 3 |  | 3 |
| Ohio | 3 | 10 | 13 |
| Oklahoma |  | 1 | 1 |
| Pennsylvania |  | 1 | 1 |
| South Dakota | 1 |  | 1 |
| Tennessee |  | 1 | 1 |
| Texas | 2 | 6 | 7 |
| Vermont | 1 |  | 1 |
| Wisconsin | 1 | 5 | 6 |
| **Total States:** | **23** | **24** | **33** |
| **Total Cases:** | **85** | **104** | **187** |
| **Total Federal Cases** | ***12** | ***9** | **20** |

**\*Eight Federal Circuits: 3rd, 5th, 6th, 7th, 8th, 9th, 10th, 11th.**
**\*\*Zabojnik v. Burman, et al.; Dixon/Aaron v. Buena Vista Retirement Center; McDougal, Gibson & Gibson v. Winn-Dixie Louisiana, Inc. are all both death & injury cases.**

I HAVE TESTIFIED AT TRIAL (OR MY TESTIMONY WAS RULED ADMISSIBLE OR A MOTION TO EXCLUDE MY TESTIMONY WAS DENIED PRIOR TO THE SETTLING OF A CASE) AS TO LOSS OF ENJOYMENT OF LIFE IN THE FOLLOWING CASES: CASES INVOLVING APPELLATE DECISIONS ARE STARRED (***). FEDERAL COURT CASES ARE LISTED BOTH UNDER FEDERAL AND IN THE STATE IN WHICH THEY WERE TRIED.

Post-Daubert are testimonies provided after the June 28, 1993 Daubert ruling. They are denoted with "Post-Daubert Testimony" after the Attorney line.

## FEDERAL

Meldoy L. Lee, as Personal Representative of the Estate of John Andrew Morton, deceased v. Bobby A. Overbey, et al.
U.S. District Court for Western District of Arkansas, Fort Smith Division
Case No. 08-2115
Judge Robert T. Dawson
Law Firm= Bonds and Matthews; Muskogee, OK
Post-Daubert Testimony

Richman v. Michael Sheahan, et al.
U.S. District Court for Northern District of Illinois, Eastern Division
Case No. 98 C 7350
Judge Joan B. Gottschall
Law Firm= Block & Associates; Chicago, IL
Post-Daubert Testimony

Hayden v. UAL Corp, et al.
Federal Court, Southern District of New York
Case No. 03 CV 6811
Judge Robert M. Parker
Law Firm= Motley Rice, Mt. Pleasant, S.C.
Attorney: Mary Schiavo
Post-Daubert Testimony
)

Siegel, et al. v. Ridgewell's, Inc
U.S. District Court for the District of Columbia
Civil Action No. 05-1717 (JGP)
Judge Richard J. Leon
Law Firm= Lewin & Lewin; Washington, D.C.
Post-Daubert Testimony

Torno v. 2SI, LLC, a South Carolina corporation and AMW Cuyuna Engine Co., Inc., et al.
U.S. District Court, Eastern District of Michigan, Southern Division
Case No. 03-74091
Judge Sean Cox
Law Firm= Sommers Schwartz Silver & Schwartz; Southfield, MI
Attorney: Robert H. Darling
Post-Daubert Testimony

Cynthia Snodgrass, et al. v. Centerpoint Energy d/b/a Reliant Energy
U. S. District Court, Eastern District of Arkansas
8th U.S. Judicial Circuit
Case No. 4:03CV866
Judge James M. Moody
Law Firms: Grotefeld & Denenberg; Chicago, IL
          Bassett Law Firm; Fayetteville, AR
Attorneys:  Steve C. Silvey, Grotefeld & Denenberg
           W. Dale Garrett, Basset Law Firm
Post-Daubert Testimony. (Testimony provided by another economist, Charles Venus, based on the economic methodology developed by Stan V. Smith.)

Jane Doe f/k/a Esther Combs (Elsa Garcia) v. Joseph Combs and Evangeline Combs and Baptist Childrens Home and Family Ministries
U.S. District Court, Northern District of Indiana
7th U.S. Judicial Circuit
Case No. 2:98 CV-583 PS
Judges Jerry Smith, Gary Wade, thomas Woodall
Law Firm: Herman Law Office; Bingham Farms, MI
Attorney: Gregg E. Herman
Post-Daubert Testimony

Citizens Bank of Batesville, AR, as special administrator of Estates of William C. Pearrow v. United States of America and Janine A. Reed
U. S. District Court, Eastern District of Arkansas
8th U.S. Judicial Circuit
Case No. 1:01CV104JMM
Judge James M. Moody

1

Law Firm: Davidson & Shell; Batesville, AR
Attorney: J. Scott Davidson
Post-Daubert Testimony


Dorn v. Burlington Northern and Santa Fe Railway Company
U.S. District Court for the District of Montana, Billings Division
9th U.S. Judicial Circuit
No. CV-99-168-BLG-JDS
Judge Richard Cebull
Law Firm: Hoyt & Blewett; Great Falls, MT
Attorney: Alexander Blewett III
Post-Daubert Testimony


Meisner, Guardian for Cyphers & Rohm v. Fuji Heavy Industries Co., Ltd., & Subaru of America, Inc.
U.S. District Court for the District of Montana, Missoula Division
k9th U.S. Judicial Circuit
Cause No. CV 97-186-M-LBE
Judge Donald W. Molloy
Law Firm: Beck & Richardson Law Office; Bozeman, MT; 406-586-8700
Attorneys: Monte Beck
Post-Daubert Testimony


Dempsey, et al. v. Shiley Incorporated, et al.
U.S. District Court for Western District of Pennsylvania
3rd U.S. Judicial Circuit
Civil Action No. 96-1745
U.S. Magistrate Judge Francis X. Caiazza
Law Firm: Capretz & Radcliffe; Newport Beach, CA
Attorney: Peter A. Martin
Post-Daubert Testimony


Smith v. Ingersoll-Rand, Co.
U.S. District Court for the District of New Mexico
10th U.S. Judicial Circuit
Civil No. 94-1083 MV/DJS
Judge Martha Vazquez
Law Firm: Espinosa Sitterly Aguilar, P.C.; Albuquerque, NM
Attorney: Esteban A. Aguilar
Post-Daubert Testimony


Sinthasomphone v. City of Milwaukee, et al.
U.S. District Court for Eastern District of Wisconsin
7th U.S. Judicial Circuit
Civil Action No. 91-CV-1121
Judge Terence T. Evans
Law Firm: Slattery Hausman & Hoefle; Milwaukee, WI
Attorney: Steven J. Snedeker
Post-Daubert Testimony


McDougal, Gibson, & Gibson v. Winn-Dixie Louisiana, Inc.
United States District Court for Southern Dist. of MS, Western
            Division
5th U.S. Judicial Circuit
Civil Action No. 5:92-85BrN
Federal Judge David Bramlette
Law Firm: Paul Snow & Associates; Jackson, MS
Attorney: Paul Snow
Post-Daubert Testimony


Garcia v. United States of America
United States District Court, District of Arizona
9th U.S. Judicial Circuit
Case No. CIV-91-1952-PHX-WPC
Judge William Copple
Law Firm: Johnston Maynard Grant Parker; Phoenix, AZ
Attorney: Logan Johnston
Post-Daubert Testimony


Lytel v. Roos
United States District Court for Northern District of GA, Atlanta
            Division
11th U.S. Judicial Circuit
Civil Action File No. 1:91-CV-2585-JTC
Judge Jack T. Camp
Law Firm: Calabro & Jennette; Atlanta, GA
Attorney: Larry F. Jennette, Jr.
Post-Daubert Testimony


2

Fagan v. The City of Vineland
United States District Court, District of New Jersey
3rd U.S. Judicial Circuit
Consolidated Civil Action No. 90-310 (WGB)
Judge William G. Bassler
Law Firm: Eisenstat Gabage Berman & Furman; Vineland, NJ
Attorney: Gerald M. Eisenstat & Harry Furman


Peterson v. United States of America
United States District Court for District of Alaska
9th U.S. Judicial Circuit
Case No. A 89-49 Civil
Judge James Von der Hoyt
Law Firm: Jensen, Harris & Roth; Anchorage, AK
Attorney: Scott A. Sterling


Ray v. David Mfg. Co. & Gilmore & Tatge Mfg. Co., Inc.
United States Dist. Court for the Eastern Dist. of Texas,
      Beaumont Div.
5th U.S. Judicial Circuit
Civil Action No. B-87-1285-CA
Judge Joe Fisher
Law Firm: Fisher, Gallagher, Perrin & Lewis; Houston, TX
Attorney: Price Ainsworth


Urseth v. City of Dayton, et al.
United States District Court for Southern Dist. of Ohio, Western Division
6th U.S. Judicial Circuit
Case No. C-3-84-103
Judge Walter H. Rice
Law Firm: Moorman, Wist & Kemmer; Tipp City, OH
Attorney: Robert J. Moorman


*** Lucien Sherrod, et al. v. Berry, et al.
United States District Court, Northern District of IL, Eastern Division
7th U.S. Judicial Circuit
Case No. 80 C 4117
Judge George N. Leighton
Law Firms:  Horwitz, Horwitz & Associates, Ltd.;
                Semmelman & Bertucci, Ltd.
Attorneys:  Andrew J. Horwitz;  Douglas Rallo


## ALASKA

Zollman v. City of Soldotna, Alaska
Superior Crt. for the St. of AK, Third Judicial Dist. at Kenai
Case No. 3KN-92-696-CI
Judge Jonathan H. Link
Law Firm: Jensen Harris & Roth; Anchorage, AK
Attorneys: Scott Sterling & Kenneth Jensen
Post-Daubert Testimony


Peterson v. United States of America
United States District Court for District of Alaska
Case No. A 89-49 Civil
Judge James Von der Hoyt
Law Firm: Jensen, Harris & Roth; Anchorage, AK
Attorney: Scott A. Sterling


Baptiste v. Blumenshine
Superior Court State of Alaska, 1st Judicial District at Juneau
Case No. 1JU-90-928CI
Judge Larry R. Weeks
Law Firm: Loren Domke Law Office; Juneau, AK
Attorney: Loren Domke


## ARIZONA

Anderson v. Mercy Healthcare Arizona, Inc., et al.
Superior Court of Arizona, County of Maricopa
No. CV2003-012904
Judge Robert E. Miles
Law Firm: Harris Powers & Cunningham; Phoenix, AZ
Attorney: Frank I. Powers
Post-Daubert Testimony
Admitted based on Frye


Addelia & Hoover v. Mercy Healthcare Arizona, Inc., et al.

3

Superior Court of Arizona, County of Maricopa
No. CV2003-012907
Judge Robert L. Gottsfield
Law Firm: Harris Palumbo Powers & Cunningham; Phoenix, AZ
Attorney: Frank I. Powers
Post-Daubert Testimony


Garcia v. United States of America
United States District Court, District of Arizona
Case No. CIV-91-1952-PHX-WPC
Judge William Copple
Law Firm: Johnston Maynard Grant Parker; Phoenix, AZ
Attorney: Logan Johnston
Post-Daubert Testimony


Doty v. Grain Dealers
Court: Arbitrators
Case No. 227805
Judge: Panel of 3 Arbitrators in Tucson applying Arizona law
Law Firm: Dennis L. Parrott, Ltd.; Tucson, AZ
Attorney: Dennis L. Parrott


**ARKANSAS**

Meldoy L. Lee, as Personal Representative of the Estate of John Andrew Morton, deceased v. Bobby A. Overbey, et al.
U.S. District Court for Western District of Arkansas, Fort Smith Division
Case No. 08-2115
Judge Robert T. Dawson
Law Firm: Bonds and Matthews; Muskogee, OK
Attorney: Rusty Smith
Post-Daubert Testimony


Garner v. The United States of America
United States District Court, for the Eastern District of Arkansas, Eastern Division
Case Number: 2:07CV00149BSM
Judge Brian S. Miller
Law Firm: Wilcox Law Firm, Jonesboro, AR
Attorney: Tony Wilcox
Post-Daubert Testimony


Regions Trust, Administrator of Estate of Newbold v. Arkansas Pyrotechnic Productions, Inc, et al.
Circuit Court of Pope County, Arkansas, Civil Division
Case No. CIV 2001-207
Judge Dennis C. Sutterfield
Law Firm: McMath Woods; Little Rock, AR
Attorney: Mart Vehik
Post-Daubert Testimony


Cynthia Snodgrass, et al. v. Centerpoint Energy d/b/a Reliant Energy
U. S. District Court, Eastern District of Arkansas, 8th U.S. Judicial Circuit
8th U.S. Judicial Circuit
Case No. 4:03CV866
Judge James M. Moody
Law Firms: Grotefeld & Denenberg; Chicago, IL
           Bassett Law Firm; Fayetteville, AR
Attorneys:   Steve C. Silvey, Grotefeld & Denenberg
           W. Dale Garrett, Basset Law Firm
Post-Daubert Testimony. (Testimony provided by another economist, Charles Venus, based on the economic methodology developed by Stan V. Smith.)

French, Representative of Estate of McMillan v. Lord, et al.
Circuit Court of Crawford County, Arkansas, Civil Division
Case No. CV-2002-173
Judge John Jennings
Law Firm: Milligan Law Offices; Fort Smith, AR
Attorney: Phillip J. Milligan
Post-Daubert Testimony


Samuel Davenport, et al. v. Ford, et al.
Circuit Court, Monroe County, Arkansas; Clarendon
NO. CIV-2000-104 (S)
Judge Harvey Yates
Law Firm: Nix Patterson & Roach; Texarkana, TX
Attorney: Brady Paddock
Post-Daubert Testimony


Winkler, Administrator of Estate of Hall v. Dr. John P. Bethell, et al.
Circuit Court of Pulaski County, Arkansas, Third Division

No. Civil 2003-1767
Judge James Moody, Jr.
Law Firm: O'Neil & Fitzhugh; N. Little Rock, AR
Attorney: Bennie O'Neil
Post-Daubert Testimony


Cavender v. St. Vincent Infirmary Medical Center, et al.
Circuit Court of Pulaski County, Arkansas, Fifth Division
No. CV-00-2588
Judge Willard Proctor, Jr.
Law Firm: Boyd Law Firm; Little Rock, AR
Attorney: Charles P. Boyd
Post-Daubert Testimony


Roach v. PPG Industries, Inc., et al.
Circuit Court of Washington County, Arkansas
Case No. CIV-2001-507-4
Judge Michael Mashburn
Law Firm: Odom & Elliott; Fayetteville, AR
Attorney: Don R. Elliott
Post-Daubert Testimony


Citizens Bank of Batesville, AR, as special administrator of Estates of William C. Pearrow v. United States of America and Janine A. Reed
U. S. District Court, Eastern District of Arkansas
Case No. I:01CV1043MM
Judge James M. Moody
Law Firm: Davidson & Shell; Batesville, AR
Attorney: J. Scott Davidson
Post-Daubert Testimony


Vanderpool & Scoggins v. Monsour's Inc., and Clugston
Circuit Court of Benton County, Arkansas
No. CIV 2001-554-1
Judge Tom J. Keith
Law Firm: Odom & Elliott; Fayetteville, AR
Attorneys: Bobby Odom & Don Elliott
Post-Daubert Testimony


Edwards v. Harper, et al.
Circuit Court of Ashley County, AR, Hamburg
No. CIV-2001-109-2
Judge Samuel Pope
Law Firm: Gibson & Hashem; Monticello, AR
Attorney: Cliff C. Gibson, III
Post-Daubert Testimony


CALIFORNIA

Aguayo v. Viking Tire Co.
Riverside County Superior Crt, Indio Branch, Indio, CA
Case No. I-65959
Judge William T. Low
Law Firm: Law Office of Jack H. Anthony; Santa Ana, CA
Attorney: Jack H. Anthony


McColm v. Carter-Hawley Hale Stores, Inc.
California Superior Court, City & County of San Francisco
Case No. 890203
Judge Lenard Louie
Law Firm: Patricia McColm Law Office; San Francisco, CA
Attorney: Patricia McColm


Rose v. Sarkisian, et. al.
Superior Court of the State of California, County of Los Angeles
    (Los Angeles)
Case No. C 579515
Judge Edward Kakita
Law Firm: Agnew & Brusavich; Torrance, CA
Attorney: Bruce Brusavich


Jafarian v. Drs......Kim
Superior Court, Orange County, CA
Case No. 422-004
Judge Luis Cardenas
Law Firm: Roslyn J. Stewart Law Office; Torrance, CA
Attorney: Roslyn J. Stewart

5

Zabojnik v. Burman, et al.
Superior Court of State of California, County of Los Angeles (Los
Angeles)
Case No. NWC 01923 (Consolidated with NWC 03100)
Judge
Law Firm: Law Offices of Barry Bernstein; Woodland Hills, CA
Attorney: Barry Bernstein


## CONNECTICUT

Trahan v. Salem Subway Restaurant, et al.
Superior Court, Complex Litigation Docket at Middletown
Docket No. X04-CV-03-0103536-S
Arbitrator William Davis
Law Firm: Silver Golub & Teitell; Stamford, CT
Attorney: Ernest F. Teitell
Post-Daubert Testimony


## FLORIDA

Rivera v. Orduna
19th Judicial Circuit, In and for Martin County, Florida
Case No: 05-367-CA
Judge Robert Makemson
Law Firm=Ricci Leopold, Palm Beach Gardens, FL
Attorney: Spencer Kuvin


