**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| **BRENDA F. CAMPBELL**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-4217-CV-C-NKL |
| | ) | |
| v. | ) | Judge Nanette K. Laughrey |
| | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

---

# PARTIES' JOINT SUBMISSION OF
# PROPOSED JURY INSTRUCTIONS WITH OBJECTIONS

---

## JOINT JURY INSTRUCTIONS

### INSTRUCTION NO. __

Ladies and Gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later – are equally binding on you and must be followed.

This is a civil case brought by the plaintiff, Brenda Campbell, against the defendant, Experian Information Solutions, Inc. The plaintiff alleges that the defendant willfully and negligently violated the Fair Credit Reporting Act. The defendant denies the allegations.

It will be your duty to decide from the evidence whether the Plaintiff is entitled to a verdict against the Defendant.

From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not. In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Joint Instruction No. 1.
8th CIR. CIVIL JURY INSTR. § 4.50A (2008) (Pattern Instruction 1.01);

**INSTRUCTION NO. \_\_**

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated - that is, formally agreed to by the parties; and any facts that have been judicially noticed - that is facts which I say you must accept as true.

Certain things are not evidence. I will list those things for you now:

    1. Statements, arguments, questions and comments by lawyers are not evidence.

    2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

    3. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

    4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

    5. Anything you see or hear about this case outside the courtroom is not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

Joint Instruction No. 2.
8th CIR. CIVIL JURY INSTR. § 4.50A (2008) (Pattern Instruction 1.02)

**INSTRUCTION NO. __**

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Joint Instruction No. 3.
8th CIR. CIVIL JURY INSTR. § 4.50A (2008) (Pattern Instruction 1.03)

**INSTRUCTION NO. __**

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.


Joint Instruction No. 4.
8th CIR. CIVIL JURY INSTR. § 4.50A (2008) (Pattern Instruction 1.04)

# INSTRUCTION NO. __

To insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to the deputy clerk or other court personnel.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case - you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side - even if it is simply to pass the time of day - an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio, television or Internet reports about the case or about anyone involved with it. In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals and listening to any television, radio or Internet newscasts. I do not know whether there might be any news reports of this case, but if there are you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to decide it.

*Sixth*, do not do any research or make any investigation on your own about any matter involved in this case. By way of examples, that means you must not consult a dictionary, textbook or encyclopedia, go to the Internet or consult any other source for information about

some issue or person in this case. You must learn about this case from the evidence you receive here at the trial and apply it to the law as I give it to you.

*Seventh*, cell phones are not permitted in the jury room during deliberation.

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Joint Instruction No. 5
8th CIR. CIVIL JURY INSTR. § 4.50A (2008) (Pattern Instruction 1.05)

**INSTRUCTION NO. __**

The trial will proceed in the following manner:

First, the plaintiff's attorney may make an opening statement. Next, the defendant's attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The plaintiff will then present evidence and counsel for the defendant may cross-examine. Following the plaintiff's case, the defendant may present evidence and plaintiff's counsel may cross-examine.

After the presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

Joint Instruction No. 6.
8th CIR. CIVIL JURY INSTR. § 4.50A (2008) (Pattern Instruction 1.06)

**INSTRUCTION NO. __**

      We are about to take our first recess and I remind you of the instruction I gave you earlier. During this recess or any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, please let the deputy clerk or other court personnel know about it immediately. Do not read, watch or listen to any news reports of the trial. Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

      I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

Joint Instruction No. 7.
8th CIR. CIVIL JURY INSTR. § 4.50A (2008) (Pattern Instruction 2.01)

**INSTRUCTION NO. __**

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records or other underlying evidence.

Joint Instruction No. 8.
8th CIR. CIVIL JURY INSTR. § 4.50A (2008) (Pattern Instruction 2.10A)

**INSTRUCTION NO. __**

  Testimony will now be presented to you in the form of a deposition. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony to be offered was recorded in writing and now will be read to you. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person. You should not place any significance on the manner or tone of voice used to read the witness's answers to you.

Joint Instruction No. 9.
8th CIR. CIVIL JURY INSTR. § 4.50A (2008) (Pattern Instruction 2.12)

**INSTRUCTION NO. __**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because all are important.  This is true even though some of those I gave you during trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room.  I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

Joint Instruction No. 10.
8th CIR. CIVIL JURY INSTR. § 4.50A (2008) (Pattern Instruction 3.01)

**INSTRUCTION NO. __**

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict[s] should be.

[During this trial I have occasionally asked questions of witnesses. Do not assume that because I asked questions I hold any opinion on the matters to which my questions related.]

Joint Instruction No. 11.
8th CIR. CIVIL JURY INSTR. § 4.50A (2008) (Pattern Instruction 3.02)

**INSTRUCTION NO. __**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

Joint Instruction No. 12.
8th CIR. CIVIL JURY INSTR. § 4.50A (2008) (Pattern Instruction 3.03)

**INSTRUCTION NO. __**

In these instructions you are told that your verdict depends on whether you find certain facts have been proved by the greater weight of the evidence. In order to find that a fact has been proved by the greater weight of the evidence, you must find that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, you cannot decide whether a fact is more likely true than not true, you cannot find that it has been proved.

[The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.]

[You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.]

Joint Instruction No. 13.
8th CIR. CIVIL JURY INSTR. § 4.50A (2008) (Pattern Instruction 3.04)

**INSTRUCTION NO. __**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. The form reads: (read form). You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

Joint Instruction No. 14.
8th CIR. CIVIL JURY INSTR. § 4.50A (2008) (Pattern Instruction 3.06)

## INSTRUCTION NO. __

The term "negligence," as used in these instructions, means the failure to do something that a reasonably prudent person would do, or the doing of something a reasonably prudent person would not do under the circumstances that you find existed in this case. You are to decide what a reasonably prudent person would do or not do under the circumstances.

Joint Instruction No. 15.
8th CIR. CIVIL JURY INSTR. § 4.50A (2008) (Pattern Instruction 5.21A) (modified);
O'MALLEY, GRENIG, & LEE, 3A FEDERAL JURY PRACTICE AND INSTRUCTIONS § 153.38—
negligence (5th ed. Supp. 2009) (Fair Credit Reporting Act);
15 U.S.C. § 1681e;
15 U.S.C. § 1681i;
15 U.S.C. § 1681o;
*Philbin v. Trans Union Corp.*, 101 F.3d 957, 965 (3d Cir. 1996).

**INSTRUCTION NO. __**

If you find that Defendant Experian was negligent, you then must determine whether its negligence was the proximate cause of Plaintiff's injuries.

The term "proximate cause" in these instructions means that there must be a connection between Defendant Experian's conduct that Plaintiff Brenda Campbell's claims was negligent and the injury complained of by the Plaintiff. The act Plaintiff claims to have produced the injury must have been a natural and probable result of Defendant Experian's conduct.