St. John v. Daimler/Chrysler Corporation, et al.
Circuit Court of Fifteenth Judicial Circuit in and for Palm Beach County, Florida
Case No: CL98-011378 AD
Judge Timothy McCarthy
Law Firm: Ricci Hubbard Leopold Frankel & Farmer; West Palm Beach, FL
Attorney: Theodore Leopold


In the Matter for Relief of Arnett T. Goins, Minnie L. Langley,
et al. Rosewood Claimants v. State of Florida, Respondent
House of Representatives
Case No. HB 591
Judge: Special Senate Master Mr. David Kerns & Special House
          Master Mr. Richard Hixson for Florida
Law Firm: Holland & Knight; Tallahassee, FL
Attorney: Steve Hanlon
Post-Daubert Testimony


White v. American Automobile Insurance Co., Newhouse & White Bros
Circuit Court of 15th Judicial Circ. of Florida, Palm Beach County
Case No. 1358CA(L)
Judge James Minnet
Law Firm: Ricci & Roberts; West Palm Beach, FL
Attorney: Edward M. Ricci


Drakos v. Greenblatt
Circ. Crt of the 15th Judicial Circuit, Palm Beach County, FL
Case No. CL-88-11921-AD
Judge Timothy Poulton
Law Firm: Frank, Mallory, Shooster; Sunrise, FL
Attorney: Frank M. Shooster


## GEORGIA

Land v. Sells, et al.
Superior Court of Gwinnett County, State of Georgia
Civil Action File 07A-00035-6
Judge Ronnie Batchelor
Law Firm: Casey Gilson; Atlanta, GA
Attorney: James E. Gilson
Post-Daubert Testimony


Land v. Sells, et al.
Superior Court of Forsyth County, State of Georgia
Civil Action File 04 CV 0810
Judge Jeffrey S. Bagley
Law Firm: Casey Gilson Leibel; Atlanta, GA
Attorney: Steven K. Leibel; Guy Weiss
Post-Daubert Testimony


Brown v. Sidney Dorsey, et al.
Superior Court of Gwinnett County, State of Georgia

Civil Action File No.: 02-A-12722-7
Judge Melodie Snell Conner
Law Firm: Casey Gilson Leibel; Atlanta, GA
Attorney: Steven K. Leibel; George Shingler; Guy Weiss
Post-Daubert Testimony


Mitchell v. City of Atlanta, et al.
State Court of Fulton County, State of Georgia
Civil Action No. 01VS013477H
Judge Albert Thompson
Law Firm: Beauchamp & Assoc.; Albany, GA
Attorney: Robert M. Beauchamp
Post-Daubert Testimony


Liggins v. Georgia Department of Public Safety & Georgia State Patrol
Superior Court of Baldwin County, State of Georgia
Civil Action File No. 95-CV-32330-E
Judge James Cline
Law Firm: Leibel Law Office; Atlanta, GA
Attorney: Steven K. Leibel
Post-Daubert Testimony


Jerry Lytel, individually, and Jerry Lytell, as Administrator and Personal Representative of the Estate of Charmaine Lytell v. Herbert
Roos
United States District Court for Northern District of GA, Atlanta
          Division
Civil Action File No. 1:91-CV-2585-JTC
Judge Jack T. Camp
Law Firm: Calabro & Jennette; Atlanta, GA
Attorney: Larry F. Jennette, Jr.
Post-Daubert Testimony


William L. Pippin, Jr., v. Hennessy Cadillac, Inc.
Superior Court of Fulton County, State of Georgia
Civil Action File No. D-66356
Judge Thelma Wyatt Cummings
Law Firm: Doffermyre Shields Canfield & Knowles; Atlanta, GA
Attorney: Robert E. Shields


Lorenz v. Bean
Superior Court for County of Fulton, State of Georgia
Civil Action No. D96834
Judge Frank M. Eldridge
Law Firm: Johnson & Cooper; Marietta, GA
Attorney: Lance Cooper
Post-Daubert Testimony


Bentley v. BMW, Inc. et al.
Georgia Superior Court, Mitchell County
Case No. 87-V-430
Judge Willard Chason
Law Firm: Agnew & Schlam; Columbus, GA
Attorney: Paul E. Schlam


Wood, Garrett v. Apac-Georgia, Inc, Gervin & Vajda
State Court for County of Fulton, State of Georgia
Civil Action File No. 179220
Judge Albert L. Thompson
Law Firm: Smolar, Roseman & Barnes; Atlanta, GA
Attorney: Yehuda Smolar


HAWAII

June Wolken-Vierra v. Shell Oil Co., et al.
Circuit Court of Second Circuit, State of Hawaii, Maui
Civil No. 94-0157 (2)
Judge Shackley Raffetto
Law Firm: Goodheart Law Office; Honolulu, HI
Attorney: Michael Goodheart
Post-Daubert Testimony


Robert W. Conrad, special administrator of the Estate of Craig and Cameron Conrad, et al. v. John C. Lamb, et al
Circuit Court of 3rd Circuit, State of Hawaii
Civil No. 89-369 (Hilo)
Judge Shunichi Kimura
Law Firm: Lerma & Goya; Hilo, HI
Attorney: Dwayne Stephen Lerma


7

## IDAHO

Blankenship & Lueker v. Sigler, M.D., St. Mary's Hospital, et al.
District Court of the Second Judicial District of the State of Idaho, in and for the County of Idaho (Grangeville)
Case No. CV 31730
Judge George R. Reinhardt, III
Law Firm: Clark & Feeney; Lewiston, ID
Attorneys: Paul Thomas Clark & Connie W. Taylor
Post-Daubert Testimony


Edgar v. Wes Olson Trucking, Inc., et al.
District Court of First Judicial District of the State of Idaho, in & for County of Bonner, Sandpoint
Case No. CV 98-00712
Judge James F. Judd
Law Firm: Clark & Feeney; Lewiston, ID
Attorneys: Ron T. Blewett & Connie W. Taylor
Post-Daubert Testimony


Shawver v. Safeco Insurance Company of America, et al.
Underinsured Motorist Arbitration, Lewiston, ID
Case No.: None
Arbitrators  Edwin L. Litteneker, Walter H. Bithell, Marc Lyons
Law Firm: Aherin Rice & Anegon; Lewiston, ID
Attorney: Darrell Aherin
Post-Daubert Testimony


Hasenoehrl  v. Schwan's Sales Enterprises, Inc.
District Court of 2nd Judicial District of State of Idaho, County
    of Lewis, Nez Perce
Case No. CV 94-140
Arbitrator  Stanley D. Moore
Law Firm: Aherin Rice & Anegon; Lewiston, ID
Attorney: Darrell Aherin
Post-Daubert Testimony


## ILLINOIS

Richman  v. Michael Sheahan, et al.
U.S. District Court for Northern District of Illinois, Eastern Division
Case No. 98 C 7350
Judge Joan  B. Gottschall
Law Firm= Block & Associates; Chicago, IL
Post-Daubert Testimony


Sanford v. Socity of Actuaries, et al.
American  Arbitration  Association
Case No. 51 166 00481 07
Arbitrators  Gerald G. Saltarelli, David E. Jarvis & Richard S. Rhodes
Law Firm= Bellows & Bellows, Chicago, IL
Post-Daubert Testimony


VanSleet  v. Jimmy'Z Masonry Corp, et al.
Circuit Court of Cook County, Illinois, County Department  Law Division
No. 02 L 007186
Mediator  Fred Lane
Law Firm: Pierce Law Office; Barrington, IL
Attorney: Christopher C. Pierce
Post-Daubert Testimony


Gillespie  v. Cler
Circuit Court of the Eighteenth Judicial Circuit, DuPage County
No. 01 L 00305
Judge Stephen Culliton
Law Firm: Eichler & Associates; Chicago, IL
Attorney: John F. Eichler
Post-Daubert Testimony


Gober  v. Soztneps, Inc., et al.
Circuit Court of the 19th Judicial Circuit, McHenry County, IL
    (Woodstock)
91 LA 479
Judge Haskell Pitluck
Law Firm: Stevens & Associates; Chicago, IL
Attorney: Thomas Stevens
Post-Daubert Testimony


Phyllis Shaw executrix & personal representative  of Edith Henson, et al. v. Magna Trust Co.
Circuit Court for 3rd Judicial Circuit, Madison County, IL

No. 92-L-1237
Judge Nicholas G. Byron
Law Firm: Brown & James; St. Louis, MO
Attorney: Robert Cockerham
Post-Daubert Testimony


\*\*\* Estate of Duncavage v. Allen
Appellate Court of Illinois, 1st District, 2nd Division
Case No. 85-2625
Illinois Department of Insurance; Claim No. 37-5200221182
Judge Edwin M. Berman
Law Firm: Cichocky & Armstrong; Chicago, IL
Attorney: Jon A. Duncan


Drumgoole v. Harnischfeger Corp., et al.
Circuit Court of Cook County, IL
Case No. 85 L 12041
Judge John V. Virgilio
Law Firm: Sheldon A. Harris Law Office; Chicago, IL
Attorney: Sheldon A. Harris


Shields v. Luckey Trucking, Inc. & Rients
Circuit Court of 7th Judicial Court, Sangamon County, IL
No. 90-L-335
Judge Sue E. Myerscough
Law Firm: Delano Law Offices, P.C.; Springfield, IL
Attorney: Charles H. Delano, III


Martin & McFarland v. Valley Industries, Inc., Auto Shack, Ford Motor Co., Auffenberg Lincoln Mercury, Inc., Hanger & Kannewurf
Circuit Court, 20th Judicial Circuit of Illinois, St. Clair County
Case No. 89-L-148
Judge Jerome F. Lopinot
Law Firm: Carey Law Offices; Belleville, IL
Attorney: Jack Carey


Qualls v. Valley Industries, Inc., et al.
Circuit Court, 20th Judicial Circuit, St. Clair County, Illinois
Case No. 89-L-1090
Judge Jerome F. Lopinot
Law Firm: Gray & Ritter; St. Louis, MO
Attorney: Stephen R. Woodley


Miller v. American Central Transport, Inc.
Circuit Court, 20th Judicial Circuit, St. Clair County, IL
Cause No. 90-L-826
Judge Roger Scrivner
Law Firm: Bassett Law Office; Wood River, IL
Attorney: Merle C. Bassett


Porter v. Illinois Central Gulf Railroad
Circuit Court, 3rd Judicial Circuit, Madison County, IL
Case No. 86-L-507
Judge Nicholas G. Byron
Law Firm: Schlichter Law Assoc.; St. Louis, MO
Attorney: Jerome J. Schlichter


Saldana v. Dynapac Mfg., Inc. & Howell Tractor & Equipment Co.
Circuit Court of Cook County, IL, County Dept. Law Division
Case No. 84 L 15330
Judge E. C. Johnson
Law Firm: Sheldon A. Harris Law Office; Chicago, IL
Attorney: Sheldon A. Harris


Ferguson v. Vest, Doctors' Clinic of Alton, Ltd., & Mucci, M.D.
Circuit Court, 3rd Judicial Circuit, Madison County, IL
Case No. 87-L-207
Judge Nicholas G. Byron
Law Firm:   Bassett Law Office; Wood River, IL
            Mateyka & Hill, P. C.; Granite City, IL
Attorneys:  Merle Bassett;  William J. Mateyka


\*\*\* Lucien Sherrod, et al. v. Berry, et al.
United States District Court, Northern District of IL, Eastern
    Division
Case No. 80 C 4117
Judge George N. Leighton
Law Firms:  Horwitz, Horwitz & Associates, Ltd.;

9

Semmelman & Bertucci, Ltd.
Attorneys: Andrew J. Horwitz; Douglas Rallo
Post-Daubert Testimony

## INDIANA

Burger v. Win-Holt Equipment Corp.
State of Indiana, Huntington County Circuit Court (Huntington)
Cause No. 35C01-9402-CP-00069
Judge Mark McIntosh
Law Firm: Plummer Law Office; Wabash, IN
Attorney: Alfred H. Plummer III
Post-Daubert Testimony

Jane Doe f/k/a Esther Combs (Elsa Garcia) v. Joseph Combs and Evangeline Combs and Baptist Childrens Home and Family Ministries
U.S. District Court, Northern District of Indiana
Case No. 2:98 CV-583 PS
Judges Jerry Smith, Gary Wade, thomas Woodall
Law Firm: Herman Law Office; Bingham Farms, MI
Attorney: Gregg E. Herman
Post-Daubert Testimony

## IOWA

Wells Fargo v. Wahlig
Iowa District Court for Polk County
Ruling Law No. 97485
Judge Robert B. Hanson, 5th District
Law Firm: Harding Law Office; Des Moines, IA
Attorney: Marc Harding
Post-Daubert Testimony

Walker v. Nichols & Farm Bureau Mutual Ins. Co.
Iowa District Court for Polk County
Ruling No. CL 088 52437
Judge Jack D. Levin, 5th District
Law Firm: Wieslander Law Firm; Altoona, IA
Attorney: Frank G. Wieslander
Post-Daubert Testimony

## LOUISIANA

Quick v. Myers Welding & Fabricating, Inc.
38th Judicial District Crt., Parish of Cameron, State of
    Louisiana (Cameron)
No. 10-13147
Judge Ward Fontenot
Law Firm: Badon & Ranier; Lake Charles, LA
Attorney: Drew Ranier
Post-Daubert Testimony

\*\*\* Dabog v. Deris, et al.
Court of Appeal, Fifth Circuit, State of LA on Remand From the
    Louisiana Supreme Court, No. 93-C-0572
No. 92-CA-590
Judge Charles Grisbaum, Jr.
Law Firm: Morris Bart & Associates; New Orleans, LA
Attorney: Terry B. Loup
Post-Daubert Testimony

\*\*\* Laing v. American Honda Motor Co.
Court of Appeal, Second Circuit, State of Louisiana
No. 25,159-CA
Judge D. Milton Moore, III
Law Firm: Unglesby & Koch; Baton Rouge, LA
Attorney: Lewis Unglesby
Post-Daubert Testimony

LeBert v. Penn & Sons
14th Judicial District Court, Parish of Calcasieu, State of LA
No. 92-2821
Judge Gregory Lyons
Law Firm: Badon & Ranier; Lake Charles, LA
Attorney: Kenneth E. Badon
Post-Daubert Testimony

\*\*\* Theriot, et al. v. Starks, Sulphur Electric Co., et al.
38th Judicial District Court, Parish of Cameron, State of LA

10

(Cameron)
No. 10-12574
Judge Ward Fontenot
Law Firm: Badon & Ranier; Lake Charles, LA
Attorney: Drew Ranier
Post-Daubert Testimony


Hall, et al. v. Dufrene, et al
29th Judicial District Court, Parish of St. Charles, Louisiana
No. 37,172 Div. E
Judge J. T. Chaisson
Law Firm: Gordon Hackman, P.L.C.; Boutte, LA
Attorney: Gordon Hackman


Diez, Sr. v. Luther's Bar BQ & Home Insurance
24th Judicial Dist. Court, Div. D., Parish of Jefferson
No. 387-611
Judge Walter E. Kolin
Law Firm: James Minge & Assoc.; New Orleans, LA
Attorney: Dennis P. Couvillion


Boyd v. Hartford Accident & Indemnity Co., et al.
St. of Louisiana, Parish of LaFourche, 17th Judicial Dist. Court
Versus No: 66,142
Judge Randolph H. Parro
Law Firm: O'Neal Law Offices; Monroe, LA
Attorney: Hodge O'Neal, III


Berrera, et al, v. Hyundai Motors America Corp., et al,
25th Judicial Dist. Crt., Parish of Plaquemines, St.of LA, Div. B
Number: 32-724
Judge William A. Roe
Law Firm: Ballay & Braud; Belle Chasse, LA
Attorney: Charles Ballay


David v. Cajun Printing, Inc., et al,
23rd Judicial Circuit, Parish of St. James, LA
Civil Action No. 19535
Judge Guy Holdridge
Law Firm: Unglesby Law Offices; Baton Rouge, LA
Attorney: Lewis O. Unglesby


Black v. Parish, Allen-Bradley Co., et al
24th Judicial Dist. Court, Div. C. Parish of Jefferson, St. of LA
No. 377-334
Judge Joseph F. Grefer
Law Firm: James Minge & Assoc.; New Orleans, LA
Attorney: Dennis P. Couvillion


Normand v. Gerald, et al
21st Judicial Dist. Crt, Parish of Livingston, St. of LA, Div."B"
No. 51,037
Judge Bruce Bennett
Law Firm: Unglesby Law Offices; Baton Rouge, LA
Attorney: Lewis O. Unglesby


Arceneaux v. Aetna Casualty & Surety Co.
32nd Jud. Dist. Crt., Parish of Terrebonne, State of LA
No. 92,318
Judge Wilmore Broussard, Jr.
Law Firm: St. Martin, Lirette, Shea & Watkins; Houma, LA
Attorney: Carolyn A. McNabb


Gibson & James v. Central Mutual Ins. Co., et al,
Civil District Court for Parish of Orleans, St. of LA, Div. C
No. 89-12170 Docket #4
Judge Richard Garvey
Law Firm: Minge & Associates; New Orleans, LA
Attorney: Robert L. Manard


Gautreaux v. Cooper T. Smith Stevedoring
23rd Judicial Dist. Court, Parish of Ascension, State of LA
Civil Action No. 44,276
Judge John L. Goldsmith
Law Firm: Unglesby Law Offices; Baton Rouge, LA
Attorney: Lewis O. Unglesby