Joint Instruction No. 16.
O'MALLEY, GRENIG, & LEE, 3A FEDERAL JURY PRACTICE AND INSTRUCTIONS § 153.50—generally (5th ed. Supp. 2009) (Fair Credit Reporting Act) (modified)
*Bryant v. TRW, Inc.*, 487 F.Supp. 1234, 1238 (E.D.Mich. 1980), *aff'd* 689 F.2d 72 (6th Cir. 1982).

# <u>VERDICT</u>

**Note:** Complete the following paragraphs by writing in the name required by your verdict.

On Plaintiff's claim for a negligent violation of the Fair Credit Reporting Act for failure to follow reasonable procedures, we find in favor of:

_____

(Plaintiff Brenda Campbell) or (Defendant Experian Information Solutions, Inc.)

On Plaintiff's claim for a willful violation of the Fair Credit Reporting Act for failure to follow reasonable procedures, we find in favor of:

_____

(Plaintiff Brenda Campbell) or (Defendant Experian Information Solutions, Inc.)

On Plaintiff's claim for a negligent violation of the Fair Credit Reporting Act for failure to conduct a reasonable reinvestigation, we find in favor of:

_____

(Plaintiff Brenda Campbell) or (Defendant Experian Information Solutions, Inc.)

On Plaintiff's for a willful violation of the Fair Credit Reporting Act for failure to conduct a reasonable reinvestigation, we find in favor of:

_____

(Plaintiff Brenda Campbell) or (Defendant Experian Information Solutions Inc.)

**GO TO NEXT PAGE**

**Note:** Complete the following paragraph only if your verdict was for Plaintiff Brenda Campbell on *any* of her claims.

We find Plaintiff's actual damages through the date of this verdict to be:

$ _____ (stating the amount or, if none, write the word "none").


**Note:** Complete the following paragraph only if your verdict was for Plaintiff Brenda Campbell on her claim for a willful violation of the Fair Credit Reporting Act *and* you found that she suffered no damages.

We assess plaintiff's damages for a willful violation of the Fair Credit Reporting Act, to be:

$ _____ (stating an amount between $100 and $1,000 or, if none, write the word "none").


**Note:** Complete the following paragraph only if your verdict was for Plaintiff Brenda Campbell on her claim for a willful violation of the Fair Credit Reporting Act *whether or not* you found that she suffered any damages.

We assess punitive damages against Defendant as follows:

$ _____ (stating the amount or, if none, write the word "none").

Foreperson

Dated:_____

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. __

A corporation acts only through its agents or employees and any agent or employee of a corporation may bind the corporation by acts and statements made while acting within the scope of the authority delegated to the agent by the corporation, or within the scope of [(his) (her)] duties as an employee of the corporation.

Plaintiff's Instruction No. 1.
8th CIR. CIVIL JURY INSTR. § 4.50A (2008) (Pattern Instruction 9.01)

# INSTRUCTION NO. __

When Congress enacted the Fair Credit Reporting Act, it found that:

1)   the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system; and

2)   there is a need to insure that consumer reporting agencies exercise the grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

The purpose of the Fair Credit Reporting Act is to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personal, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title.

Plaintiff's Jury Instruction No. 2.
*See* 15 U.S.C. § 1681.

Defendant objects to this instruction because it is incomplete.  The Fair Credit Reporting Act's Section on Congressional findings and statement of purpose also identifies the following findings: "An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character , and general reputation of consumers," and "Consumer reporting agencies have assumed a vital role is assembling and evaluating consumer credit and other information on consumers."  *See* 15 U.S.C. 1681(a)(2)-(3).

**INSTRUCTION NO. __**

Plaintiff claims that Defendant negligently violated the Fair Credit Reporting Act by failing to follow reasonable procedures to assure maximum possible accuracy of the information it reported about Plaintiff.  Plaintiff must prove the following:

    (i)    Experian issued an inaccurate consumer credit report relating to Plaintiff to a third party;

    (ii)    Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information it reported relating to Plaintiff;

    (iii)    Plaintiff suffered actual damages as a proximate result of Experian's failure to follow reasonable procedures.

The standard for negligence is what a reasonably prudent person would do under the circumstances.

If you find that each of these things has been proved by Plaintiff, your verdict should be for Plaintiff and against Defendant.  However, if you find that any of these things has not been proved by Plaintiff, your verdict should be for Defendant.

Plaintiff's Instruction No. 3.
15 U.S.C. § 168 1e(b);
O'MALLEY, GRENIG, & LEE, 3A FEDERAL JURY PRACTICE AND INSTRUCTIONS § 153.20—
elements of negligent compliance (5th ed. Supp. 2009) (Fair Credit Reporting Act) (modified);
*Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996);
*Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156, 1154-56 (11th Cir. 1991).
*Thompson v. San Antonio Retail Merch. Ass'n.*, 682 F.2d 509, 513 (5th Cir. 1982).

Defendant objects to this instruction because it misstates the law and is incomplete.  The opening paragraph overstates instances triggering liability under 1681e(b) by omitting that information must be contained in an Experian consumer report as defined by the FCRA.  The instruction also omits reference to negligence requirement.  Finally, the Plaintiff's proposed elements conflate the causation and damages elements of 1681e(b).

**INSTRUCTION NO. __**

Plaintiff also claims that Defendant willfully violated the Fair Credit Reporting Act by

failing to follow reasonable procedures to assure maximum possible accuracy of the information

it reported about Plaintiff.  Plaintiff must prove the following:

    i.      That Defendant failed to follow reasonable procedures to assure maximum

           possible accuracy of the information it reported relating to Plaintiff;

    ii.     The Defendant's failure was willful.


Plaintiff's Jury Instruction No. 4
8th Circuit Model Instruction 5.21A (Modified).
15 U.S.C. § 1681i
15 U.S.C. § 1681n


Defendant objects to this instruction because it is cumulative and redundant with other instructions on willfulness.  The instruction is also confusing.  It unduly and improperly influences the jury with regards to the elements of a willfulness claim by providing a lone cumulative element for a "reasonable procedures claim" without reference to the prior instruction on the required element of a negligent violation of 1681e(b).  The instruction also omits the legal requirement that the jury must find Defendant negligently violated 1681e(b) before it can evaluate whether any such violation was willful.  Defendant has proposed its own willfulness instruction.

## INSTRUCTION NO. __

Willful means that Defendant acted in reckless disregard of Plaintiff's rights under the Fair Credit Reporting Act. To find a willful violation, the actions of Defendant must be objectively unreasonable. You do not need to find that defendant had malice or an evil motive in order to find that Defendant acted willfully.