Case 2:08-cv-04217-NKL   Document 187   Filed 12/01/09   Page 12 of 56

Pourciau, et ux v. Threeton, et ux
21st Judicial Dist. Crt, Parish of Tangipahoa, St. of LA, Div. B
Nos. 83870, 86804, & 86995
Judge Bruce Bennett
Law Firm: Dué, Smith & Cabellero;  Simpson & Schwartz; Amite, LA
Attorneys: Paul H. Dué;  Joseph H. Simpson

## MASSACHUSETTS

Vinal v. New England Telephone & Telegraph Co.
Middlesex Superior Court, Gorham St., Lowell, MA
Civil Action No. 91-0564
Judge Wendie Gershengorn
Law Firm: Kinson & Wallace; Chelmsford, MA
Attorney: Edward F. Wallace
Post-Daubert Testimony

## MICHIGAN

Tomo v. 2SI, LLC, a South Carolina corporation and AMW Cuyuna Engine Co., Inc., et al.
U.S. District Court, Eastern District of Michigan, Southern Division
Case No. 03-74091
Judge Sean Cox
Law Firm= Sommers Schwartz Silver & Schwartz; Southfield, MI
Attorney: Robert H. Darling
Post-Daubert Testimony

Moore v. Taiwan Buffet
State of Michigan in the Circuit Court for the County of Macomb
Case No. 04-3767-NI
Judge Nanci Grant
Law Firm= Sommers Schwartz Silver & Schwartz; Southfield, MI
Attorney: Robert H. Darling
Post-Daubert Testimony

Dedivanovic v. A.C.I.A.
State of Michigan in the Circuit Court for the County of Wayne
Civil Action No. 03-313949-CK
Arbitrators Daniel Flaggman, John McSorley & Tom Hardy;
Law Firm= Dailey & Stearn; Farmington Hills, MI
Attorney: Brian Dailey
Post-Daubert Testimony

Lankton & Schultz v. Granger Container Service, Inc., et al.
State of Michigan in Circuit Court for the County of Ingham
File No. 02-12-NI
Judge James R. Giddings
Law Firm: Nolan Thomsen & Villas; Eaton Rapids, MI
Attorney: Lawrence P. Nolan
Post-Daubert Testimony

Stevenson v. Pulte Homes of Michigan, Corp, et al.
State of Michigan in the Circuit Court for the County of Oakland
Case No.: 02-038422 NO
Judge David Van Antwerp
Law Firm: Sommers Schwartz Silver & Schwartz; Southfield, MI
Attorney: Robert H. Darling
Post-Daubert Testimony

Grant v. Sears Roebuck & Co, et al.
State of Michigan Circuit Court for the County of Manistee (Manistee)
Case No.1 01-10300-NI
Judge James M. Batzer
Law Firm:  Smith & Johnson; Traverse City, MI
          Trucks & Associates; Clare, MI
Attorneys:  Timothy P. Smith
           Jay F. Trucks
Post-Daubert Testimony

Victor v. Cares
State of Michigan, Kent County Circuit Court, Grand Rapids
Case No: 01-05524-NI
Judge Dennis C. Kolenda
Law Firm: Eardley Law Office; Ata, MI
Attorney: John F. Eardley
Post-Daubert Testimony

Winnick v. Steele & Robertson-Morrison,  Inc., et al.

12

State of Michigan in Circuit Court for County of Washtenaw
File No. 00 - 218 - NI
Judge Timothy P. Connors
Law Firm: Ponte Law Office; Chelsea, MI
Attorney: Robert Ponte
Post-Daubert Testimony


Lee v. Pastor
State of Michigan 46th Circuit Court - Kalkaska County (Kalkaska)
File No: 00-7008-NI (D)
Judge Alton T. Davis
Law Firm: Smith & Johnson; Traverse City, MI
Attorney: Timothy P. Smith
Post-Daubert Testimony


Pomroy v. Skeans, et al.
State of Michigan, Circuit Court for the County of Oakland, Pontiac
Case No. 96-5170211-NI
Judge Steven Andrews
Law Firm: Simkins & Simkins; Northville, MI
Attorney: Charles N. Simkins
Post-Daubert Testimony


Smith v. The Detroit Edison Company, et al.
State of Michigan in the Circuit Court for the County of Wayne (Detroit)
File No. 96-618824
Judge John A. Murphy
Law Firms: Berkey Law Office; Bloomfield Hills, MI
            Wrobel Law Office; Rochester, MI
Attorneys: Jon H. Berkey & Tony Yezbick
           Kenneth J. Wrobel, Jr.
Post-Daubert Testimony


Sharpe v. Huron Valley Hospital, et al.
State of Michigan in Circuit Court for County of Oakland (Pontiac)
Case No: 90 395899 NH
Judge Robert Templin
Law Firm: Pearlman & Pianin; Southfield, MI
Attorney: Michael Pianin
Post-Daubert Testimony


Scott v. Southfield Public Schools, et. al
State of Michigan in Circuit Court for County of Oakland (Pontiac)
Case No. 97-539278-NI
Judge Denise Langford Morris
Law Firm: Thurswell Chayet & Weiner; Southfield, MI
Attorney: Harvey Chayet
Post-Daubert Testimony


Kordenbrock v. Hamco Management, et. al
State of Michigan in the Circuit Court for the County of Ingham (Lansing)
Civil Action No. 92-71556-NZ
Judge William Collette
Law Firm: Simkins & Simkins; Northville, MI
Attorney: Charles N. Simkins
Post-Daubert Testimony


Morgan v. Enterprise Rental Car
State of Michigan, Third Circuit Court, County of Wayne (Detroit)
Circuit Court 94 400 564
Judge Michael Callahan
Law Firm: Crawforth McManus Tenbrunsel & Ulrich; Detroit, MI
Attorney: Robert Tenbrunsel
Post-Daubert Testimony


Ottoman v. General Motors Corporation
State of Michigan in Circuit Court for County of Wayne (Detroit)
C/A No. 93-330879 NP
Judge Carole Youngblood
Law Firm: Crawforth McManus Tenbrunsel & Ulrich; Detroit, MI
Attorney: Robert Tenbrunsel
Post-Daubert Testimony


Kechkaylo v. Cox & Gerig's Trucking & Leasing
State of Michigan in the Circ. Crt. for County of Berrien (St. Joseph)
Case No. 93-3518-NI-T
Judge Ronald J. Taylor

Case 2:08-cv-04217-NKL   Document 187   Filed 12/01/09   Page 14 of 56

Law Firm: Simkins & Simkins; Northville, MI
Attorneys: Charles N. Simkins & Danielle McCluskey-Schink
Post-Daubert Testimony


Ervin v. Bomer
State of Michigan, Circuit Court for the County of Kalamazoo
    (Kalamazoo)
File No. B92-2126-NZ
Judge John N. Foley
Law Firm: Simkins & Simkins; Northville, MI
Attorneys: Charles N. Simkins & Anne T. Craig
Post-Daubert Testimony


Burns v. Sarson & Martin Leasing Co.
Circuit Court for County of Genesee, Flint, MI (Flint)
Civil Action No. 93-20705-NZ
Judge Valdemar L. Washington
Law Firm: Simkins & Simkins; Northville, MI
Attorneys: Charles N. Simkins & Anne T. Craig
Post-Daubert Testimony


Morrow/Yeager v. Michigan Department of Transportation (MDOT)
St. of Michigan in the Crt. of Claims, Circ. Court, Counnty of Eaton
    (Charlotte)
File No. 91-13687-CM
Judge G. Michael Hocking
Law Firm: Nolan Reincke Thomsen & Villas; Eaton Rapids, MI
Attorney: Lawrence P. Nolan
Post-Daubert Testimony


## MISSISSIPPI

Tennin & Alexander v. Ford Motor Company & World Rental Car Sales
Circuit Court of the First Judicial District of Hinds County, Mississippi
Cause No. 251-02-96CIV
Judge Winston L. Kidd
Law Firm: Perkins Law Office; Jackson, MS
Attorney: Felicia Perkins
Post-Daubert Testimony


Jones v. Mississippi Beta Sig EP Alumni Association, Inc., & Sigma Phi Epsilon Fraternity
Circuit Court of the First Judicial District of Hinds County, Mississippi
No. 251-98-939 CIV
Judge Tommie Green
Law Firm: Bell Flechas & Gaggini; Jackson, MS
Attorney: Gerald Gaggini
Post-Daubert Testimony


Pope, a Minor, Individually and by Vivian Raspberry, his Guardian, Natural Mother and Adult Next Friend v. Campbell, et al.
Circuit Court of Attala County, Mississippi (Kosciusko)
Civil Action No. 99-00008-CV-M
Judge Clarence E. ("Cem") Morgan, III
Law Firm: Allred Law Firm; Jackson, MS
Attorney: Ottowa E. Carter Jr.
Post-Daubert Testimony


*** Kansas City Southern Railway Company, Inc. v. Johnson
Supreme Court of Mississippi
No. 1999-CA-00505-SCT, cite 798 So2d 374 (2001)
Judges: Pittman, C.J., Banks, P.J., Mills, Waller, Cobb and Diaz concur, McRae, P.J. specially concurs w/separate written opinion
    joined by Diaz and Easley, JJ
Law Firm: Byrd & Assoc.; Jackson, MS
Attorney: Isaac K. Byrd, Jr., & Precious T. Martin
Post-Daubert Testimony


Johnson v. Kansas City Southern Railway Company; William L. Cook, III
Circuit Court of the First Judicial District of Hinds County, Mississippi (Jackson)
No. 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CIV
Judge L. Breland Hilburn
Law Firm: Byrd & Assoc.; Jackson, MS
Attorney: Isaac K. Byrd, Jr.
Post-Daubert Testimony


Brown v. The City of Jackson
Circuit Court of First Judicial Dist. of Hinds Cnty, Mississippi (Jackson)
Cause No. 251-94-248CIV
Judge James E. Graves, Jr.
Law Firm: Byrd & Assoc.; Jackson, MS

Attorney: Isaac K. Byrd, Jr.
Post-Daubert Testimony


Butler v. K. M. Leasing, Inc., et al
Circuit Court of Hinds County, Mississippi, 2nd Judicial District (Raymond)
Case No. 5361
Judge L. Breland Hilburn
Law Firm: Boone Law Office; Cleveland, MS
Attorney: Levi Boone, III
Post-Daubert Testimony


Griffin v. Feduccia, et al.
Circuit Court of Neshoba County, Mississippi (Philadelphia)
No. 94-0022
Judge Marcus Gordon
Law Firm: Williamson Law Office; Philadelphia, MS
Attorney: Edward Williamson
Post-Daubert Testimony


Steele v. Inn of Vicksburg, Inc. & Pitzer
Circuit Court of Warren County, Mississippi
No. 15,293
Judge Frank Vollar
Law Firm: Walker Walker & Green; Jackson, MS
Attorney: William Walker, Jr.
Post-Daubert Testimony


Walton, Garrett & Garrett v. Paracelsus Health Care Corp. of
Pasadena, Senatobia Community Hospital & Toohig, M.D.
Circuit Court of Tate County, Mississippi
No. CV-93-236-C-T
Judge George Carlton
Law Firm: Morris Morris & Associates; Cleveland, MS
Attorney: Thomas Morris
Post-Daubert Testimony


Lunsford v. Gulfport School District, et al.
Circuit Court of Harrison County, MS, First Judicial District
Civil Action No. 93-22, 589
Judge Kosta Vlahos
Law Firm: Wittman & Rafferty; Gulfport, MS
Attorney: Donald J. Rafferty
Post-Daubert Testimony


Rigdon v. APAC-Mississippi, Inc.
Circuit Court of the First Judicial District, Hinds County, MS
Civil Action No. 92-73-201
Judge Robert Gibbs
Law Firm: Witherspoon & Compton; Meridian, MS
Attorney: Robert Compton
Post-Daubert Testimony


McDougal, Gibson, & Gibson v. Winn-Dixie Louisiana, Inc.
United States Dist. Court for Southern Dist. of MS, Western
    Division
Civil Action No. 5:92-85BrN
Federal Judge David Bramlette
Law Firm: Paul Snow & Associates; Jackson, MS
Attorney: Paul Snow
Post-Daubert Testimony


Young v. McDonald's Corp. & LTM Enterprises, Inc.
Circuit Court for The First Judicial District of Hinds County, MS
Civil Action No. 91-68-357
Judge James E. Graves, Jr.
Law Firm: Langston & Frazer; Jackson, MS
Attorneys: Shane F. Langston & Roe Frazer


Lewis, et al. v. Mississippi Baptist Medical Center, et al.
Circuit Court of the 1st Judicial District, Hinds County, MS
Case No. 90-64-340
Judge Robert Gibbs
Law Firm: David Nutt & Associates; Jackson, MS
Attorney: Harry Rayburn


King v. H. C. Bailey Management Co.
Circuit Court of 1st Judicial District of Hinds County, MS

No. 91-67-203
Judge James E. Graves, Jr.
Law Firm: Langston & Frazer; Jackson, MS
Attorney: T. Roe Frazer II

Berry v. Westwick II, Ltd.
Circuit Court of 1st Judicial Dist. of Hinds County, MS
C. #91-67-455
Judge Francis S. Bowling
Law Firm: Waycaster & Warren; Jackson, MS
Attorney: Jim Warren

Brown v. Pieklik
Circuit Court of 1st Judicial Dist. of Hinds County, MS
Cause No. 37,864
Judge Robert Gibbs
Law Firm: Byrd & Assoc.; Jackson, MS
Attorney: Isaac Byrd, Jr.

Robertson v. McKenzie Trucking & McKenzie
Circuit Court of DeSoto County, Mississippi
Cause No. CV90-406-C/D
Judge George C. Carlson, Jr.
Law Firm: Gerald W. Chatham Law Office; Hernando, MS
Attorney: Gerald W. Chatham

Gray v. Duckworth, McGowan, & Lufkin Industries, Inc.
Circuit Court of 1st Judicial District of Hinds County, MS
No. 90-64-164CV
Judge James E. Graves, Jr.
Law Firm: Dockins & Sweet; Jackson, MS
Attorney: Dennis C. Sweet, III

Ladd, Dorman, et al. v. Cox Development Co. & Ladd Homebuilders &
Graham
Circuit Court of Neshoba County, Mississippi (Philadelphia)
No. 6744
Judge Francis S. Bowling, Special Circuit Judge
Law Firm: Roy O. Parker & Assoc.; Tupelo, MS
Attorney: Roy O. Parker

Tighe, Jr. v. Crosthwait, M.D., Jackson Heart Clinic, Tyler,
M.D., & Cardiovascular Surgical Clinic
Circuit Court of 1st Judicial District of Hinds County, MS
No. 38,055
Judge James E. Graves, Jr.
Law Firm: Liston & Lancaster; Winona, MS
Attorney: John W. Chapman

Nelson v. Griner Drilling Service, Inc.
Amite County Circuit Court (Liberty) MS
No. 3683
Judge Richard T. Watson
Law Firm: Clyde Ratcliff Law Office; McComb, MS
Attorney: Clyde Ratcliff, McComb, MS

McCraw v. Pierce & Capital City Beverages
Circuit Court of Hinds County, Mississippi, 1st Jud. District
No. 37,701
Judge L. Breland Hilburn
Law Firm: Liston & Lancaster; Winona, MS
Attorney: William Liston

Autry v. Morgan, Hailey, et al.
Circuit Court of Benton County, Ashland, MS
Civil Action File No. 1902
Judge William Lamb
Law Firm: Tollison & Alexander; Oxford, MS
Attorney: Grady Tollison

MISSOURI

Myers v. Union Electric Company
Circuit Court of the City of St. Louis, State of Missouri
Cause No. 862-00043, Division No. 6
Judge Robert H. Dierker, Jr.
Law Firm: Newman & Bronson; St. Louis, MO

Attorney: Mark Bronson

## MONTANA

Martinez v. Les Schwab Tire Centers of Montana, Inc., et al.
Montana Fourth Judicial District Court, Missoula County
Cause No. DV-99-88271
Judge Douglas Harkin
Law Firm: Beck Amsden & Ruggiero; Bozeman, MT
Attorneys: Monte Beck & John L. Amsden
Post-Daubert Testimony

Wolverton v. Les Schwab Tire Centers of Montana, Inc., et al.
Montana Fourth Judicial District Court, Missoula County
Cause No. DV-99-88271
Judge Douglas Harkin
Law Firm: Beck Amsden & Ruggiero; Bozeman, MT
Attorneys: Monte Beck & John L. Amsden
Post-Daubert Testimony

Dorn v. Burlington Northern and Santa Fe Railway Company
U.S.District Court for the District of Montana, Billings Division
No. CV-99-168-BLG-JDS
Judge Richard Cebull
Law Firm: Hoyt & Blewett; Great Falls, MT
Attorney: Alexander Blewett III
Post-Daubert Testimony

Mickelson v. Montana Rail Link, Inc.
Montana Fourth Judicial District Court, Missoula County
Cause No. 76643
Judge Ed McLean
Law Firm: Hoyt & Blewett; Great Falls, MT
Attorney: Alexander Blewett III
Post-Daubert Testimony

Pengra v. State of Montana ex rel. Dept. of Corrections, & Jane & John Does 1-5
Montana First Judicial District Court, Lewis and Clark County
Cause No. ADV 98-88
Judge Dorothy McCarter
Law Firm: Small Hatch Doubek & Pyfer; Helena, MT; 406-442-7830
Attorney: Richard Pyfer
Post-Daubert Testimony

Meismer, Guardian for Cyphers & Rohm v. Fuji Heavy Industries Co., Ltd., & Subaru of America, Inc.
U. S. District Court for the District of Montana, Missoula Division
Cause No. CV 97-186-M-LBE
Judge Donald W. Molloy
Law Firm: Beck & Richardson Law Office; Bozeman, MT; 406-586-8700
Attorneys: Monte Beck
Post-Daubert Testimony

Maurer v. Clausen Distributing, Inc.
Montana First Judicial District, County of Lewis and Clark
Cause No. CDV 94-003
Judge Thomas C. Honzel
Law Firm: Beck & Richardson Law Office; Bozeman, MT; 406-586-8700
Attorney: John Richardson
Post-Daubert Testimony

## NEVADA

Lewis v. Wal-mart, et al.
District Court, Clark County, Nevada
Case No. A514759, Dept. No. III
Judge Douglas Herndon
Law Firm= Lee Law Office, Las Vegas, NV
Attorneys: Yvette Freedman & Trevor Hatfield
Post-Daubert Testimony

Kumar, et al., v. Toyota et al.
Second Judicial District Court, State of Nevada, County of Washoe
Case No. CV04 01517 Dept. No. 8
Judge Steven R. Kosach
Law Firm: Echeverria Law Office
Attorneys: John Echeverria (Echeverria Law Office) & Daniel Del'Osso (Brandi Law Firm)
Post-Daubert Testimony

Lord v. Argentina Consolidated Mining Company, et al.
District Court, Clark County, Nevada
No.1 A 486480
Judge Nancy Glass
Law Firm= Echeverria Law Offices; Reno, NV
Attorney: John Echeverria
Post-Daubert Testimony


***Banks v. Sunrise Hospital
Court of Appeal, Eighth Judicial District Court, Clark County, State of Nevada Supreme Court, No. 38801
No. 2002-NMCA-084
Judge Michael A. Cherry
Law Firms: Massi Law Office and Myers & Gomel
Attorneys: Patricia J. Bowling (Massi Law Office) and Jeffrey R. Gomel (Myers & Gomel)
Post-Daubert Testimony. (Testimony provided by another economist, Robert Johnson, based on the economic methodology developed
by Stan V. Smith.)