Plaintiff's Jury Instruction No. 5
Order [117] dated November 13, 2009
*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007)
*Cushman v. Trans Union Corp.*, 115 F.3d 220, 227 (3rd Cir. 1997).

Defendant objects to this instruction because it misstates the standard for willfulness under *Safeco v. Burr*, 551 U.S. 47 (2007). The instruction omits the standard for a knowing violation and improperly over-broadens the "objectively unreasonable" or "recklessness" standard as defined by the Supreme Court. A proper instruction would include all the standards allowed under *Safeco*. Defendant has proposed its own willfulness instruction.

# INSTRUCTION NO. __

Plaintiff claims that defendant Experian negligently violated the Fair Credit Reporting Act by failing to conduct a reasonable investigation of Plaintiff's dispute(s). Plaintiff must prove the following:

First: That Plaintiff's credit file contained inaccurate information;

Second: Plaintiff notified Experian directly that her credit file contained inaccurate information;

Third: Experian failed to conduct a reasonable investigation of Plaintiff's dispute;

Fourth: Plaintiff suffered actual damages as a result of Experian's failure to conduct a reasonable investigation of Plaintiff's dispute;

If you find that each of these things has been proved by Plaintiff, your verdict should be for Plaintiff and against Defendant. However, if you find that any of these things has not been proved by Plaintiff, your verdict should be for Defendant.

Plaintiff's Instruction No. 6.
15 U.S.C. § 168li;
O'MALLEY, GRENIG, & LEE, 3A FEDERAL JURY PRACTICE AND INSTRUCTIONS § 153.20—
elements of negligent compliance (5th ed. Supp. 2009) (Fair Credit Reporting Act) (modified);
*Saenz v. Trans Union*, 2007 WL 2401745, *6-7, Case No. 05-1206-PK (D. Or. Aug. 15, 2007);
*Thomas v. Trans Union, LLC*, 197 F. Supp.2d 123, 1236 (D. Or. 2002);
*Zotta v. Nationscredit Fin. Servs. Corp.*, 297 F. Supp. 2d 1196 (E.D. Mo. 2003);
*Booth v. TRW Credit Data*, 768 F. Supp. 434, 438 (S.D.N.Y. 1991).

Defendant objects to this instruction because it is an incomplete representation of the elements of a 15 U.S.C. § 168li claim. To show a violation of Section 1681i, a plaintiff must demonstrate that a credit reporting agency prepared "a particular credit report contain[ing] a factual error or deficiency that could have been remedied by uncovering additional facts that provide a more accurate representation about a particular entry." *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991); *Benson v. Trans Union, LLC*, 387 F.Supp.2d 834, 842 (N.D. Ill. 2005); *Williams v. Colonial Bank*, 826 F.Supp. 415, 418 (M.D. Ala. 1993).

**INSTRUCTION NO. __**

Plaintiff also claims that Defendant willfully violated the Fair Credit Reporting Act by failing to conduct a reasonable investigation of Plaintiff's dispute(s). Plaintiff must prove the following:

    iii.    That Defendant failed to conduct a reasonable investigation of Plaintiff's dispute(s);

    iv.    The Defendant's failure was willful.

Plaintiff's Jury Instruction No. 7
8th Circuit Model Instruction 5.21A (Modified).
15 U.S.C. § 1681i
15 U.S.C. § 1681n

Defendant objects to this instruction because it is cumulative and redundant with other instructions on willfulness. The instruction is also confusing. It unduly and improperly influences the jury with regards to the elements of a willfulness claim by providing a lone cumulative element for a "reasonable reinvestigation claim" without reference to the prior instruction on the required element of a negligent violation of 1681i. The instruction also omits the legal requirement that the jury must find Defendant negligently violated 1681i before it can evaluate whether any such violation was willful. Defendant has proposed its own willfulness instruction.

# INSTRUCTION NO. __

If you find that Experian either negligently or willfully failed to comply with any requirement of the Fair Credit Reporting Act, Plaintiff is entitled to recover her actual damages caused by Experian's failure to comply.

In calculating the amount of Plaintiff's damages, you may consider the amount of money which reasonably, fairly, and adequately compensates her for the actual damages that resulted from Experian's conduct.

You may consider the following elements of damages: denial or delay of credit, damage to reputation, emotional distress, embarrassment, humiliation, anxiety, or aggravation of existing health problems.

Plaintiff need not prove that she was denied credit in order to recover her actual damages.

Plaintiff's Jury Instruction No. 8
*See* 15 U.S.C. § 1681n; 15 U.S.C. § 1681n
15 U.S.C. § 1681n
15 U.S.C. § 1681o
*Guimond v Trans Union Credit Info. Co.*, 45 F3d 1329, 1333 (9th Cir. 1995)
*Thompson v San Antonio Retail Merchants Ass'n*, 682 F2d 509, 513 (5th Cir. 1982)
*Dalton v. Capital Associated Indus.*, 257 F.3d 409, 418 (4th Cir. 2001).

Defendant objects to this instruction on the ground that it is fails to include Plaintiff's standard of proof regarding damages. Defendant further objects to the extent this instruction infers presumed damages. Defendant further objects to this instruction on the grounds that it is cumulative and prejudicial. Plaintiff's instruction also fails to address the burden of proof on causation.

**INSTRUCTION NO. __**

You may award plaintiff her actual damages if you find that Experian's failure to comply

with the Fair Credit Reporting Act was a substantial factor in causing Plaintiff's damages.

Plaintiff need not prove that Defendant's failure to comply was the sole cause of her damages.


Plaintiff's Jury Instruction No. 9
*Philbin v. Trans Union Corp.*, 101 F.3d 957, 968 (3d Cir. 1996).


Defendant objects to this instruction because it misstates the law, is confusing and incomplete.
Although substantial factor is necessary to award actual damages, Plaintiff's instruction does not
clarify what "substantial factor means," the burden of showing Experian was a substantial factor,
or identify other contributing factors identified under the law.

# INSTRUCTION NO. __

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find by the greater weight of the evidence that Defendant willfully violated any provision of the Fair Credit Reporting Act, then you may, but are not required to, award punitive damages for the sole purpose of punishing the defendant for engaging in such misconduct and deterring Experian and others from engaging in such misconduct in the future.

You do not have to find that Plaintiff suffered any actual damages in order to award punitive damages.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1.      how bad the defendant's conduct was toward the plaintiff.  In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the defendant's conduct that harmed the plaintiff also caused harm or posed a risk of harm to others; and whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff.