Cohill v. Charleston Place Owners Association, et al.
District Court, Clark County, Nevada
Case No. A446373
Judge Kenneth Corry
Law Firm: Gillock Markley & Killebrew; Las Vegas, NV
Attorney: Gerald I. Gillock
Post-Daubert Testimony


Neve v. Sunrise Hospital and Medical Center, et al.
District Court, Clark County, Nevada
Case No. A466762
Judge Jessie Walsh
Law Firm: Titolo Law Office; Las Vegas, NV
Attorney: Timothy R. Titolo
Post-Daubert Testimony


Christiansen v. Walgreen Co., et al.
District Court, Clark County, Nevada (Las Vegas)
Case. No.: A414587, Dept. No.: Dept. IX
Judge Jennifer P. Togliatti
Law Firm: Titolo Law Office; Las Vegas, NV
Attorney: Timothy R. Titolo
Post-Daubert Testimony


Knee v. G.B. Supply, Inc., et al.
District Court, Clark County, Nevada (Las Vegas)
Case No. A364911
Judge Gene Porter
Law Firm: Titolo Law Office; Las Vegas, NV
Attorney: Timothy R. Titolo
Post-Daubert Testimony


Patterson v. Sierra Ready Mix Limited, Liability Co, et al.
District Court, Clark County, Nevada (Las Vegas)
Case No.: A371096, Dept.No.: XII, Docket NO.: U
Judge James C. Mahan
Law Firm: Titolo Law Office; Las Vegas, NV
Attorney: Timothy R. Titolo
Post-Daubert Testimony


Drake v. Noe M. Murillo, et al.
District Court, Clark County, Nevada (Las Vegas)
Case No. A385489
Judge Michael L. Douglas
Law Firm: Titolo Law Office; Las Vegas, NV
Attorney: Timothy R. Titolo
Post-Daubert Testimony


Wright v. The Vons Companies, Inc., et al.
District Court, Clark County, Nevada (Las Vegas)
Case No.: A374381, Dept. NO.: VII
Judge Mark Gibbons
Law Firm: Titolo Law Office; Las Vegas, NV
Attorney: Timothy R. Titolo
Post-Daubert Testimony


Gootkind v. Chinander, et al.
District Court, Clark County, Nevada (Las Vegas)
Case No. A3326765, Dept. No. XI, Docket No. "S"
Judge Michael Douglas
Law Firm: Simkins & Simkins; Northville, MI

Attorney: Charles N. Simkins
Post-Daubert Testimony

## NEW JERSEY

Flaherty v. Thyssen Krup Elevator Corporation, et al.
Superior Court of New Jersey, Ocean County - Law Division
Docket No. OCN-L-3797-02 Civil Action
Judge Peterson
Law Firm: Starkey Kelly Bauer & Kennealy; Toms River, NJ
Attorney: Daniel M. Hurley
Post-Daubert Testimony


Trotter v. R. W. Vogel Construction Co., et al.
Superior Court of New Jersey, Law Division - Ocean County
Docket No.: L-2901-99
Judge Marlene Lynch Ford
Law Firm: Starkey Kelly Blaney & White; Toms River, NJ
Attorney: William V. Kelly
Post-Daubert Testimony


Trotter v. R. W. Vogel Construction Co., et al.
Superior Court of New Jersey, Law Division - Ocean County
Docket No.: OCN-L- 2901-98
Judge Marlene Lynch Ford
Law Firm: Carluccio Leone Dimon Doyle & Sacks; Toms River, NJ
Attorney: Daniel J. Carluccio
Post-Daubert Testimony


Schiano v. LoSapio
Superior Court of New Jersey, Law Division - Ocean County, Tom
Docket No. OCN-L-2901-98/2552-98
Judge Frank A. Buczynski
Law Firm: Carluccio Leone Dimon Doyle & Sacks; Toms River, NJ
Attorney: Daniel J. Carluccio


Colleran v. Edward Bowler, et al.
Superior Court of New Jersey, Law Division - Monmouth County
Docket No. MON-L-3090-98
Judge Joseph Quinn
Law Firm: Gill & Chamas; Woodridge, NJ
Attorney: Raymond A. Gill, Jr.
Post-Daubert Testimony


Atwood v. Carmela Micale
Non-Binding Arbitration, Superior Court of New Jersey, Law Division - Middlesex County
Docket No.: L-507-00
Arbitrator: John Camassat
Law Firm: Maze Law Office; Woodbridge, NJ
Attorney: Andrew S. Maze
Post-Daubert Testimony


Skjoldal v. Sicomac Carriers, Inc., et al.
Superior Court of New Jersey, Law Division: Monmouth County
Docket No.: MON-L-7681-94
Judge Alexander Lehrer
Law Firm: Rudnick Addonizio & Pappa; Hazlet, NJ
Attorney: Martin M. Rudnick
Post-Daubert Testimony


Fagan v. The City of Vineland
United States District Court, District of New Jersey
Consolidated Civil Action No. 90-310 (WGB)
Judge William G. Bassler
Law Firm: Eisenstat Gabage Berman & Furman; Vineland, NJ
Attorney: Gerald M. Eisenstat & Harry Furman


## NEW MEXICO

Kathleen Ellsworth as personal representative Victoria Campos et. al. v. Carlsbad Medical Center et. al.
First Judicial District Court, State of New Mexico, County of Rio Arriba
No. D-0117-CV-2006-00021
Judge Raymond Z. Ortiz
Post-Daubert Testimony. (Testimony provided by another economist, Brian McDonald, based on the economic methodology developed by Stan V. Smith.)


***Couch v. Astec Industries, et al.

Court of Appeals of New Mexico, Sandoval County
No. 2002-NMCA-084
Judge Louis P. McDonald
Law Firm: Plotsky & Dougherty; Albuquerque, NM
Attorney: David L. Plotsky
Post-Daubert Testimony. (Testimony provided by another economist, Brian McDonald, based on the economic methodology developed by Stan V. Smith.)


Dixon/Aaron v. Buena Vista Retirement Center
Ninth Judicial District Court County of Curry, State of New Mexico (Clovis)
No. D-905-CV-0097000180
Judge Stephen Quinn
Law Firm: Garrett Law Firm; Clovis, NM
Attorney: Michael Garrett
Post-Daubert Testimony


Smith v. Ingersoll-Rand, Co.
U. S. District Court for the District of New Mexico
Civil No. 94-1083 MV/DJS
Judge Martha Vazquez
Law Firm: Espinosa Sitterly Aguilar, P.C.; Albuquerque, NM
Attorney: Esteban A. Aguilar
Post-Daubert Testimony


Ray v. City of Albuquerque, et al.
2nd Judicial Dist. Court, Cnty. of Bernalillo, St. of New Mexico, (Albuquerque)
No. CV-93-5711
Judge Susan Conway
Law Firm: Michael G. Rosenberg & Associates; Albuquerque, NM
Attorney: Michael G. Rosenberg
Post-Daubert Testimony

## NEW YORK

Hayden v. UAL Corp, et al.
Federal Court, Southern District of New York
Case No. 03 CV 6811
Judge Robert M. Parker
Law Firm= Motley Rice, Mt. Pleasant, S.C.
Attorney: Mary Schiavo
Post-Daubert Testimony


## NORTH DAKOTA

Gessner v. Ward County Water Management District
State of North Dakota in District Court, County of Ward, Northwest Judicial District, Minot
Civil No. 94-C-0912
Judge Everett Nels Olson
Law Firm: Wegner Fraase Nordeng Johnson & Ramstad; Fargo, ND
Attorney: Craig E. Johnson
Post-Daubert Testimony


Baehm v. Steen
State of North Dakota in District Court, County of Ward, Northwest Judicial District, Minot
Civil No. 90-1100
Judge Jon Kerian
Law Firm: Farhart Lian Maxson Howard Sorensen Louser & Zent; Minot, ND
Attorney: Steven C. Lian
Post-Daubert Testimony


Werner v. Pueringer Distributing, Inc.
State of North Dakota in District Court, County of Ward, Northwest Judicial District, Minot
Civil No. 91-0892
Judge Wallace D. Berning
Law Firm: Farhart Lian Maxson Howard Sorensen Louser & Zent; Minot, ND
Attorney: Steven C. Lian
Post-Daubert Testimony


## OHIO

Bank of New York Trust Company v. Beatty, et al.
Common Pleas Court of Richland County, Ohio
Case No. 2008CV510
Judge James DeWeese
Law Firm= Murray & Murray, Sandusky, OH
Attorney: Leslie Miller
Post-Daubert Testimony


Doughty v. American General Finance Services, Inc.,

Case 2:08-cv-04217-NKL   Document 187   Filed 12/01/09   Page 21 of 56

American Arbitration Association
Claim No. 53 181 00793 06,
Law Firm: Pittman Alexander Attorneys, Cleveland, OH,
Attorney: Darryl E. Pittman
Post-Daubert Testimony


Armstrong, et al. v. Brown, jr., et al.
Common Pleas Court, Trumbull County, Ohio
No. 96-CV-2000,
Judge John Stuard
Law Firm: Simkins & Simkins; Northville, MI
Attorney: Charles N. Simkins
Post-Daubert Testimony


Goodwin, Executrix of Estate of Crowl v. Meridia Hillcrest Hospital, et al.
Court of Common Pleas, Cuyahoga County, Ohio
Case No. 353396
Judge Nancy Fuerst
Law Firm: Hildebrand Williams & Farrell; Fairview Park, OH
Attorney: Patrick M. Farrell
Post-Daubert Testimony


Johnson, et al. v. Thaxton, et al.
Court of Common Pleas of Delaware County, Ohio
Case No. 97-CVC-01-104
Judge Everett H. "Kip" Krueger
Law Firm: Boone Law Office; Columbus, OH
Attorney: Timothy J. Boone
Post-Daubert Testimony


*** Lewis v. Alfa Laval Separation, Inc.
Court of Appeals of Ohio, Fourth District, Lawrence County
No. 96 CA 44
Judges J. Kline & J. Harsha
Law Firm: Greene Law Office
Attorney: Angela Greene
Post-Daubert Testimony. (Testimony provided by another economist, Michael Brookshire, based on the economic methodology developed by Stan V. Smith.)


Potter v. Scott, et al.
Common Pleas Court, Franklin Cnty, State of Ohio
Case No. 96CVC09-6945
Arbitrators Timothy D. Gerrity, Richard Ovestrud, Christopher L. Lardiere
Law Firm: Carlile Patchen & Murhpy; Columbus, OH
Attorney: Larry Sturtz
Post-Daubert Testimony


Reader v. Mallory
Court of Common Pleas of Franklin County, Ohio (Columbus)
Case No. 94CVA01-399
Judge William L. Millard
Law Firm: Paxton & Assoc.; Columbus, OH
Attorney: Robert C. Paxton, II
Post-Daubert Testimony


Kirila v. CNA Insurance Company
UIM Arbitration, Trumbull County, Ohio (Warren)
Judge: Panel of 3 Arbitrators: Attorney James L. Pazol,
          Attorney Martin P. White, Attorney Donald E. Worthing
Law Firm: Rice Law Office; Hubbard, OH
Attorney: Ronald J. Rice
Post-Daubert Testimony


Schwochow v. Chung, M.D., et al
Sandusky County Court of Common Pleas, Fremont, Ohio
Case No. 92-CV-348
Judge J. Sargeant, Jr.
Law Firm: McGehee & Pianelli; Houston, TX
Attorney: Jack E. McGehee
Post-Daubert Testimony


Beaver v. Belles, M.D.
Common Pleas Court of Miami County, Ohio, General Division
Case No. 92-289
Judge Robert J. Lindeman
Law Firm: Weisbrod Law Office; Troy, OH
Attorney: Alfred J. Weisbrod
Post-Daubert Testimony

Reeser, et al. v. Weaver Bros., Inc.
Court of Common Pleas, Darke County, Ohio
Case No. 48621
Judge Lee A. Bixler
Law Firm: Sunderland & Moore; Vandalia, OH
Attorney: Stephen E. Klein


Urseth v. City of Dayton, et al.
United States District Court for Southern Dist. of Ohio, Western Division
Case No. C-3-84-103
Judge Walter H. Rice
Law Firm: Moorman, Wist & Kemmer; Tipp City, OH
Attorney: Robert J. Moorman


## OKLAHOMA

Hawkins v. Wal-Mart Stores, Inc.
District Court of Kay County, State of Oklahoma (Newkirk)
Case No. C-93-6B
Judge Neal Beekman
Law Firm: Rodgers Law Office; Blackwell, OK
Attorney: James Rodgers
Post-Daubert Testimony


## PENNSYLVANIA

Dempsey, et al. v. Shiley Incorporated, et al.
U.S. District Court for Western District of Pennsylvania
Civil Action No. 96-1745
U. S. Magistrate Judge Francis X. Caiazza
Law Firm: Capretz & Radcliffe; Newport Beach, CA
Attorney: Peter A. Martin
Post-Daubert Testimony


## SOUTH DAKOTA

Ames, Pugh v. Coss, et al.
State of SD, County of Hand, Circuit court, 3rd Judicial Circuit
CIV. 90-11
Judge Jon R. Erickson
Law Firm: Heidepriem, Widmayer, Zell & Jones; Miller, SD
Attorney: Bradley G. Zell


## TENNESSEE

Speed, et ux v. Hughes, et al
Hamilton County Circuit Court, State of Tennessee
Case No. 89-CV-911
Judge Robert M. Summitt
Law Firm: Patrick, Beard & Richardson; Chattanooga, TN
Attorney: Gary R. Patrick


## TEXAS

Whitman v. Rogers, MD, et al.
County Court at Law Number 1, Dallas County, Texas
Cause No. 03-10355-A
Judge D'metria Benson
Law Firm= Tucker Law Office; Dallas, TX
Attorney: Glenn D. Tucker
Post-Daubert Testimony


Cammerino v. First Transit, Inc., et al.
District Court, A-14th Judicial District Court, Dallas County, Texas
Cause No. 03-00352
Judge Mary Murphy
Law Firm: Tucker Law Offices; Dallas, TX
Attorney: Glenn D. Tucker
Post-Daubert Testimony


Tuch v. King, M.D, et al.
District Court, 131st Judicial District, Bexar County, Texas (San Antonio)
Cause No. 97-CI-08661
Judge John D. Gabriel
Law Firm: Rutherford Rutherford & Bettersworth; San Antonio, TX
Attorney: Daniel Rutherford
Post-Daubert Testimony

Stanford v. Albertsons, Inc. & Skaggs-Albertson's
District Court of Travis County, Texas, 201st Judicial District (Austin)
No. 94-12303
Judge Paul R. Davis
Law Firm: Anderson Law Office; Austin, TX
Attorney: John T. Anderson
Post-Daubert Testimony


Pocase v. Cullen/Frost Bank
District Court of Bexar County, Texas, 73rd Judicial District
        (San Antonio)
Cause No. 94-C-04811
Judge John D. Gabriel
Law Firm: Gibbins Winckler & Harvey; Austin, TX
Attorneys: Robert Gibbins & Neil Bonavita
Post-Daubert Testimony