2.      how much harm actually resulted to the Plaintiff, not to others, from the Defendant's wrongful conduct and not from the Defendant's general conduct;

3.      what amount of punitive damages, in addition to the other damages already awarded, is needed, considering the Defendant's financial condition, to punish the Defendant for its wrongful conduct toward the Plaintiff and to deter the Defendant and others from similar wrongful conduct in the future;

4.      in order to achieve the purposes of punitive damages set forth above, the amount of any punitive damages award should bear a reasonable relationship to the amount of compensatory damages you awarded, if any;

5.      the amount of possible harm the Defendant's conduct could cause the Plaintiff and others  in the future;

6.      in order to achieve the purposes of punitive damages set forth above, the amount of any punitive damages award should bear a reasonable relationship to the harm likely to be caused in a similar situation by conduct similar to the Defendant's wrongful conduct.

Plaintiff's Instruction No. 10.
8th CIR. CIVIL JURY INSTR. § 4.50A (2008) (Pattern Instruction 4.50C) (modified)
O'MALLEY, GRENIG, & LEE, 3A FEDERAL JURY PRACTICE AND INSTRUCTIONS § 153.71—
punitive damages for willful noncompliance with the act (5th ed. Supp. 2009) (Fair Credit Reporting Act) (modified)
Fair Credit Reporting Act 15 U.S.C. §1681n;
*Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201 (2007).
*Murphy v. Experian Information Solutions, Inc.*, Case No. 4:05-cv-01545 (E.D. Mo. 2007).

Defendant objects to this instruction because it misstates the test for punitive damages established in this Circuit's pattern instructions. Plaintiff's paragraph #1 should be identified as a threshold question as to whether punitive damages are appropriate at all, not simply a question regarding the amount of punitive damages to awarded. Defendant has provided its own punitive damages instruction.

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

### INSTRUCTION NO. __

The Defendant in this case, Experian Information Solutions, is a corporation. Corporations are entitled to the same fair trial as a person. A corporation is, in fact, a person that has been created by law. The fact that Experian is a corporation should not in any way affect any decision you make in this case, either as to liability or as to damages. A corporation is entitled to the same fairness from you as any other person would be. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

Defendant's Instruction No. 1.
O'MALLEY, GRENIG, & LEE, 3A FEDERAL JURY PRACTICE AND INSTRUCTIONS § 103.12 (5th ed. 2009 Supp.) (modified).

Plaintiff's Objections:

Plaintiff objects to this proposed instruction to the extent it is redundant within itself, saying the same thing at least three different times which could unduly influence the jury as to the importance of this particular instruction.

**INSTRUCTION NO. __**

The law does not require a credit reporting agency to adopt any procedure that, if followed, would prevent it from meeting the needs of commerce for consumer credit information.

Defendant's Instruction No. 2.
15 U.S.C. § 168lb;

Plaintiff's objections:

Plaintiff objects to this proposed instruction as it is confusing, provides an incomplete statement of law and could therefore confuse the jury. The authority cited by Defendant directs the Court to the provision of the FCRA which is cited in Plaintiff's Instruction No. 2. The exact words of the statute in this regard are used verbatim in Plaintiff's proposed Instruction No 2. As such, the instant instruction is cumulative.

**INSTRUCTION NO. __**

Plaintiff Brenda Campbell claims that defendant Experian negligently failed to comply with the Act in failing to follow reasonable procedures to assure maximum possible accuracy of the information in the Experian consumer reports concerning Plaintiff. Plaintiff has the burden of proof and so must persuade you by a greater weight of the evidence on each of the following propositions:

First: inaccurate information was included in an Experian consumer report;

Second: the inaccuracy was due to Defendant Experian's negligent failure to follow reasonable procedures to assure maximum possible accuracy;

Third: Plaintiff Brenda Campbell suffered injury;

Fourth: the negligence of Defendant Experian was the proximate cause of injury to Plaintiff.

If you find that each of these things has been proved by Plaintiff, your verdict should be for Plaintiff and against Defendant. However, if you find that any of these things has not been proved by Plaintiff, your verdict should be for Defendant.


Defendant's Instruction No. 3.
15 U.S.C. § 168 le(b);
O'MALLEY, GRENIG, & LEE, 3A FEDERAL JURY PRACTICE AND INSTRUCTIONS § 153.20—
elements of negligent compliance (5th ed. Supp. 2009) (Fair Credit Reporting Act) (modified);
*Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996);
*Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156, 1154-56 (11th Cir. 1991).

Plaintiff's Objections:

Plaintiff objects to this proposed instruction as it misstates the law as set forth in this Court's Order [117] dated November 13, 2009, regarding the applicable standard for Plaintiff's reasonable procedure claim. As such, this instruction could unduly influence the jury as to the elements of Plaintiff's claim. Plaintiff further objects to this proposed instruction in that the opening paragraph is awkward and could confuse the jury.

# INSTRUCTION NO. __

The Fair Credit Reporting Act does not require error free consumer reports. The law recognizes that total accuracy in consumer credit reports is not a realistic objective. The mere fact that Experian may have furnished an inaccurate consumer report regarding Plaintiff is not, in and of itself, sufficient for you to find that Defendant Experian negligently or willfully violated the Fair Credit Reporting Act.

Defendant Experian may not be held liable under the Fair Credit Reporting Act unless it is established that an inaccurate consumer credit report was prepared because Experian negligently or willfully failed to follow reasonable procedures in preparing that report.

In other words, Defendant Experian is not required to produce error free consumer reports. Experian is required only to follow reasonable procedures to assure the maximum possible accuracy of the information contained in the consumer credit reports regarding Plaintiff that Defendant Experian provided to others.

Defendant's Instruction No. 4.
O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 153.10—generally; § 153.20—Elements of negligent compliance; § 153.21—elements of intentional noncompliance (Fair Credit Reporting Act - Damages) (5th ed. Supp. 2009) (modified);
*Hauser v. Equifax, Inc.*, 602 F.2d 811, 814-815 (8th Cir. 1979);
*Denis v. BEH-1, et al.*, 520 F.3d 1066, 1069 (9th Cir. 2008);
*Sarver v. Experian Information Solutions*, 390 F.3d 969, 971-972 (7th Cir. 2004);
*Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409 (4th Cir. 2001);
*Guimond v. Trans Union Credit Info.*, 45 F.3d 1329, 1333 (9th Cir. 1995);
*Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991);
*Stewart v. Credit Bureau, Inc.*, 734 F.2d 47, 51 (D.C. Cir. 1984);
*Bryant v. TRW Inc.*, 689 F.2d 72, 78 (6th Cir. 1982).
*Thompson v. San Antonio Retail Merchs. Ass'n* 682 F.2d 509, 513 (5th Cir. 1982);
*Equifax Inc. v. Fed. Trade Comm'n*, 678 F.2d 1047, 1049 (11th Cir. 1982);
FTC Commentary on the Fair Credit Reporting Act, 16 C.F.R. Pt. 600, App. 510 (1998).