Garrett v. Lockett, M.D.
345th Judicial District Court, Travis County, State of Texas
No. 455,290
Judge James R. Meyers
Law Firm: Mounger & Campbell; Houston, TX
Attorney: Don Campbell


Klekar v. Southern Pacific Transportation Co. & Englebert
District Court of Harris County, Texas
Case No. 88-057280
Judge Eugene Chambers
Law Firm: Stephens & Clark; Houston, TX
Attorney: Joe B. Stephens


Ray v. David Mfg. Co. & Gilmore & Tatge Mfg. Co., Inc.
United States Dist. Court for the Eastern Dist. of Texas,
        Beaumont Div.
Civil Action No. B-87-1285-CA
Judge Joe Fisher
Law Firm: Fisher, Gallagher, Perrin & Lewis; Houston, TX
Attorney: Price Ainsworth


**VERMONT**

Gray v. Gifford Memorial Hospital, Inc. & Burgee, M.D.
State of Vermont, Orange Superior Court, Orange County
Docket No. S27-91 OeC
Judge Alan W. Cheever
Law Firm: Caldbeck & Schweitzer; Shelburne, VT
Attorney: Gareth Caldbeck


**WISCONSIN**

Sinthasomphone v. City of Milwaukee, et al.
U. S. District Court for Eastern District of Wisconsin
Civil Action No. 91-CV-1121
Judge Terence T. Evans
Law Firm: Slattery Hausman & Hoefle; Milwaukee, WI
Attorney: Steven J. Snedeker
Post-Daubert Testimony


Ketter, et al. v. Kotila, et al.
State of Wisconsin Circuit Court, Oneida County, Rhinelander
Case No. 95 CV 82, Case Code No.30104
Judge Mark A. Mangerson
Law Firm: Grischke & Bremer; Wausau, WI
Attorney: Alan F. Grischke
Post-Daubert Testimony


Gallenberger v. Midwest Emergency Physicians, et al.
State of Wisconsin Circuit Court, Langlade County (Antigo)
Case No: 94-CV-97
Judge Mark A. Mangerson
Law Firm: Sommer Olk Schroeder & Payant, Rhinelander, WI
Attorney: Richard E. Sommer
Post-Daubert Testimony


Grant & Aetna Insurance Co. v. Halberg Realty & Millean Bldg Co.
State of Wisconsin, Circuit Court of Milwaukee County
Case No. 190-CV-011497
Judge Frank T. Crivello

Case 2:08-cv-04217-NKL   Document 187   Filed 12/01/09   Page 24 of 56

Law Firm: Cunningham Lyons & Cabaniss; Milwaukee, WI
Attorney: Thomas W. Cunningham
Post-Daubert Testimony


Stenman v. Larson Picture Frame, Inc.
Circuit Court Branch 1, Douglas County Courthouse, Superior, WI
Case No. 90 CV 147
Judge Michael T. Lucci
Law Firm: Marcovich Cochrane and Milliken; Superior, WI
Attorney: Toby E. Marcovich


O'Brien v. Duluth, Missabe & Iron Range Railway Co.
State of Wisconsin Circuit Court Douglas County
Case No. 90-CV-250
Judge Joseph A. McDonald
Law Firm: Marcovich Cochrane and Milliken; Superior, WI
Attorney: Toby Marcovich


END

24

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MELODY L. LEE, as Personal
Representative of the ESTATE OF                    PLAINTIFF
JOHN ANDREW MORTON, decreased

       v.                        Case No. 08-2115

BOBBY A. OVERBEY and BRENT                         DEFENDANTS
HIGGINS TRUCKING, INC.

## O R D E R

Currently before the Court is Defendants' Motion to Exclude Expert Testimony and Daubert Challenge of Dr. Stan Smith (Doc. 48). Plaintiff hired Smith to provide economic testimony concerning the value of the life of the decedent John Morton. Defendants claim that Smith's expert testimony is not relevant, reliable, or helpful.

## I. Standard of Review

Federal Rule of Evidence 702 states that

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The role of the trial court is to serve as a gatekeeper to ensure that scientific testimony or evidence is relevant and

AO72A
(Rev. 8/82)

reliable. *United States v. Bailey*, No. 08-1908, --- F.3d ---, 2009 WL 1955608 (8th Cir. July 9, 2009). In evaluating the reliability of an expert's opinion, district courts use four non-exclusive factors: (1) whether it can be (and has been tested) (2) whether the theory or technique has been subjected to peer review and publication (3) the known or potential rate of error and (4) the method's general acceptance. *Presley v. Lakewood Eng'g & Mfg. Co.*, 553 F.3d 638, 643 (8th Cir. 2009). The test of reliability is flexible and does not necessarily turn on a single factor. *Cincinnati Ins. Co. v. Bluewood, Inc.*, 560 F.3d 798, 808 (8th Cir. 2009) (*citing Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141-42 (1993)). Rule 702 reflects an attempt to liberalize the admission of expert testimony. *Weisgram v. Marley Co.*, 169 F.3d 514, 523 (8th Cir. 1999). "The exclusion of an expert's opinion is proper only if it is 'so fundamentally unsupported that it can offer no assistance to the jury.'" *Wood v. 3M*, 112 F.3d 306, 309 (8th Cir. 1997).

## II. Discussion

The Arkansas survival statute allows recovery for loss of value of life, stating that "a decedent's estate may recover for the decedent's loss of life as an independent element of damages." Ark. Code Ann. § 16-62-101. Smith's anticipated testimony will estimate the value of Morton's life using a willingness to pay approach.

Defendants seek to exclude Smith's testimony on grounds of

AO72A
(Rev. 8/82)

relevance, reliability, and helpfulness. However, Defendants base their relevancy and helpfulness arguments on the unreliability of Smith's methods. Smith's qualifications and background are not at issue.

Smith's testimony will express an opinion on the monetary value of John Morton's life. Valuation of a human life is not capable of direct verification or falsification, so error rates and testing are not useful means of gauging reliability. Based on Plaintiff's submissions, Smith's methods are peer reviewed and the method has received sufficient general acceptance for admission. Smith possesses specialized knowledge that can aid the trier of fact in determining compensation for the loss of life. Smith has relied on sufficient facts and data for his opinion to be admissible. Plaintiff has shown by the preponderance of the evidence that Smith's opinion is sufficiently relevant and reliable for admission.

## III. Conclusion

Defendants' Motion to Exclude the Expert Testimony and Daubert Challenge of Dr. Stan Smith (Doc. 48) is **DENIED**.

IS SO ORDERED this 31st day of July, 2009.

/s/ Robert T. Dawson
HONORABLE ROBERT T. DAWSON
UNITED STATES DISTRICT JUDGE

AO72A
(Rev. 8/82)

IN THE UNITED SATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

FILED
EASTERN DISTRICT ARKANSAS
SEP - 9 2002
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

CITIZENS BANK OF BATESVILLE,
ARKANSAS, AS SPECIAL
ADMINISTRATOR OF THE
ESTATES OF WILLIAM C. PEARROW
AND ROMA S. PEARROW, DECEASED
                                    PLAINTIFF

VS.          NO. 1:01CV00104 JMM

UNITED STATES OF AMERICA
AND JANNIE A. REED
                                    DEFENDANTS

(*) Court ruled
Hedonic Testimony
must be backed

**AMENDED AND SUBSTITUTED ORDER**

The Order entered on August 29, 2002 is hereby set aside.

The following Amended and Substituted Order deletes the award of Kumho

1.81% interest to the parties. See 28 U.S.C.A. § 2674; Gross v. P.H.S.

U.S., 723 F.2d 609 (8th Cir. 1983).

This case was tried to the Court on August 19 and 20, 2002.

The defendant admitted liability and the only issues for the Court

were to determine damages for the estates of each decedent, which

statutory beneficiaries were entitled to damages for mental anguish

and in what amounts. Based on the evidence adduced at trial and

the arguments of counsel, the Court makes the following Findings of

Fact and Conclusions of Law.

**Findings of Fact**

1.  Roma and William Pearrow lost their lives on February 1,

2001, when their vehicle was hit head-on by a United States

Department of Interior truck which jackknifed on U.S. Highway 167,

just north of Cave City, Arkansas.

2.  At the time of their deaths, Roma S. Pearrow was 74 years

old, and William C. Pearrow was 78 years old.

3.  At the time of their deaths, Mr. And Mrs. Pearrow were

the parents of the following children: Debra Goodson, Brenda Hurst,

Barry Pearrow, and Samuel Davis Wilson.

4.  William C. Pearrow was the stepfather of Samuel Davis

Wilson.

5.  William C. Pearrow had the following living siblings at

the time of his death: Fritz H. Pearrow, Betty Mutton, and Bernice

Foreman.

6.  Roma S. Pearrow had the following living siblings at the

time of her death: Marilyn Claussen, Paula Bramlett, Jill Grose,

and Emma Gehman.

7.  The Estate of Roma Pearrow incurred a funeral expense of

$1,068.91.

8.  The Estate of William Pearrow incurred a funeral expense

of $1,463.91.

9.  The Estate of Roma Pearrow is entitled to recover for the

loss of her life in the amount of $80,000.00 pursuant to Ark. Code

Ann. § 16-62-101(c).

10.  The Estate of William Pearrow is entitled to recover for

the loss of his life in the amount of $70,000.00 pursuant to Ark.

Code Ann. § 16-62-101(c).

2

11. Barry Pearrow, as surviving son of William and Roma Pearrow is entitled to recover the sum of $70,000.00 for mental anguish.

12. Debra Goodson, as surviving daughter of William and Roma Pearrow is entitled to recover the sum of $80,000.00 for mental anguish.

13. Brenda Hurst, as surviving daughter of William and Roma Pearrow is entitled to recover the sum of $70,000.00 for mental anguish.

14. Samuel Davis Wilson as the surviving son of Roma Pearrow and the stepson of William Pearrow is entitled to recover the sum of $40,000.00 for mental anguish.

15. Samuel Davis Wilson did not stand *in loco parentis* to William Pearrow at the time of his death. Samuel Davis Wilson has a physical disability but was not dependent on William Pearrow for support and does not qualify as a statutory beneficiary to recover mental anguish for the death of William Pearrow. *Babb v. Matlock,* 340 Ark. 263, 9 S.W.3d 508 (2000).

16. Paula Bramlett, as sister of Roma Pearrow, is entitled to recover the sum of $10,000.00 for mental anguish.

17. None of the remaining statutory beneficiaries testified at trial and no evidence was offered on their behalf as to anguish. Lacking any evidence, the Court will make no award to them for mental anguish. *New Prospect Drilling v. First Commercial*

*Trust,* 322 Ark. 466, 966 S.W.2d 2333 (1998).

## Conclusions of Law

18. That all damages sustained by the estates of Mr. And Mrs. Pearrow, as well as the beneficiaries of the estate, were proximately caused by the fault of defendant.

19. That this Court has jurisdiction over the parties and the subject of the litigation.

20. That plaintiff has satisfied the requirements of the Federal Tort Claims Act by submitting individual "Claims for Damage, Injury, or Death" to the U.S. Department of the Interior prior to filing suit in this matter.

21. That plaintiff's Claims for Damage, Injury, or Death were denied by letter from the United States Department of the Interior dated August 8, 2001.

22. That Plaintiff has satisfied the procedural requirements of the Federal Tort Claims Act so as to allow maintenance of this action.

23. That the Arkansas Wrongful Death Act, as amended to provide to allow a decedent's estate to recover for "the decedents' loss of life as an independent element of damages", applies to this action.

24. The Court has carefully considered the testimony of Dr. Stan V. Smith of Corporate Financial Group, Ltd. on the issue of hedonic damages or loss of life within the parameters of *Daubert v.*

Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) and Kumho Tire Co. v. Carmichael, 119 S.Ct. 1167 (1999). The Court finds that Dr. Smith is eminently qualified by training and experience to express opinions on this issue and it appears that the methodology used in calculating damages has some acceptance among economists. The Court will not reject the testimony in its entirety under *Daubert*, but does not find it persuasive. There is no dispute that both William and Roma Pearrow were fine people who were energetic, caring and continued to provide parental support for all their siblings and progeny. It is also clear that both Pearrows had a zest for life that belied their advanced years. The Court must recognize the realities of the aging process and the toll it takes on quality of life and has fixed damages for loss of life under Ark. Code Ann. § 16-62-101(c), taking into consideration Dr. Smith's opinions and the other evidence in the record.

WHEREFORE, Citizens Bank of Batesville, as Special Administrator of the Estates of William C. Pearrow and Roma S. Pearrow, Deceased, is entitled to judgment in the sum of $422,532.82, to be distributed as follows:

| | |
|---|---|
| Estate of Roma Pearrow | $81,068.91 |
| Estate of William C. Pearrow | $71,463.91 |
| Barry Pearrow | $70,000.00 |
| Debra Goodson | $80,000.00 |
| Brenda Hurst | $70,000.00 |

5

| | |
|---|---|
| Samuel Davis Wilson | $40,000.00 |
| Paula Bramlett | $10,000.00 |

IT IS SO ORDERED this 9 day of September, 2002.

_[signature]_

James M. Moody
United States District Judge

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 9/10/02 BY _____

6

JoAnn C. Bacheller
Registered Diplomate Reporter
Certified Realtime Reporter
P. O. Box 1424
Billings, Montana 59103-1424
406/247-4477 office
406/247-7008 fax
joann_bacheller@mtd.uscourts.gov

United States Court Reporter

Testimony Permitted

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

KRISTI W. DORN, Personal
Representative of the Estate
of Larry M. Dorn, deceased,
        Plaintiff,

vs.

BURLINGTON NORTHERN SANTA FE
RAILROAD COMPANY, a Delaware
corporation,
        Defendant.

CV-99-168-BLG-RFC

VOLUME 4 EXCERPT
TRANSCRIPT OF JURY TRIAL
TESTIMONY OF
STAN V. SMITH, Ph.D.

BEFORE THE HONORABLE RICHARD F. CEBULL
UNITED STATES DISTRICT COURT JUDGE
FOR THE DISTRICT OF MONTANA

James F. Battin United States Courthouse
316 North 26th Street
Billings, Montana 59101
Thursday, May 23, 2002
08:07:53 to 09:19:30

Proceedings recorded by machine shorthand
Transcript produced by computer-assisted transcription

COPY

1  it something other than consumption? There's just nothing
2  coming up. Consumption of alcohol is all we're getting.
3      THE COURT: Well, look under gross future earnings,
4  survivorship, wrongful death --
5      MR. BLEWETT: Wrongful death.
6      THE COURT: -- gross future earnings versus net.
7  Whatever.
8      Let's get the jury in here and get going while he's
9  researching, and then, after you're done with your direct,
10 before the cross, we'll meet at side bar.
11     MR. MOYERS: (Nodded head affirmatively.)
12     (Jury present.)
13     THE COURT: Please be seated.
14     Good morning, ladies and gentlemen.
15     Mr. Blewett, you may call your next witness.
16     MR. BLEWETT: Thank you, Your Honor. The plaintiff
17 will call Dr. Stan Smith.
18     WHEREUPON,
19         STAN V. SMITH, Ph.D.,
20 called for examination by counsel for plaintiff, after having
21 been first duly sworn to testify the truth, the whole truth,
22 and nothing but the truth, testified as follows:
23         DIRECT EXAMINATION
24 BY MR. BLEWETT:
25 Q. Good morning.

1 papers in peer-reviewed journals, which is a process in the
2 science of economics where your paper is reviewed by others
3 before it's published.
4  I published a textbook. I wrote the first textbook in
5 the field of forensic economics, and, in fact, I taught the
6 first course in the field of forensic economics in downtown
7 Chicago at De Paul University. There are now maybe ten other
8 places that teach forensic economics in the country, and so
9 far my understanding is that my textbook, or portions of it,
10 is used in every one of those courses.
11 Q. How about presentations? Have you been involved in
12 presentations in the area of economics?
13 A. I have. I have spoken at the American Bar Association
14 several times at the annual meeting, at the annual meeting of
15 the Defense Research Institute, annual meetings of many state
16 bar associations. I spoke several times here in Montana.
17 And, oh, I've made presentations to the American Litigation
18 Institute. Discussed my work on Larry King live one time.
19 Q. Through your knowledge and experience in economics, do
20 you have opinions concerning the ability for a person to enjoy
21 life in the United States having economic value?
22 A. Oh, absolutely.
23 Q. And what is that called?
24 A. Well, the term I gave it, the name I gave it is called
25 hedonic damages. It's an economic term, that word "hedonic."

1 It's different from "hedonistic."
2  It's a mechanism, a mathematical mechanism for separating
3 the price of a particular good into different components. So
4 we use hedonic, what are called hedonic price equations in the
5 field of economics to break down the price of something into
6 its various components. And I use the term "hedonics" to
7 distinguish between what we normally think of as economic
8 damages in court, such as earnings or sometimes if people are
9 injured and need medical cost over their lifetime, household
10 services, so that hedonic damage is really the value of our
11 being, separate from the value of our work.
12 Q. Well, is the value of a human being limited to what a
13 person can earn?
14 A. No. Absolutely not. We have value as an economic
15 machine. So just as a horse has value -- it plows the
16 field -- the human has value if it goes to work, makes a
17 living. Also, value in the household; you know, making beds,
18 cooking, and all that kind of thing. Those are all valuable
19 things; and those are all traditionally measured.
20  But we also place a significant value on our life, on the
21 quality of our life, and we go to a great extent and great
22 trouble to preserve that quality of our life. We eat healthy,
23 we exercise, not perfectly, but we care about our life, and we
24 take whatever care we can to have the best quality of life we
25 can.