Plaintiff's Objections

Plaintiff objects to this proposed instruction as it is cumulative, superfluous and redundant of the Court's instructions on liability. The jury will be instructed that Plaintiff must prove that Defendant negligently and willfully failed to comply with the FCRA. The proposed instruction merely repeats that charge three different ways which could unduly and improperly influence the jury with regard to the elements of Plaintiff's claims.

**INSTRUCTION NO. __**

Under the Fair Credit Reporting Act, a "consumer report" also called a "consumer credit report," generally means any written, oral, or other communication of in formation by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or more of living used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance to be used primarily for personal, family, or household purposes; (2) employment purposes; or (3) other commercial purpose under the Fair Credit Reporting Act.

"Consumer reports" are to be distinguished from "consumer disclosures." Under the Fair Credit Reporting Act, all consumers have a right to request a copy of the information appearing about them in a credit reporting agency's database. The report generated by the credit reporting agency in response to such a request is called a "consumer disclosure." The Fair Credit Reporting Act requires credit reporting agencies such as Experian to disclose to the consumer all of the information in the consumer's file to make the consumer aware of the information contained in the consumer reporting agencies' files.

You may not find Experian liable for any inaccurate information appearing in a "consumer disclosure" prepared by Experian. Experian may only be found liable for inaccurate information appearing in a "consumer credit report."

Defendant's Instruction No. 5.
O'MALLEY, GRENIG, & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 153.31—consumer report (Fair Credit Reporting Act) (5th ed. Supp. 2009) (modified);
Fair Credit Reporting Act, 15 U.S.C. § 1681a, 1681g(a)(3)(A), 1681 a(d);
*Hyde v. Hibernia Nat'l Bank*, 881 F.2d 446 (5th Cir. 1988), *cert. denied*, 491 U.S. 910 (1989)
*Heath v. Credit Bureau of Sheridan, Inc*., 618 F.2d 693, 697 (10th Cir. 1980);
*Matthews v. Worthen Bank & Trust Co*., 741 F.2d 217, 219 (8th Cir. 1984);
*Fahey v. Experian Info. Solutions, Inc.*, 571 F. Supp. 2d 1082, 1090 (E.D. Mo. 2008);
*Zotta v. Nationscredit Fin. Servs. Corp.*, 297 F. Supp. 2d 1196, 1205 (E.D. Mo. 2003);
*Thomas v. Gulf Coast Credit Servs., Inc.*, 214 F. Supp. 2d 1228, 1233 (M.D. Ala. 2002);
*Gray v. Experian Info. Solutions*, 2001 U.S. Dist. LEXIS, 5466, at *20 (D. Ariz. Mar. 22, 2001);
*Yeager v. TRW, Inc*., 984 F. Supp. 517, 522-23 (E.D. Tex. 1997);
*Porter v. Talbot Perkins Children's Servs*., 355 F. Supp. 174, 178 (S.D.N.Y. 1973).16 C.F.R. Part 600, App. § 603(d) cmt. 6(B); 16 C.F.R. Part 600, App. § 604(3)(E) cmt. 2.

Plaintiff's objection

Plaintiff objects to the first sentence of the second paragraph of this instruction in that it is unnecessary and may create a false impression in the minds of the jury. Plaintiff further objects that the third paragraph of this proposed instruction is cumulative, superfluous and redundant of the Court's instructions on liability. The jury will be instructed that Plaintiff must prove that Defendant issues a consumer credit report as one of the elements of Plaintiff's reasonable procedure claim. The proposed instruction merely repeats that charge in a way that could unduly and improperly influence the jury.

# INSTRUCTION NO. __

The Fair Credit Reporting Act does not require that Defendant Experian examine every report it generates for anomalous information and, if it is found, launch an investigation. A credit reporting agency is not obligated to investigate information in a consumer's file unless it is put on notice of prevalent unreliable information.

Defendant's Instruction No. 6.
*Sarver v. Experian Info. Solutions*, 390 F.3d 969, 972 (7th Cir. 2004);
*Konter v. CSC Credit Servs*., 606 F. Supp. 2d 960, 972 (W.D. Wis. 2009)

Plaintiff's objection

Plaintiff objects to the proposed instruction as it is an argumentative and incorrect recitation of the standard of proof on Plaintiff's claims. The jury will be instructed that Plaintiff must prove that Defendant negligently and willfully failed to comply with the FCRA and the elements of her claims. The proposed instruction is thus superfluous.

**INSTRUCTION NO. __**

Plaintiff Brenda Campbell also claims that Defendant Experian negligently failed to comply with the Fair Credit Reporting Act by not conducting the required reinvestigation of information she disputed directly with Experian. Plaintiff has the burden of proof on her claim and so must persuade you by a greater weight of the evidence on each of the following propositions:

First: Plaintiff's credit file contained inaccurate or incomplete information;

Second: Plaintiff notified Experian directly of the inaccurate or incomplete information;

Third: Experian failed to conduct a reasonable reinvestigation of Plaintiff's dispute;

Fourth: After the Plaintiff's dispute, Experian produced a particular consumer report to a third party containing a factual error or deficiency that would have been remedied by a reasonable reinvestigation of the Plaintiff's dispute.

Fifth: Actual damages resulted to Plaintiff as a direct and proximate result of the inaccurate consumer report.

Only if you find that each of these things has been proved against Defendant Experian, should your verdict be for Plaintiff and against Defendant. However, if you find that any of these things has not been proved against Defendant Experian, your verdict should be for Defendant.


Defendant's Instruction No. 7.
15 U.S.C. § 168li;
O'MALLEY, GRENIG, & LEE, 3A FEDERAL JURY PRACTICE AND INSTRUCTIONS § 153.20—
elements of negligent compliance (5th ed. Supp. 2009) (Fair Credit Reporting Act) (modified);
*Cahlin v. General Motors Acceptance Corp.,* 936 F.2d 1151, 1160 (11th Cir. 1991);
*Saenz v. Trans Union,* 2007 WL 2401745, *6-7, Case No. 05-1206-PK (D. Or. Aug. 15, 2007);
*Benson v. Trans Union, LLC,* 387 F.Supp.2d 834, 842 (N.D. Ill. 2005);
*Thomas v. Trans Union, LLC,* 197 F. Supp.2d 123, 1236 (D. Or. 2002);
*Zotta v. Nationscredit Fin. Servs. Corp.*, 297 F. Supp. 2d 1196 (E.D. Mo. 2003);
*Williams v. Colonial Bank,* 826 F.Supp. 415, 418 (M.D. Ala. 1993);
*Booth v. TRW Credit Data,* 768 F. Supp. 434, 438 (S.D.N.Y. 1991).