FILED

JUN -3 AM 8: 36

By _____ Dally

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

PAUL MEISMER, guardian ad litem, for )
AMANDA M. ROHM, a minor, and )
MARIE LYNETTE CYPHERS, )
individually, )
    Plaintiffs, )   CV 97-186-M-DWM
                )
    v. )   ORDER
                )
FUJI HEAVY INDUSTRIES CO., LTD., a )
foreign corporation, and SUBARU OF )
AMERICA, Inc., a New Jersey )
Corporation, )
    Defendants. )

See P 10

## I. Introduction

This action arises out of a single vehicle accident involving a 1985 Subaru on September 7, 1997 near Bigfork, Montana. Amanda Rohm, a minor who was wearing a lap belt in the right rear seat, was rendered a paraplegic from injuries sustained in the accident. Plaintiffs bring claims in strict liability, failure to warn, breach of warranty, and seek punitive damages.[1] Plaintiffs have filed a motion for partial summary judgment and three motions in limine, including one with eight sub-parts and one with three sub-parts. Defendants have filed six motions for partial summary judgment and

---

[1] While the complaint alleges a cause of action called Punitive Damages, no such claim exists unless it is the tort of outrage that is pled. In this case punitive damages amount to an element of potential damage assuming a threshold of proof regarding the statutory requirements are met. §27-1-220 MCA (Damages for the sake of example)

RECEIVED JUN 0 4 1999

1

seven motions in limine, including one with four subparts.

The motions are granted, denied, or reserved for later ruling as set out in this Order.

## II. Discussion

### A. Plaintiffs' Motion for Partial Summary Judgment and for Costs.

Plaintiffs seek summary judgment on defendants' affirmative defense of unreasonable misuse, seeking to strike it as a matter of law. They also want costs and fees in bringing the motion since defendants failed to supplement their discovery responses by admitting that the misuse of the seat belt was foreseeable.

Both parties agree that at the time of the accident Ms. Rohm's lap belt was secured across her abdomen at navel height. Defendants maintain that the proper position for the belt is lower – across the pelvis, securing the rider's iliac crests. The issue is whether the seat belt position in this case was a foreseeable misuse of the product. In general, contributory negligence is not a defense to a seller defending an action brought in strict liability in Montana. §27-1-719(5) MCA. However, a seller may assert an affirmative defense if the product was unreasonably misused.

The law allows the defense of misuse when the manufacturer could not have foreseen the misuse. If the misuse is foreseeable, it is not unreasonable and the defense is not available to the manufacturer. Lutz v. National Crane, 267 Mont. 368, 376 (1994). Defendants' experts concede that the "mislocation" of the belt was foreseeable misuse. Consequently, the defendants agree to an order dismissing the product misuse defense pled in their answers.

Nevertheless, defendants argue that evidence of the belt position is admissible for other purposes such as alternative causation evidence. Relying on a Montana

2

treatment, and prognosis for Ms. Rohm. The motion will be granted.

7. Stan Smith, Ph. D.: The admission of expert testimony pursuant to Rule 702 must be both relevant and reliable. Daubert v. Merrell Dow Pharmaceutical, 509 U.S. 579 (1993). The Court has a "gatekeeping" obligation in determining the reliability of specialized testimony. The test of reliability is "flexible" and the law "grants a district court broad latitude" in determining reliability. Kumho Tire co. Ltd. v. Carmichael, 119 S.Ct. 1167, 1171 (1999).

Smith is an economist whose area of expertise is known as hedonic theory. That theory of loss attempts to quantify the value of human life not based upon the traditional models of lifetime earnings, but upon a willingness to pay for life. Hedonic damages based upon willingness to pay principles may be controversial, but they have sufficient acceptance within the economic field to be reliable.

The problem with willingness to pay models is that the methodology does not take into account facts specific to the particular plaintiff. Whereas testimony about the value of life may be reliable, estimating the diminution to life's enjoyment caused by an injury to a particular plaintiff is troublesome. A jury may employ an average value of life as a benchmark in measuring the loss of enjoyment of life for a particular plaintiff. Such proof may provide guidance and assistance to a jury to sort out the value of certain of life's attributes.

Accordingly, if the foundation is laid, Dr. Smith will be allowed to testify how hedonic theory quantifies the value of life, but he will not be allowed to offer specific percentages of loss of enjoyment of life for this particular plaintiff. The jury is capable of determining the amounts of intangible loss based upon their experience. The motion is granted in part and denied in part.

10

11) defendants' second motion in limine as to the Claybrook letter (docket 93) is RESERVED;

12) defendants' third motion in limine as to alleged violations of FMVS 209 (docket 94) is RESERVED;

13) defendants' fourth motion in limine as to NTSB Report # SS 86/03 (docket # 95) is RESERVED;

14) defendants' fifth motion in limine as to other accidents and lawsuits (docket 96) is GRANTED;

15) defendants' sixth motion in limine as to Peter Sorini, M.D. (docket 97) is GRANTED;

16) defendants' seventh motion in limine as to economic expert Stan Smith (docket 98) is DENIED in part and GRANTED in part as previously discussed.

DATED this _9th_ day of June, 1999.

Donald W. Molloy
United States District Judge

12

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE DEMPSEY and
NANCY DEMPSEY,
      Plaintiffs,

       v.

SHILEY INC. et al.,
      Defendants.

)
)
)
)
)
)
)
)
)
)

Civil Action No. 96-1745
Re: Doc's 86, 76, 77, 78,
79 and 80

JUDGE CINDRICH
MAGISTRATE JUDGE CAIAZZA

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

I.  RECOMMENDATIONS

Case 2:08-cv-04217-NKL   Document 187   Filed 12/01/09   Page 37 of 56

distress related to the explantation surgery be denied.

Lastly, this court recommends that the Defendants' motion be denied as to loss of enjoyment of life. (Defs.' Mot., Doc. 80).

In accordance with the Magistrates Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, objections to this report and recommendation are due by March 5, 1998. Responses to objections are due by March 20, 1998.

Francis X. Caiazza
U.S. Magistrate Judge

February 17, 1998
Dated

cc:
U.S. District Judge Cindrich

Attorneys for Defendants:

G. Daniel Carney, Esq.
Maureen P. Kelly, Esq.
Thorp, Reed & Armstrong
One Riverfront Center
Pittsburgh, PA 15222

Steve Glickstein, Esq.
David Klingsberg, Es.
Maris Veidemanis, Esq.
Kaye, Scholer, Fierman, Hays & Handler, LLP
425 Park Avenue
New York, NY 10022

51

---

## III. CONCLUSION

This court makes the following recommendations with respect to the Defendants' six separate motions for partial summary judgment. It is recommended that the Defendants' motion be granted as to breach of implied warranty (count III) and express warranty (count IV). (Defs.' Mot., Doc. 86).

The Defendants' motion should be granted in part and denied in part as to federal preemption. This motion should be denied, except to the extent that the Plaintiffs' claim rests on a theory of fraud on the FDA. (Defs.' Mot., Doc. 76).

The Defendants' motion should be granted in part and denied in part as to defective manufacture. This court recommends that this motion be granted as to strict liability (count VI) solely, and denied as to all other claims (e.g., negligence). (Defs.' Mot., Doc. 77).

The Defendants' motion regarding intentional infliction of emotional distress ("IIED") (count VI) should be denied. (Defs.' Mot., Doc. 78). Further, the Defendants' motion with respect to IIED prior to the replacement of Mr. Dempsey's heart valve should be granted only to the extent that the Plaintiffs' claim is based on injuries from fear of fracture. (Defs.' Mot., Doc. 79). It is recommended that the Defendants' motion with respect to emotional

50

FILED

IN THE UNITED STATES DISTRICT COURT
SANTA FE, NEW MEXICO

NOV 17 1997

Robert M. March
CLERK

IN THE UNITED STATES DISTRICT COURT UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RON SMITH and LUCY SMITH,

Plaintiffs,

v.                                          No. CIV 94-1083 MV/DJS

INGERSOLL-RAND CO.,

Defendant.

MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Ingersoll-Rand's Motion in Limine to
Exclude the Testimony of Stan V. Smith's Expert Testimony Regarding Loss of the Value of Life,
filed August 17, 1995 [Doc. No. 54]. The Court, having fully considered the responsive pleadings
and relevant case law, finds that this motion is well taken and will be granted in part.

**Background**

On April 5, 1993, Ron Smith suffered a severe injury when the wheel of an Ingersoll-Rand
milling machine owned by his employer ran over his right foot and leg. As a result, doctors
amputated Mr. Smith's leg above the knee, and Mr. Smith has endured extensive medical,
psychological, and psychiatric treatment. Ron and Lucy Smith have sued Ingersoll-Rand in a product
liability action, claiming as an element of their damages loss of enjoyment of life, or hedonic damages.
Mr. and Mrs. Smith seek to quantify their hedonic damages through the testimony of forensic

economist Stan V. Smith. Stan Smith, as an expert who has testified in dozens of cases, would
explain to the jury Mr. Smith's loss of wages both as a function of an average work life and full time
employment, would present evidence as to the value of lost household services, and would offer the
jury a valuation of Mr. and Mrs. Smith's loss of the enjoyment of life. It is to this last proposed
testimony that Ingersoll-Rand objects.

Stan Smith would testify on the valuation of the loss of enjoyment of life based on three types
of economic studies: willingness-to-pay studies, "studies meant to determine how much Americans
pay to reduce risks or charge for assuming them," Mercado v. Ahmed, 974 F.2d 863, 870
(7th Cir. 1992), studies of wage risk premiums to workers, where certain sectors of the labor force
receive or demand higher wages in return for assuming higher risks in employment, and cost-benefit
analyses of government regulations, based on "government calculations about how much to spend
(or force others to spend) on health and safety," Id. at 871.

**Discussion**

In this diversity action Plaintiffs can recover hedonic damages. Romero v. Byers,
117 N.M. 422, 872 P.2d 840 (1994); Sena v. New Mexico State Police, 119 N.M. 471, 892 P.2d 604
(Ct. App. 1995), cert. denied, 119 N.M. 389, 890 P.2d 1321 (1995). New Mexico law also allows
"an economist to testify regarding his or her opinion concerning the economic value of a plaintiff's
loss of enjoyment of life." Sena, 119 N.M. at 478, 892 P.2d at 611. This Court, however, applies
federal rules of evidence. Gilbert v. Cosco Incorporated, 989 F.2d 399, 400 n.2 (10th Cir. 1993).
At the outset, the Court must decide whether to apply to this proposed testimony the
standards set out by the Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579
(1993). The Court concludes that Daubert does not apply, and that it should examine this evidence

2

under the general standard of Rule 702.

Compton v. Subaru of America, Inc., 82 F.3d 1513 (10th Cir. 1996), cert. denied, __ U.S. __, 117 S.Ct. 611 (1996), teaches that Daubert is not a ubiquitous test to apply whenever the issue of expert testimony surfaces. Instead, the Daubert ruling limits its applicability to instances where a party offers expert scientific testimony that implicates novel scientific evidence. Id. at 1518. Daubert does not completely change a traditional Rule 702 analysis, but rather directs courts to consider additional factors where an expert witness offers testimony, of a scientific nature, "based upon a particular methodology or technique." Id. at 1519. In Stan Smith's instance, the Court finds that Daubert does not apply.

Stan Smith would testify based upon economic studies that he has applied to a valuation of hedonic damages. This testimony is not one that requires the rigors of the scientific process; it falls into the category of social science, a discipline dealing with human behavior and societal values that does not easily lend itself to scientific evaluation. Stan Smith is a nonscientific expert whose credentials include substantial formal instruction in the techniques of a discipline. See, e.g., Edward J. Imwinkelried, The Next Step After Daubert: Developing a Similarly Epistemological Approach to Ensuring the Reliability of Nonscientific Expert Testimony, 15 Cardozo L. Rev. 2271, 2278 (1994). The Court finds, therefore, that Daubert does not apply in this case, and that the proper analysis of the proposed testimony lies under Rule 702.

Recognizing that the touchstone of Rule 702 admissibility is helpfulness to the trier of fact, Compton, 82 F.3d at 1518, the Court nevertheless is concerned here with the reliability of Stan Smith's proposed testimony. Most troubling to the Court is that the starting points for Stan Smith's analyses are studies that differ greatly in their valuation of a statistical human life. See, e.g., Mercado

3

v. Ahmad, 756 F. Supp. 1097 (N.D. Ill. 1991), aff'd, 974 F.2d 863 (7th Cir. 1992); Mercado v. Ahmad, 974 F.2d 863 (7th Cir. 1992); Avery v. Robinson, 887 F. Supp. 1049, 1059 (N.D. Ill. 1995).

This lack of reliability shows the potential for Stan Smith's valuation testimony to be both unhelpful and confusing to the jury. Thus, applying Rule 702 to the proposed testimony, the Court will not allow Stan Smith to place a value on Ron and Lucy Smith's hedonic damages.

The Court will not, however, completely exclude Stan Smith's testimony. Stan Smith can and should quantify for the jury, if appropriate, his opinion as to Ron Smith's loss of wages both as a function of an average work life and full time employment, and to the value of lost household services. Moreover, Stan Smith can also present his opinion as to the value of Lucy Smith's losses with respect to wages and household services. Lastly, Stan Smith can help the jury, without referring to monetary values, understand the meaning of hedonic damages.

A discussion of the elements of hedonic damages is appropriate. Hedonic damages are a recent addition to New Mexico law. Romero, 117 N.M. 422, 872 P.2d 840 (1994), Sena, 119 N.M. 471, 892 P.2d 604 (Ct. App. 1995). Testimony explaining hedonic damages and how they differ from other damages, particularly pain and suffering, from someone who has spent a significant amount of time studying the issue of hedonic damages would assist the trier of fact in this case.

Moreover, the risk of not allowing such testimony is that the jury may not give hedonic damages the proper consideration they deserve as part of the substantive law of New Mexico. Testimony on the nature of hedonic damages would help the jury more fully understand the concept of hedonic damages and place a value on a loss that is difficult to quantify. So long as the law will allow damages, the law must allow the vehicle by which a jury can fully and fairly consider and arrive at a proper measure of those damages.

4

THEREFORE,

IT IS HEREBY ORDERED that Defendant Ingersoll-Rand's Motion in Limine to Exclude

the Testimony of Stan V. Smith's Expert Testimony Regarding Loss of the Value of Life, filed

August 17, 1995 [Doc. No. 54], be, and hereby is, granted in part.

November 14, 1997

_____
UNITED STATES DISTRICT JUDGE

**Counsel for Plaintiffs**

Esteban A. Aguilar, Esq.
1011 Lomas, NW
Albuquerque, NM 87102
(505) 242-6677
Fax: 242-6555

Michael Aaronson, Esq.
1515 Montana
El Paso, TX 79902

**Counsel for Defendants**

Deborah A. Solove, Esq.
Stephen M. Williams, Esq.
Miller, Stratvert, Torgerson & Schlenker
PO Box 25687
Albuquerque, NM 87125
(505) 842-1950
Fax: 243-4408

William H. Robinson Jr., Esq.
Wright, Robinson, McCammon, Osthimer
& Tatum
411 East Franklin Street, Fourth Floor
Richmond, VA 23219-2205
(804) 783-1100

5

Case 2:08-cv-04217-NKL   Document 187   Filed 12/01/09   Page 41 of 56

F I L E D
United States Court of Appeals
Tenth Circuit

JUN 7 2000

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RON SMITH and LUCY SMITH,

Plaintiffs-Appellees,

v.                                              No. 98-2340

INGERSOLL-RAND COMPANY,

Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-94-1083-MV)

John M. Kobayashi (Bennett L. Cohen, The Kobayashi Law Firm, P.C., Denver,
Colorado; and Barry Ostrager, Mary Beth Forshaw, and Daniel H. Tabak, Simpson
Thacher & Bartlett, New York, New York, with him on the briefs), The Kobayashi Law
Firm, P.C., Denver, Colorado, for Defendant-Appellant.

Esteban A. Aguilar (James A. Branch, Jr. and Michael B. Browde, Albuquerque, New
Mexico, with him on the brief), Aguilar Law Offices, Albuquerque, New Mexico, for
Plaintiffs-Appellees.

Before HENRY and PORFILIO, Circuit Judges, and WEINSHIENK,* District Judge.

PORFILIO, Circuit Judge.

Ingersoll-Rand Company appeals from a judgment entered following a jury

verdict assessing a total of $27,268,661 in actual and punitive damages for injuries

arising from an incident in which a machine manufactured by the company injured

appellee, Ron Smith. Ingersoll-Rand contends the district court erred on numerous

grounds warranting reversal. We disagree and affirm.

## I. BACKGROUND

At the center of this case is a large piece of construction equipment known as a

milling machine. Used to remove pavement prior to resurfacing a road, this machine

"chews" through asphalt or concrete with a revolving cutting drum and ejects the debris

out the front of the machine on a conveyer belt into a waiting dump truck. To insure the

machine cuts to a uniform depth, a pair of sensor "skis" drag along the surface of the

road on either side of the cutting drum, following the undulations of the road surface and

raising or lowering the drum to maintain a consistent cut depth. Testimony at trial

indicated these sensor skis periodically become clogged with the detritus incumbent in

the milling operation and jam in a position above the road surface. This forces the

cutting drum to rise out of the cut and effectively halts the milling operation until the skis

can be dislodged.