Plaintiff's Objections:

Plaintiff objects to this proposed instruction as it misstates the law as set forth in this Court's Order [117] dated November 13, 2009, regarding the applicable standard for Plaintiff's reinvestigation claim. As such, this instruction could unduly influence the jury as to the elements of Plaintiff's claim. Plaintiff further objects to this proposed instruction in that the opening paragraph is awkward and could confuse the jury. Plaintiff has proposed her own instruction on her reinvestigation claims. *See* Plaintiff's Instruction No. 6.

## INSTRUCTION NO. __

The Fair Credit Reporting Act states the duty of a credit reporting agency to respond to consumer disputes about information in their files. The Act uses the term "reinvestigation" which is a term of art. The Act requires that if the completeness or accuracy of any item of information contained in a consumer's file is disputed by the consumer, and the consumer notified the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation and record the current status of the disputed information, or delete the item from the consumer's file within 30 days of receiving notice of the dispute from the consumer.

The Fair Credit Reporting Act requires that a consumer reporting agency provide notification of a consumer's dispute to any business which provided disputed account information within five business days of receiving notice of the dispute. The notification shall include all relevant information regarding the dispute that the consumer reporting agency has received from the consumer.

If the reinvestigation does not resolve the consumer's dispute, the Fair Credit Reporting Act allows the consumer to file a statement setting forth the nature of her dispute which will be added to their credit file and appear in future consumer reports.

Defendant's Instruction No. 8.
15 U.S.C. § 1681i(a)(1)(A); 1681i(a)(2); 1681i(b)
*Sarver v. Experian Info. Solutions*, 390 F.3d 969, 972 (7th Cir. 2004);
*Thomas v. Trans Union LLC*, 197 F. Supp. 2d 1233, 1237 (D. Ore. 2002).

Plaintiff's Objections

Plaintiff objects to this proposed instruction as it is cumulative, superfluous and redundant of the Court's instructions on liability. The jury will be instructed that Plaintiff must prove that Defendant negligently and willfully failed to comply with the FCRA. The proposed instruction merely repeats that charge in different words that could unduly and improperly influence the jury with regard to the elements of Plaintiff's claims. This proposed instruction also includes irrelevant information that could confuse the jury as to the elements of Plaintiff's claims.

**INSTRUCTION NO. __**

Under the Fair Credit Reporting Act, Defendant Experian may not be held liable for negligence unless Plaintiff Brenda Campbell shows by the greater weight of the evidence that at the time of the violation, Defendant Experian failed to maintain reasonable procedures to assure compliance with the Act.

The standard for evaluating the reasonableness of Defendant Experian's procedures is what a reasonably prudent person would do under the circumstances. Evaluating the reasonableness of a consumer reporting agency's procedures involves balancing the potential harm to the consumer from the inaccuracy against the burden on Experian of safeguarding against such inaccuracy.

Defendant's Instruction No. 9.
O'MALLEY, GRENIG, & LEE, 3A FEDERAL JURY PRACTICE AND INSTRUCTIONS § 153.60—maintenance of reasonable procedures to ensure compliance (5th ed. Supp. 2009) (Fair Credit Reporting Act) (modified);
*Philbin v. Trans Union Corp*., 101 F.3d 957, 965 (3d Cir. 1996)
*Thompson v. San Antonio Retail Merchs. Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982);
*Equifax Inc. v. Fed. Trade Comm'n*, 678 F.2d 1047, 1049 (11th Cir. 1982);
*Parker v. Parker*, 124 F. Supp.2d 1216, 1225 (M.D. Ala. 2000);
*Smith v. Auto Mashers*, 85 F. Supp.2d 638, 640 (W.D. Va. 2000);
*Whelan v. Trans Union Credit Reporting Agency*, 862 F. Supp. 824, 829 (E.D.N.Y. 1994);
*Watson v. Credit Bureau, Inc. of Georgia*, 660 F. Supp. 48, 50 (S.D. Miss. 1986);
*Swoager v. Credit Bureau of Greater St. Petersburg, Fla.*, 608 F. Supp. 972, 975 (M.D. Fla. 1985);
Federal Trade Commission Commentary on the Fair Credit Reporting Act, 16 C.F.R. Part 600, Appendix, Section 607 (3)(A).

Plaintiff's Objections

Plaintiff objects to this proposed instruction as it is cumulative, superfluous and redundant of the Court's instructions on liability. The jury will be instructed that Plaintiff must prove that Defendant negligently and willfully failed to comply with the FCRA. The proposed instruction merely repeats that charge in yet another way which could unduly and improperly influence the jury with regard to the elements of Plaintiff's claims.

## INSTRUCTION NO. __

You may not award Plaintiff Brenda Campbell damages as against Defendant Experian unless you find that Plaintiff has proven by the greater weight of the evidence that Defendant Experian's conduct was a substantial factor in causing the damages Plaintiff suffered. A substantial factor is an important or material factor and not one that is insignificant.

You may find that Defendant was a substantial factor in causing Plaintiff's damages if you determine by the greater weight of the evidence that (i) Plaintiff Brenda Campbell would not have suffered the damages without Defendant Experian's individual conduct; or (ii) Defendant Experian's individual conduct by itself was sufficient to cause the damages suffered by Plaintiff.

In determining whether Defendant Experian's conduct was a substantial factor causing Plaintiff injuries, you may consider the effect of other contributing factors.

If you determine that other contributing factors so predominate as to make Defendant Experian's conduct relatively insignificant, then you must find that Defendant's conduct was not a substantial factor in causing the Plaintiff's injuries.

So too, you may find that, although no single other contributing factor by itself had a predominate effect, the combined effects of all of the other contributing factors diluted the effects of Defendant Experian's conduct, so as to prevent Defendant's conduct from being a substantial factor in causing Plaintiff's injuries.


Defendant's Instruction No. 10.
*Philbin v. Trans Union Corp.*, 101 F.3d 957, 968-969 (3d Cir. 1996);
*Scheel-Baggs v. Bank of America et al.*, 2008 U.S. Dist. LEXIS 70585, at * (W.D. Wis. 2008)
*Enwonwu v. Trans Union, LLC*, 364 F. Supp. 2d 1361, 1366 (N.D. Ga. 2005).
Restatement (Second) of Torts §§ 43 1(a). 432 and 433B(1).

Plaintiff's Objections

Plaintiff objects to the first paragraph of this proposed instruction in that it is cumulative and argumentative, and could unduly influence the jury by giving emphasis to one factor over the others in considering causation. Plaintiff also objects to the fifth paragraph of this proposed instruction as it is cumulative, superfluous and redundant of the remaining instruction on causation. Plaintiff has offered her own proposed instruction on causation. *See* Plaintiff's Instruction No. 9.