*The Honorable Zita L. Weinshienk, Senior District Judge for the United States
District Court for the District of Colorado, sitting by designation.

-2-

Operation of the milling machine requires a crew of two or three people, an operator who drives the machine, and one or two groundsmen, who walk in close proximity to the sides of the machine, setting the depth of cuts, telling the operator when to begin and end cuts, alerting the operator of obstructions such as manhole covers, and dislodging the sensor skis when they become jammed. Testimony at trial indicated groundsmen commonly free the jammed skis by hammering them back down into position with a shovel or hammer.

On April 5, 1993, Ron Smith was a groundsman for a road crew operating an Ingersoll-Rand milling machine in Las Cruces, New Mexico. Toward the end of the workday, Mr. Smith was using a short sledgehammer to dislodge a jammed ski while the machine backed up. The machine operator, apparently unaware of Mr. Smith's presence, turned the wheels to reposition the machine for a new cut. Mr. Smith's right foot became trapped under the front tire of the machine, crushing his foot and injuring his lower leg to a degree that necessitated the surgical amputation of his right leg above the knee.

Mr. Smith and his wife, Lucy, sued Ingersoll-Rand under theories of strict liability and negligence. The Smiths alleged the milling machine was dangerously defective because of the lack of mirrors which would enable the driver to see the sides and rear of the machine, the jamming of the ski system, the lack of guards around the front tires, and a lack of warning signs. At trial, the Smiths contended Ingersoll-Rand had "rushed" the milling machine to market without undertaking adequate safety studies and that the

company failed to add safety features even after several accidents made the machine's defects obvious. At the close of the evidence, Ingersoll-Rand moved for judgment as a matter of law. The district court denied the motion, and the jury found in favor of the plaintiffs, awarding Mr. Smith $8,529,465.20 and Mrs. Smith $1,279,192.51 in compensatory damages, and imposing $17,400,000 in punitive damages. Ingersoll-Rand then renewed its motion for judgment as a matter of law, and, in the alternative, moved for a new trial or a remittitur of damages. The district court denied these motions.

Ingersoll-Rand now raises a superfluity of issues on appeal.

## II. JURY EXPOSURE TO EXTRINSIC MATERIAL

We begin with Ingersoll-Rand's claim that a new trial is necessitated by the jury's exposure to extrinsic materials during deliberations. In the course of deliberations the jury requested a large writing tablet. In response to their request, the jurors were given an easel and large notepad which, unbeknownst to the court, contained nine pages of information written by the plaintiffs' counsel and one of the plaintiffs' experts during trial. When the notepad was discovered in the jury room after deliberations, the district court notified counsel and held two evidentiary hearings to determine whether the jurors were exposed to the pages. After hearing the testimony of the jury foreman and the juror who had acted as scribe, the district court determined there was not the "slightest possibility" Ingersoll-Rand was prejudiced by the presence of the notepad pages in the

jury room. Ingersoll-Rand contends the district court erred and it is entitled to a new trial.

Unfortunately, this Court appears to have developed two different standards by which a trial judge is to assess the impact of exposure to extraneous material on a jury. In one vein of our case law, we have held jury exposure to extrinsic material warrants a new trial if there is the "slightest possibility" the exposure affected the verdict. See United States v. Byrne, 171 F.3d 1231, 1235-36 (10th Cir. 1999) (upholding district court's finding there was not the "slightest possibility" harm resulted from unadmitted exhibit inadvertently given to jury); United States v. Jaramillo, 98 F.3d 521, 525 (10th Cir. 1996) (same); United States v. Wood, 958 F.2d 963, 965-67 (10th Cir. 1992) (upholding grant of new trial where district court found slight possibility jury exposure to a prosecution exhibit inadvertently left in jury room might have harmed defendant); Johnson v. Makowski, 823 F.2d 387, 390-91 (10th Cir. 1987) (upholding district court's finding of not even the slightest possibility of harm where defense exhibit not received into evidence was given to jury); United States v. Marx, 485 F.2d 1179, 1184 (10th Cir. 1973) (finding, given overwhelming evidence of defendants' guilt, there was not the slightest possibility the presence of unadmitted government exhibits in jury room harmed the defendants).

In a second vein, we have held jury exposure to extraneous information creates a "presumption of prejudice" which may be rebutted by showing the exposure was

harmless. See United States v. Aguirre, 108 F.3d 1284, 1288 (10th Cir. 1997) (holding jury's use of dictionary to look-up the definition of a term relevant to defendant's alleged offense raised presumption of prejudice); Mayhue v. St. Francis Hospital of Wichita, Inc., 969 F.2d 919, 922-26 (10th Cir. 1992) (upholding district court's order of new trial on basis that plaintiff failed to overcome presumption of prejudice raised by jury foreman's use of dictionary to define legal terms for other jurors); United States v. Hornung, 848 F.2d 1040, 1043-45 (10th Cir. 1988) (upholding presumption of prejudice test where third party volunteered information about criminal defendant to juror); United States v. Day, 830 F.2d 1099, 1139 (10th Cir. 1987) (upholding use of the presumption of prejudice approach when juror held brief conversation with government witness in court restroom); United States v. Greer, 620 F.2d 1383, 1385 (10th Cir. 1980) (upholding the application of the presumption of prejudice approach where U.S. Marshal engaged juror in conversation during lunch break at trial); United States v. Gigax, 605 F.2d 507, 515 (10th Cir. 1979) (upholding use of the presumption of prejudice approach to conversations between jurors and third parties).

Ingersoll-Rand urges us to conflate the two approaches, arguing we should presume prejudice, and then allow the rebuttal of that presumption only upon a showing that there is not the slightest possibility the extrinsic evidence affected the verdict. Such an approach has superficial appeal, but is inconsistent with our case law, which clearly treats the two approaches as independent methods of appraising the impact of extrinsic

evidence on a jury. The critical distinction between the two approaches, of course, may be found in the placement of the initial burden of proof. Under the "slightest possibility" approach the burden –however light– of showing that harm occurred rests on the moving party. In contrast, the presumption of prejudice approach relieves the moving party of any burden and forces the nonmovant to prove any exposure was harmless.

One may posit factual distinctions between the situations in which this Court has employed the presumption of prejudice approach and those in which we have employed the slightest possibility approach: generally, we appear to use the latter when unadmitted trial exhibits stray into the jury room, while the former is generally applied where jurors actually come into contact with third parties. However, such factual distinctions strike us as tenuous at best, and we can see no justifiable jurisprudential reason why a jury's exposure to written statements not in evidence should be treated any differently than a jury's exposure to oral statements not in evidence. Compare Wood, 958 F.2d at 966 with Mayhue, 969 F.2d at 921-23.

Having identified this bifurcation in our case law, judicial discretion dictates that we leave its ultimate resolution for another day. First, precise resolution requires adopting one standard to the foreclosure of the other, an act which may only be undertaken by this court sitting en banc. In re Smith, 10 F.3d 723, 724 (10th Cir. 1993). Second, under the facts of this case, it is quite clear Ingersoll-Rand was not harmed by

the presence of the extrinsic material in the jury room regardless of which standard is applied.

Under either standard, we review the district court's determination for an abuse of discretion, reversing only where the decision was "arbitrary, capricious, whimsical, or manifestly unreasonable." Byrne, 171 F.3d at 1235; See also Mayhue, 969 F.3d at 922 (presumption of prejudice approach reviewed for abuse of discretion). Our deference is mandated by the limitations inherent in the appellate process, for we face a cold record, while the trial judge "has the advantages of close observation of the jurors and intimate familiarity with the issues at trial." Mayhue, 969 F.2d at 922 (quoting United States v. Cheyenne, 855 F.2d 566, 568 (8th Cir. 1988)). The trial judge is therefore "uniquely qualified to appraise the probable effect of information on the jury, the materiality of the extraneous material, and its prejudicial nature." Wood, 958 F.2d at 966 (quoting United States v. Bagnariol, 665 F.2d 877, 885 (9th Cir. 1981)).

In this case, the trial court appropriately heeded our admonition to assess the possibility of prejudice by "reviewing the entire record, analyzing the substance of the extrinsic evidence, and comparing it to that information of which the jurors were properly aware." Hornung, 848 F.2d at 1045. When it learned of the presence of extraneous evidence in the jury room during deliberations, the trial court notified the parties, and as the law of this circuit requires, held hearings to determine the extent of the improper contact. Id. After interviewing two jurors– the foreman and the scribe who

actually used the notepad--the district court determined, as a matter of fact, the jury saw only the first of the nine notepad pages. However, in an abundance of caution, the court analyzed the effect of the extrinsic evidence under the assumption the jury had seen all nine pages. The trial court found all the information contained on the notepad was "cumulative and duplicative" of evidence properly admitted at trial.[2] Additionally, the presence of this information in written form did not prejudice Ingersoll-Rand because the jurors, which the district court described as "particularly attentive," were allowed to take notes at all times during the trial. The district court thus concluded Ingersoll-Rand was not prejudiced by the jury's exposure and denied the motion for a new trial. Our review of the record, and in particular of the notepad pages present in the jury room, convinces us the district court's conclusion that Ingersoll-Rand was not prejudiced by no means constitutes an abuse of discretion.

III. DAUBERT AND EXPERT TESTIMONY CONCERNING DESIGN DEFECT AND HEDONIC DAMAGES

[2] The fact the notepad contained only properly admitted evidence distinguishes this case from *United States v. Wood*, 958 F.2d 963 (10th Cir. 1992), where the district court granted a new trial after evidence which had explicitly been denied to the jury turned up in the jury room during deliberations. Ingersoll-Rand does contend some of the information contained on the notepads --the calculations of Ron Smith's future earnings, Lucy Smith's lost wages, and the cost of Lucy Smith's counseling-- were admitted into evidence without a proper evidentiary foundation. This allegation lacks merit. Our review of the record reveals no indication the district court abused its discretion in admitting this testimony. *Orth v. Emerson Elec. Co.*, 980 F.2d 632, 637 (10th Cir. 1992) (holding question of whether adequate foundation exists to support a particular piece of evidence is reviewed for abuse of discretion).

- 9 -

Ingersoll-Rand contends the district court abdicated the gatekeeping requirements imposed by *Daubert v. Merrell Dow Pharmaceutical, Inc.*, 509 U.S. 579 (1995), in admitting the testimony of two experts regarding defects in the milling machine and the testimony of a third expert concerning hedonic damages. We apply an abuse-of-discretion standard when reviewing a trial court's decision to admit or exclude expert testimony. *General Electric v. Joiner*, 522 U.S. 136, 138-39 (1997).

In *Daubert*, the Supreme Court held Federal Rule of Evidence 702 requires the trial court to ensure any scientific testimony offered under the rule is "not only relevant, but reliable." 509 U.S. at 589. In *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), which was decided after the district court ruled in this case, the Supreme Court significantly clarified the scope of *Daubert*, holding the Rule 702 gatekeeping duties of the trial judge apply to all expert testimony, whether such testimony is based on scientific, technical or other specialized knowledge. *Kumho* also makes it clear that the gatekeeping function is a flexible and commonsense undertaking in which the trial judge is granted "broad latitude" in deciding both how to determine reliability as well as in the ultimate decision of whether the testimony is reliable. *Id.* at 141-42. The purpose of the *Daubert* gatekeeping function is not to measure every expert by an inflexible set of criteria but to undertake whatever inquiry is necessary to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in

- 10 -

the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152.

Ingersoll-Rand contests the admission of the testimony of Dr. Edward Karnes, offered by the plaintiffs as an expert in "human factors engineering," or "ergonomics," and Vincent Gallagher, offered by the plaintiffs as an expert safety consultant. Dr. Karnes testified, based on a review of depositions and discovery material, Ingersoll-Rand failed to conduct an adequate human factors analysis of the milling machine before marketing it. He also testified, from the standpoint of human factors analysis, that the lack of adequate visibility around the vehicle and the noise, which prevented adequate communication among workers, made the machine unreasonably dangerous and defective. Asked what devices he would recommend adding to the machine to increase safety, Dr. Karnes testified the machine should have had mirrors to enable the operator to view the groundsmen on either side. Finally, Dr. Karnes disputed Ingersoll-Rand's claim that mirrors would create a false sense of security leading to more accidents, testifying the claim was a rationalization which had been tested and disproven in human factors literature.

For his part, Mr. Gallager testified, based on his review of depositions and discovery documents, Ingersoll-Rand failed to conduct appropriate hazard analyses and risk assessments before marketing the milling machine. He opined the failure to properly consider the hazards and risks led to adoption of improper safety measures. Ingersoll-

Rand argues the conclusions of both Mr. Gallager and Dr. Karnes are unreliable under *Daubert* because neither had firsthand experience with milling machines.

We see no abuse of discretion in the district court's decision to admit the testimony of both Dr. Karnes and Mr. Gallagher. The record discloses they are amply qualified as experts in their respective fields, and their testimony was limited to matters within their fields of expertise. Neither possessed firsthand knowledge of the particular machine at issue, but firsthand knowledge is not requisite to the admissibility of an expert opinion. *Daubert*, 509 U.S. at 592 ("[A]n expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation."). The bulk of the testimony by both Mr. Gallagher and Dr. Karnes focused on the procedures Ingersoll-Rand followed in developing and marketing the milling machine, an area into which firsthand observation of the machine would shed little light. Nevertheless, to the extent the lack of firsthand experience by either expert is relevant, it goes, as the district court ruled, to the weight and not the admissibility of the testimony. *See* 63B AM. JUR. 2D *Products Liability* § 1860 (1997).

Ingersoll-Rand also objects to the testimony of Stan Smith, a forensic economist. At trial, the plaintiffs attempted to have him testify, based on his own calculations, that Ron Smith's "hedonic" or "loss of enjoyment of life" damages fell between $1,742,514 and $2,323,411. Ingersoll-Rand moved in limine to exclude this testimony.

Responding to Ingersoll-Rand's motion in limine to exclude Stan Smith's hedonic damages testimony, the district court, relying on our decision in *Compton v. Subaru of America, Inc.*, 82 F.3d 1513 (10th Cir. 1996), *overruled by Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), determined Stan Smith's testimony was not "scientific" and therefore *Daubert* was inapplicable. Nonetheless, the district court found Stan Smith's valuations of a statistical human life to be unreliable and concluded any attempt to quantify Ron Smith's hedonic damages would be "both unhelpful and confusing to the jury." The district court therefore excluded any testimony purporting to quantify hedonic damages.

The district court did, however, allow Stan Smith to testify about the meaning of hedonic damages. The court reasoned that, as hedonic damages are explicitly allowed under New Mexico law, testimony "explaining hedonic damages and how they differ from other damages, particularly pain and suffering" would ensure hedonic damages were given the "consideration they deserve as part of the substantive law of New Mexico" and would help the jury "place a value on a loss that is difficult to quantify."

Although it succeeded in excluding all testimony quantifying hedonic damages, Ingersoll-Rand appeals, arguing, first, that expert testimony about hedonic damages is inherently unreliable under *Daubert* and, second, that the district court allowed Stan Smith to define New Mexico substantive law on hedonic damages in violation of the court's duty to charge the jury on matters of law.

-13-

Ingersoll-Rand's claim necessitates differentiating hedonic damages as a concept from the methodology generally used in their computation. The concept of hedonic damages is premised on what we take to be the rather noncontroversial assumption that the value of an individual's life exceeds the sum of that individual's economic productivity. In other words, one's life is worth more than what one is compensated for one's work.[3] The assumption that life is worth more than the sum of economic productivity leads to the equally noncontroversial conclusion that compensatory awards based solely on lost earnings will under-compensate tort victims.[4] The theory of hedonic damages becomes highly controversial when one attempts to monetize that portion of the value of life which is not captured by measures of economic productivity.

Attempts to quantify the value of human life have met considerable criticism in the literature of economics as well as in the federal court system. Troubled by the disparity of results reached in published value-of-life studies and skeptical of their underlying methodology, the federal courts which have considered expert testimony on hedonic damages in the wake of *Daubert* have unanimously held quantifications of such damages inadmissible. *See, e.g., Sulla v. Sears Roebuck & Co.*, 47 F. Supp. 2d 141, 148-49 (D. Mass. 1999) (finding Stan Smith's hedonic damages testimony inadmissible

---

[3] Those of us who toil in the public sector have little trouble with this concept.

[4] Joseph A. Kuiper, Note, *The Courts, Daubert, and Willingness-to-Pay: The Doubtful Future of Hedonic Damages Testimony Under the Federal Rules of Evidence*, 1996 U. ILL. L. REV. 1197, 1203 (1996).