**INSTRUCTION NO. __**

      If you find that Plaintiff Brenda Campbell has proven that Defendant Experian is liable on any of the Plaintiff's claims, then you must determine the damages to which she is entitled. However, you should not infer that the Plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. My instructions on damages do not reflect in any way whether I believe the Plaintiff should or should not win this case. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance in the event you decide that the Plaintiff is entitled to recovery of damages.

Defendant's Instruction No. 11.
4 HON. LEONARD B. SAND ET AL., MODERN FEDERAL JURY INSTRUCTIONS - CIVIL, Instr. 77-1 (1998) (modified);
*Crabill v. Trans Union L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001).

## INSTRUCTION NO. __

If your verdict is for Plaintiff Brenda Campbell on one or both of her claims for negligent noncompliance with the Act, then your duty is to determine the amount of money, if any, that you determine from the greater weight of the evidence will reasonably, fairly, and adequately compensates Plaintiff for the damage you decide resulted from Defendant Experian's failure to comply with the act.

You should include each of the following items of damage that you decide has been sustained by Plaintiff by Defendant Experian's negligent noncompliance with the Act: economic damages, emotional distress.

You must decide which, if any, of these items of damages has been proved by Plaintiff Brenda Campbell based upon a greater weight of the evidence and not speculation, guess or conjecture. The amount of money awarded for certain of these items of damages, such as emotional distress, cannot be proved to a precise dollar amount. The law leaves such amount to your sound judgment.

Denial or delay in credit does not constitute damage in and of itself under the law.

Damages for emotional distress will not be presumed to have occurred.

Plaintiff Brenda Campbell must prove they have occurred.

Plaintiff Brenda Campbell must prove that any damages incurred were caused by the acts or omission of Defendant Experian that were not in compliance with the Fair Credit Reporting Act. Even if you find that Plaintiff was damaged, if you find that the damage was not the result of Experian's noncompliance with Fair Credit Reporting Act, you must find for Defendant Experian.

Even if you find that Plaintiff Brenda Campbell suffered damages as a result of the denial or delay in granting credit and the denial or delay was not caused by Defendant Experian's non-compliance with the Act, then you must find for Defendant Experian.

Defendant's Instruction No. 12.
Eighth Circuit Pattern Instruction 5.22 (modified)
O'MALLEY, GRENIG, & LEE, 3A FEDERAL JURY PRACTICE AND INSTRUCTIONS § 153.70—
damages for negligent noncompliance with the act (5th ed. Supp. 2009) (Fair Credit Reporting Act) (modified)
Fair Credit Reporting Act, 15 U.S.C. § 1681o

*Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469 (2d Cir. 1995), *cert. denied*, 517 U.S. 1150 (1996)

Plaintiff's Objections

Plaintiff objects to everything except the first paragraph of the proposed instruction. The proposed instruction includes an incomplete statement of possible damages claimed by Plaintiff, and is argumentative and incorrect with respect to the standard of proof on Plaintiff's damage claims. Plaintiff has proposed her own Instruction on damages. See Plaintiff's Instruction No. 8.

**INSTRUCTION NO. __**

If you find for Plaintiff Brenda Campbell and against Defendant Experian, you must not take into account any consideration of attorneys' fees or court costs in deciding the amount of Plaintiff's damages against Defendant. The matter of attorneys' fees and court costs will be decided later by the Court.

However, whatever the result of this trial, the law does not entitle Defendant Experian to recover attorney's fees from Plaintiff Brenda Campbell.


Defendant's Instruction No. 13.
O'MALLEY, GRENIG, & LEE, 3A FEDERAL JURY PRACTICE AND INSTRUCTIONS § 128.100; (5th Ed. Supp. 2005).
*Bryant v. TRW, Inc.*, 689 F.2d 72 (6th Cir. 1982).

Plaintiff's Objection

Plaintiff objects to the second paragraph of the proposed instruction as irrelevant and unnecessary commentary.

# INSTRUCTION NO. __

You have heard testimony and evidence about events that occurred before November 26, 2006. The plaintiff cannot recover and you may not award damages based on events that occurred before the time Plaintiff first disputed with Experian information appearing on her Experian consumer disclosure, which has been determined to be November 26, 2006. You are permitted to examine those events for the limited purpose of placing the relevant events in perspective and to evaluate events after November 26, 2006.

Defendant's Instruction No. 14.
Fair Credit Reporting Act, 15 U.S.C. § 1681p;
*Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469 (2d Cir. 1995), *cert. denied*, 517 U.S. 1150 (1996);
*Bryant v. TRW, Inc*., 487 F. Supp. 1234, 1235 (E.D. Mich. 1980), *aff'd*, 689 F.2d 72 (6th Cir. 1982).

Plaintiff's Objections

Plaintiff objects to the proposed instruction as it is an incomplete and misleading recitation of the standard of proof with regard to Plaintiff's claims. Plaintiff's request for her credit report was on November 18, 2006, and events transpired between that date and the date in the proposed instruction. While Plaintiff's reinvestigation claim may not be viable until she lodges a dispute, and that first dispute may be determine by the jury to have occurred on November 26, 2006, Plaintiff's reasonable procedure claim is not limited by this dispute date.

## INSTRUCTION NO. __

If and only if you find in favor of the Plaintiff Brenda Campbell and against Defendant Experian under Instruction __, you must decide whether the conduct of Defendant Experian was "willfull."

The term "willful" as used in these instructions means an omission or failure to do an act "in knowing or reckless disregard of its duties under the Fair Credit Reporting Act."

"Knowing disregard" means an omission or failure to do an act voluntarily and intentionally, and with specific intent to fail to do something the law requires to be done. Knowing disregard requires proof that (i) Defendant Experian had an intent to act unlawfully and (ii) had knowledge that its acts were unlawful.

"Reckless disregard" means an omission or failure to do an act entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known. A company subject to the Fair Credit Reporting Act does not necessarily act in reckless disregard of the Act if its actions are in violation of the Act. To prove a reckless violation, Plaintiff Brenda Campbell must show by the greater weight of the evidence that the actions of Defendant Experian were not only a violation under a reasonable reading of the Fair Credit Reporting Act's terms, but must also show by a greater weight of the evidence that Defendant Experian ran a risk of violating the law substantially greater than the risk associated with a reading of the Act that was merely careless. In other words, Defendant Experian cannot have acted willfully unless its actions ran contrary to a clear provision of the Act or authoritative guidance from the federal appellate courts or the Federal Trade Commission that might have warned Experian away from the view it took.