-14-

because his calculations are untestable and the theory does not meet the requirement of general acceptability); *Mercado v. Chicago*, No. 96-C-2787, 1997 WL 537343 (N.D. Ill. 1997) (excluding Stan Smith's hedonic damages testimony due to the lack of unanimity among economists as to which life valuation studies ought to be considered) (citing *Mercado v. Ahmad*, 756 F. Supp. 1097 (N.D. Ill. 1991)); *Brereton v. United States*, 973 F. Supp. 752, 758 (E.D. Mich. 1997) (finding Stan Smith's calculations of hedonic damages unreliable under *Daubert*); *Kurncz v. Honda North America*, 166 F.R.D. 386 (W.D. Mich. 1996) (finding Stan Smith's hedonic damages testimony inadmissable under *Daubert* for the reasons articulated in *Ayers v. Robinson*, 887 F. Supp. 1049 (N.D. Ill. 1995)); *McGuire v. City of Santa Fe*, 954 F. Supp. 230, 232-33 (D.N.M. 1996) (finding, under *Daubert*, hedonic damage testimony is neither testable nor generally accepted); *Ayers v. Robinson*, 887 F. Supp. 1049 (N.D. Ill. 1995) (finding variation of results and assumptions underlying value of life studies made hedonic damages calculations unreliable under *Daubert*); *Hein v. Merck & Co.*, 868 F. Supp. 230 (M.D. Tenn. 1994) (rejecting hedonic damages testimony as insufficiently reliable or valid to meet the requirements of *Daubert*); and *Sullivan v. United States Gypsum Co.*, 862 F. Supp. 317 (D. Kan. 1994) (finding Stan Smith's calculation of hedonic damages to lack sufficient validity to be admissible under *Daubert*).

This case, however, does not require us to determine the admissibility of studies purporting to quantify hedonic damages, and we venture no opinion on that count. We

must instead evaluate the considerably narrower testimony the district court did admit. Here, Stan Smith testified only to the definition of loss of enjoyment of life, which he described as "an estimate of the value of a person's being for enjoyment of life as opposed to the value of a person's doing or their economic productive capacity, whether it's in the marketplace, in the business, or in the household as a service." Stan Smith further testified that in valuing the loss of enjoyment of life he considers the effect the injury has on "the ability to enjoy the occupation of your choice," "activities of daily living," "social leisure activities" and "internal well-being."

As we noted above, the district court, relying on our decision in *Compton*, admitted Stan Smith's testimony without explicitly performing a *Daubert* analysis. We do not believe, however, the bare fact that the district court did not explicitly utilize the *Daubert* analysis in admitting Stan Smith's testimony renders the admission erroneous. *Kumho* teaches that the word *Daubert* is not talismanic; it simply means that prior to admitting expert testimony, the court must insure the testimony "is not only relevant, but reliable." *Kumho*, 526 U.S. at 147.

We believe the district court appropriately exercised its Rule 702 gatekeeping function. First, the district court determined that testimony defining hedonic damages was relevant. As the district court correctly noted, New Mexico state law permits both the recovery of hedonic damages and allows "an economist to testify regarding his or her opinion concerning the economic value of a plaintiff's loss of enjoyment of life." *Sena*

v. *New Mexico State Police*, 892 P.2d 604, 611 (N.M. Ct. App. 1995), *cert. denied*, 890 P.2d 1321 (N.M. 1995). The district court also made an appropriate decision regarding reliability, excluding the quantification which has troubled both courts and academics, but allowing an explanation adequate to insure the jury did not ignore a component of damages allowable under state law.

Ingersoll-Rand also contends Stan Smith's explanation of hedonic damages constituted impermissible testimony on an ultimate question of law, violating our admonition that "In no instance can a witness be permitted to define the law of the case." *Specht v. Jensen*, 853 F.2d 805, 810 (10th Cir. 1988). This rule is not, however, a per se bar on any expert testimony which happens to touch on the law; an expert may be "called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Id.* at 809. Expert testimony on legal issues crosses the line between the permissible and impermissible when it "attempt[s] to define the legal parameters within which the jury *must* exercise its fact-finding function." *Id.* at 809-10 (emphasis added).

We do not believe Stan Smith's testimony constitutes such an attempt. Stan Smith did no more than explain his interpretation of the meaning of hedonic damages and offer four broad areas of human experience which he would consider in determining those damages. Importantly, Stan Smith made no attempt to apply the facts of this case to the criteria he proffered to the jury; the jury remained free to exercise its fact-finding

function. We believe Stan Smith's testimony on hedonic damages no more defined the law of the case than did his testimony regarding the computation of other types of damages. For example, he described in great detail the factors the jury could consider in calculating Ron Smith's lost future earnings. Such testimony is common and certainly does not define the law of the case. 29 CHARLES ALAN WRIGHT & VICTOR JAMES GOLD, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 6264 (1997).

## IV. ADMISSION OF OTHER ACCIDENTS

Ingersoll-Rand's third proposition of error is the district court's admission of evidence concerning six other accidents involving the company's milling machines. We review the admission of evidence for abuse of discretion. *C.A. Associates v. Dow Chemical Co.*, 918 F.2d 1485 (10th Cir. 1990). We must afford great deference to the district court; review of a cold record is a poor substitute for a trial judge's intimate familiarity with the evidence and its role in the context of the trial as a whole.

The threshold inquiry in any dispute over the admissibility of evidence is whether the evidence is relevant. *Id.* at 1489. In situations involving the admissibility of other accidents, relevance is determined by the "substantial similarity" test. *Ponder v. Warren Tool Corp.*, 834 F.2d 1553, 1560 (10th Cir. 1987). Accidents bearing substantial similarity to the case before the court make the existence of a fact of consequence to the action before the court more or less probable, while dissimilar accidents are less likely to bear on a fact of consequence to the case before the court. The precise degree of

experts under *Daubert*, the admission of other acts evidence and the question of the excessiveness of compensatory damages—occur precisely at such junctures. In reviewing questions of this nature, our role is not to determine whether the trial judge proceeded at every juncture exactly as we would have. Instead, we are to defer to the trial judge's decisions unless it is obvious he or she has "exceeded the bounds of permissible choice in the circumstances." *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994). Close review of the record indicates to us the trial judge here acted well within the bounds of permissible choice.

As for the two issues raised by Ingersoll-Rand which warrant closer review –the appropriateness of the jury instructions and the constitutionality of the punitive damages award– our *de novo* review reveals no error in the trial court's initial decisions. We therefore AFFIRM in its entirety the judgment of the district court.

- 37 -

I N D E X

Witnesses for the Plaintiffs:                                    PAGE

STAN SMITH
    Direct by Mr. Aguilar                                          3
    Cross by Mr. Robinson                                         64

---

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RON SMITH and LUCY SMITH,

          Plaintiffs,

VS.                                    NO. CIV 94-1083 MV/DJS

INGERSOLL-RAND CO.,

          Defendant.

COPY

[TRIAL TESTIMONY OF STAN V. SMITH]

          Transcript of Proceedings before The Honorable

Martha Vazquez, United States District Judge,

and a jury, Santa Fe, Santa Fe County, New Mexico,

commencing on November 17, 1997.

Appearances of Counsel:

For the Plaintiffs:     MR. ESTEBAN A. AGUILAR
                        MS. BETH ADAMS-JOHNSON

For the Defendant:      MR. WILLIAM H. ROBINSON, JR.
                        MR. STEPHEN M. WILLIAMS



                        Cathleen E. Marquardt, RMR, CRR
                        United States Court Reporter
                        NM CCR No. 49
                        Post Office Box 237
                        Santa Fe, NM 87504-0237
                        Phone: (505) 988-6631
                        Fax: (505) 988-6332

1     (Santa Fe, Santa Fe County, New Mexico; November 17,

2  1997, in open court.)

3     MR. AGUILAR: Your Honor, the plaintiffs call Stan

4  Smith.

5     THE COURT: Good afternoon, Mr. Smith. If you could

6  please raise your right hand to be sworn.

7     THE CLERK: Do you solemnly swear or affirm that the

8  testimony you are about to give will be the truth under penalty

9  of perjury?

10     THE WITNESS: I do.

11     THE COURT: I'm sorry, that was Dr. Smith, right?

12     THE WITNESS: Either way.

13     STAN V. SMITH,

14  after having been first duly sworn or affirmed under oath, was

15  questioned and testified as follows:

16     DIRECT EXAMINATION

17  BY MR. AGUILAR:

18  Q. Could you please state your name, sir?

19  A. Yes. My name is Stan V. Smith.

20  Q. How are you employed, Mr. Smith?

21  A. I'm employed by -- as president of a company called The

22  Corporate Financial Group, which is a firm that I founded and

23  I'm the owner.

24  Q. When did you found Corporate Financial Group, sir?

25  A. About 12 years ago.

1  you regarding the Ron and Lucy Smith case, please?

2  A. Approximately in early 1990 -- well, let me see my folder

3  here. Yeah, the very beginning of 1995 is when I opened up the

4  file. Likely you and I had a conversation by phone maybe even

5  in December of '94.

6  Q. Can you tell the ladies and gentlemen of the jury what I

7  asked you to do in connection with this case, sir?

8  A. Okay. You asked me to estimate the loss of earnings

9  capacity of Ron Smith, as well as the loss of the value of the

10  household services that he normally would have provided in the

11  household, as well as to estimate the lost future earnings

12  capacity. In addition, you asked me to estimate the lost

13  earnings of Lucy Smith for the job that she had, as well as to

14  be prepared to discuss a concept called loss of enjoyment of

15  life as a result of an injury.

16  Q. All right, sir. Could you, just talking generically for a

17  minute, tell us what the methodology is for computing in the

18  normal case, and I'm not talking about Ron and Lucy Smith's

19  case for just a minute, but in the normal case, can you tell us

20  what the methodology is for computing past wages and loss of

21  future wages?

22  A. Okay. It's a fairly standard methodology. Most

23  economists, just about every economist would employ the same.

24  There is really four steps involved. Firstly, what is the --

25  based on past records that we have in this case and an earnings

1  MR. AGUILAR: I want to take just a couple of seconds
2  to make sure he doesn't talk about any figures.
3  THE COURT: Make sure we're understanding each other
4  because I think, Mr. Williams, I think I am anticipating
5  getting some figures from this witness, but not figures with
6  regard to value of life, is that what you are saying?
7  MR. WILLIAMS: Oh, sure. I understand he can testify
8  about the wages and all that.
9  THE COURT: No. With regard to hedonic damages, is
10 he going to be testifying about any figures with regard to
11 this? Is what people pay for --
12 MR. AGUILAR: That's why I asked the Court earlier.
13 THE COURT: I think that's what part of the objection
14 was. I just want to make sure we're clear on what we're
15 getting into on this witness.
16 MR. AGUILAR: My understanding is that he's not to
17 mention any figures about what any study placed a value of life
18 on at any time, but he can talk about the methodology, he can
19 talk about what hedonics are, he can talk about how it evolved,
20 he can talk about all of that, and he can also mention studies,
21 even though he doesn't talk about figures.
22 THE COURT: Okay. This is an area that is
23 difficult. So, Mr. Williams, please feel free to approach. I
24 don't want argument from counsel table on this issue, but just
25 to make sure that we're within, you know, the ruling. What

---

1  bill. Yes, there are other investments, but of course they are
2  risky, and they may not turn out.
3  Q. This methodology -- by the way, are you through with the
4  methodology for computing future wages?
5  A. Yes.
6  Q. Is this methodology something that is generally accepted
7  by economists who do this type of calculation, sir?
8  A. This general approach is the only approach. All
9  economists do it using this general approach. You must project
10 the future. You must discount the present.
11 Q. All right, sir. Now, if I could ask you to flip over the
12 sheet. Could you talk to us for just a minute about -- oh, and
13 by the way, is loss, future loss of earnings the same thing as
14 lost earning capacity?
15 A. Yes, because we've looked at the ability to earn in the
16 past and assume that that capacity will remain roughly the
17 same.
18 Q. All right. Now, can you talk generally, sir, about how
19 you compute loss of household services?
20 A. Okay. For household services, there are studies that have
21 been conducted in a number of different universities. The one
22 that is most used was a study done at Cornell University, that
23 estimates the number of hours a day that a male or a female
24 will perform in a household. It can take into account the
25 number of children in the household, so when there are children

1 you've described so far is precisely what I permitted.
2       MR. AGUILAR: Okay. And I just want to let the Court
3 know that we are gingerly walking through this patch of
4 strawberries on this because we don't have any guidance on
5 this.
6       THE COURT: I understand. Thank you.
7       (Bench conference concluded.)
8 Q.  (By Mr. Aguilar) Okay, Mr. Smith, let's start over.
9 Could you tell us, sir, again, about what loss of enjoyment of
10 life is, sir?
11 A.  Okay. In the economic world, it is a measurement of both
12 the whole value of a human being's life and then subtracting
13 out the value of wages and services, it is an estimate of the
14 value of a person's being for enjoyment of life as opposed to
15 the value of a person's doing or their economic productive
16 capacity, whether it's in the marketplace, in the business, or
17 in the household as a service.
18       In 1968, a Professor Tom Schelling, who later became
19 president of the American Economic Association, in an article
20 wrote. We have been estimating the value of a human being as if
21 they are nothing but an economic machine, and we know that that
22 only captures just the working value of the human being. And
23 this was a known deficiency in economics for many years, and he
24 suggested a methodology that then became adopted for measuring
25 the nonworking portion of a person's value or the value of the

1 human being as opposed to value of human doing.
2 Q.  And in terms of this case, comparing it to the generic
3 overall methodology that is used in arriving at a definition of
4 loss of enjoyment, is there any difference?
5 A.  Yes. Well, because the statistics and the government
6 studies and the academic studies measure the value of a
7 statistically average person, of their full future capacity to
8 enjoy their remaining life expectancy, and in this case -- and
9 that would be the full value that a person would expect to
10 experience. If they die, they would lose all of that value.
11 If they are injured, they lose some portion of that value.
12 Q.  And in what areas has the research shown that you take
13 into account when you are trying to place a value on the loss
14 of enjoyment of life?
15 A.  Okay. Well, the focus is really on four areas. Firstly,
16 the ability to enjoy the occupation of your choice. So
17 occupational loss, and I don't mean wage loss here, because you
18 could work at a job, become injured, no longer be able to do
19 that which you like to do or were trained to do, satisfied
20 doing, retrain for something else which you don't enjoy as
21 much, don't get as much satisfaction. You may or may not, but
22 you may not get as much satisfaction, and so even though there
23 may be no wage loss or there may be a wage loss, but there's
24 also a loss of satisfaction of not being able to do what you
25 wanted to do. So, there's a loss of enjoyment from not getting

1 as much personal satisfaction and value and benefit from the
2 occupation of your choice.
3 If you used to be a musician and then you become a
4 CPA because you've injured your hand, you can't play, there's a
5 profound shift in what you do, who you associate with, how you
6 go about your day. You may be very competent as a CPA, but you
7 loved your life as a musician. So there's a profound -- maybe
8 a profound shift in the capacity to derive value from working
9 as you were trained and wanted to work.
10 Q. All right, sir.
11 A. The second area is the activities of daily living, how
12 well do you manage your day as you used to. Can you tie your
13 shoes, take a shower, get through your -- and I don't mean
14 perform services in the household. I mean just take care of
15 yourself. Can you run across the street to catch a bus as you
16 normally would if you are later? Can you get in the car, go out
17 for -- you know, do whatever it is that you would normally do
18 to manage your life. How have the activities of your daily
19 living been affected separate and apart from services you
20 provide the household?
21 The third is how have your social leisure
22 activities -- is that right? I before E? -- social leisure
23 activities, which you used to like to garden, jog, marathon,
24 whatever. Each person is individual, and of course, even
25 activities change over time. What you like to do in your 20's

1 may shift in your 30's and what you enjoy doing in your 30's
2 may shift by the time you are 50. But you were free to choose
3 social leisure activities. Could you sit in a chair and read
4 comfortably. Whatever it is, play cards, all that kind of
5 thing. That may shift as a result of an injury. Not only a
6 physical injury, it may shift as a result of emotional
7 consequences of that injury.
8 Q. All right, sir.
9 A. And fourthly, the shift is really the internal shift of,
10 to what extent has it affected your own internal well-being.
11 You may be earning the same amount of money in a new job. You
12 used to be a piano player, now you are a CPA. You, in fact,
13 might have only lost a finger on your hand, so you can't play
14 music, but it's not a major shift in daily capacity to take
15 care of yourself.
16 Your leisure activities, well, you can't produce
17 music the same way, but you can certainly jog and do all sorts
18 of other things. Losing a finger is catastrophic for a
19 musician, but not in terms of leisure activities other than,
20 say, music, but it may produce a profound internal shift in how
21 you view yourself. You are no longer the creator of music that
22 you were before. Your life has changed in some way. To what
23 extent have you coped with that change, to what extent has it
24 shifted you internally, to what extent has your capacity to
25 view yourself as a growing whole human being shifted as a

1  result of the injury.

2  Q.  All right.  Are there any other components?

3  A.  These are the principal domains that are rated.

4  Q.  All right.  Now, let's go back to the first chart, if we

5  would, sir, and let's talk about the economic losses that

6  have -- excuse me, Your Honor -- been suffered by the Smiths,

7  and in particular, let's start with Ron Smith.  Have you

8  reviewed any documents to assist you in your calculations of

9  Ron's economic loss to date?

10  A.  Yes, I have.

11  Q.  Could you tell us what you have reviewed, sir?

12  A.  I have reviewed, well, Ron Smith's deposition, as well as

13  his tax returns, and you know, some review of his physical

14  disabilities --

15  Q.  All right.

16  A.  -- produced by some medical evaluators.

17  Q.  All right, sir.  Have you prepared a table that outlines

18  the economic loss to date suffered by Mr. Smith?

19  A.  Yes, I have.

20  Q.  Okay.  I would like at this time to mark that table as

21  Exhibit 654, and I believe that's Table 100; is that correct,

22  Mr. Smith?

23  A.  Yes.

24  Q.  Could you identify that table for us?  In other words,

25  just tell us what it contains without giving us any specific