Defendant's Instruction No. 15.
8th CIR. CIVIL JURY INSTR. § 4.50A (2008) (Pattern Instruction 5.12C) (Modified);
O'MALLEY, GRENIG, & LEE, 3A FEDERAL JURY PRACTICE AND INSTRUCTIONS § 153.39--willful (Fair Credit Reporting Act) (5th Ed. Supp. 2005) (modified);
Fair Credit Reporting Act, 15 U.S.C. § 1681n;
*Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47, 67-70 (2007);
*Farmer v. Brennan*, 511 U.S. 825, 836 (1994);
*Phillips v. Grendahl*, 312 F.3d 357, 370 (8th Cir. 2002);
*Sapia v. Regency Motors of Metairie, Inc.*, 276 F.3d 747, 753 (5th Cir. 2002);
*Cousin v. Trans Union Corp.*, 246 F.3d 359 (5th Cir. 2001);
*Bryant v. TRW, Inc.*, 487 F. Supp. 1234, 1235 (E.D. Mich. 1980), *aff'd*, 689 F.2d 72 (6th Cir. 1982)

Plaintiff's Objections

Plaintiff objects to the proposed instruction in that it is argumentative and incorrect with respect to the standard of proof on Plaintiff's willful claims. Plaintiff has proposed her own Instruction on willfulness. *See* Plaintiff's Instruction No. 6.

**INSTRUCTION NO. __**

      If you find in favor of plaintiff for a willful violation of the Fair Credit Reporting Act, then you must award plaintiff such sum as you find from greater weight of the evidence will fairly and justly compensate plaintiff for any damages Plaintiff has experienced as a direct result of the conduct of Defendant Experian.  If you find no damages from a willful violation but find a willful violation by Defendant with respect to Plaintiff, you may nonetheless award an amount fixed by you between $100 and $1,000.


Defendant's Instruction No. 16.
Eighth Circuit Pattern Instruction 5.22 (modified);
Fair Credit Reporting Act, 15 U.S.C. § 1681n.

**INSTRUCTION NO. __**

If you find that Defendant willfully violated the Fair Credit Reporting Act, then you may, but are not required to, award an additional amount as punitive damages for the sole purposes of punishing the defendant for engaging in such misconduct and deterring Defendant Experian and others from engaging in such misconduct in the future.

In determining whether to award punitive damages, you should consider whether the defendant's conduct was reprehensible.  In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the defendant's conduct that harmed the plaintiff also caused harm or posed a risk of harm to others; and whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

2.      how much harm actually resulted to the Plaintiff, not to others, from the Defendant's wrongful conduct and not from the Defendant's general conduct;

3.      what amount of punitive damages, in addition to the other damages already awarded, is needed, considering the Defendant's financial condition, to punish the Defendant for its wrongful conduct toward the Plaintiff and to deter the Defendant and others from similar wrongful conduct in the future;

4.      in order to achieve the purposes of punitive damages set forth above, the amount of any punitive damages award should bear a reasonable relationship to the amount of compensatory damages you awarded, if any;

5.      the amount of possible harm the Defendant's conduct could cause the Plaintiff and others  in the future;

6.      in order to achieve the purposes of punitive damages set forth above, the amount of any punitive damages award should bear a reasonable relationship to the harm likely to be caused in a similar situation by conduct similar to the Defendant's wrongful conduct.

Whether or not to make any award of punitive damages in addition to actual damages is a matter exclusively within your authority.  You should bear in mind that punitive damages in

addition to actual damages may be awarded only if you should first unanimously award Plaintiff a verdict for actual damages.

You should bear in mind, not only the conditions under which, and the purpose for which, the law permits an award of punitive damages to be made, but also the requirement of the law that the amount of such punitive damages must be fixed with calm discretion and sound reason and must never be either awarded, or fixed in amount, because of any sympathy or bias, or with prejudice with respect to any party to the case.

Defendant's Instruction No. 17.
8th CIR. CIVIL JURY INSTR. § 4.50A (2008) (Pattern Instruction 4.50C) (modified)
O'MALLEY, GRENIG, & LEE, 3A FEDERAL JURY PRACTICE AND INSTRUCTIONS § 153.71—punitive damages for willful noncompliance with the act (5th ed. Supp. 2009) (Fair Credit Reporting Act) (modified)
Fair Credit Reporting Act 15 U.S.C. §1681n;
*Safeco Ins. Co. of Am. V. Burr*, 127 S. Ct. 2201, 2208 (2007).

Plaintiff's objections.

Plaintiff objects to this instruction in that it misstates the law on punitive damages and attempts to include language that does not exist under the current standard. Plaintiff proposes her own instruction on punitive damages. *See* Plaintiff's Instruction No. 10.

**INSTRUCTION NO. __**

You are instructed that any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to minimize those damages. The law imposes on an injured person the duty to take advantage of reasonable opportunities he may have to prevent the aggravation of his injuries, so as to reduce or minimize the loss or damage.

If you find that Defendant Experian is liable and that the Plaintiff has suffered damages, the Plaintiff may not recover for any item of damage she could have avoided through such reasonable effort. If the Plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny recovery for those damages which she would have avoided had she taken advantage of the opportunity.

Bear in mind that the question whether the Plaintiff acted reasonably with respect to the mitigation of damages is one for you to decide, as sole judges of the facts. Although the law will not allow an injured Plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert herself unreasonably or incur unreasonable expense in an effort to mitigate, and it is Defendant Experian's burden of proving that the damages reasonably could have been avoided.

Defendant's Instruction No. 18.
8th CIR. CIVIL JURY INSTR. § 4.50A (2008) (Pattern Instruction 5.02A) (modified);
4 HON. LEONARD B. SAND ET AL., MODERN FEDERAL JURY INSTRUCTIONS, Instr. 77-7 (1998).

Respectfully submitted,


  /s/ Sylvia A. Goldsmith

Sylvia A. Goldsmith
LAW OFFICE OF SYLVIA
A. GOLDSMITH
Gemini Towers
1991 Crocker Road, Suite 600
Westlake, Ohio  44145
Telephone:  (440) 934-3025
Facsimile:  (440) 934-3026


Dale K. Irwin
SLOUGH, CONNEALY, IRWIN
& MADDEN
1627 Main Street, Suite 900
Kansas City, Missouri 64108
Telephone:  (816) 531-2224
Facsimile:  (816) 531-2147


Attorneys for Plaintiff

  /s/ Daniel J. McLoon

Daniel J. McLoon
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 489-3939
Facsimile:  (213) 243-2539


Gabriel H. Scannapieco
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL  60601-1592
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585


John McEntee
HORN AYLWARD & BANDY, LLC
2600 Grand Blvd, Suite 1100
Kansas City, MO 64108
Telephone:  ((816) 421-0700
Facsimile:  (816) 421-0899


Attorneys for Defendant

This document was created with Win2PDF available at http://www.win2pdf.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.
This page will not be added after purchasing Win2PDF.